# ADMINISTRATIVE RECORD
# Volume I
# (pp. 1-47)

**GENERAL RECEIPT**
OPNAV 4430/1 (9-71)

TO: OJAG - Code - 14  BLDG. _____  ROOM _____

FROM ext 9833  BLDG. ARLEX  ROOM 2432
BCNR (McGeorge - PERF SEC)

| CLASSIFICATION (Indicate if classified) | REQUISITION NO. | DATE 11-29-11 | TIME 09:00 |
|---|---|---|---|

| DESCRIPTION OF MATERIAL | NUMBER | QUANTITY |
|---|---|---|
| FRAZIER, James S. Jr. | XX 4041 | |
| ENCLS: | | |
| ① 3 BCNR Files Doc # 9120-10 (Denied) | | |
| ② Microfiche | | |

RECEIVED BY (Signature and title) _____  DATE _____  TIME _____

MESSENGER (Signature) _____  DATE _____  TIME _____

☆GPO: 1980—603-189/7664 2-1

0107-LF-765-7100

001



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 9126-10
18 August 2011

MSGT JAMES S FRAZIER JR USMCR RET

Dear Master Sergeant Frazier:

This is in reference to your application for correction of your
naval record pursuant to the provisions of title 10 of the
United States Code, section 1552.  You requested promotion to
master gunnery sergeant (pay grade E-9) from the Fiscal Year
(FY) 2004 Reserve Master Gunnery Sergeant Selection Board.  By
implication, you further requested that your retired grade be
changed accordingly, from master sergeant (pay grade E-8) to
master gunnery sergeant.  Your previous case, docket number
2503-08, was denied on 8 January 2009.  In accordance with the
stipulation of dismissal of your case before the United States
District Court for the Western District of Pennsylvania, your
case was reconsidered.

A three-member panel of the Board for Correction of Naval
Records, sitting in executive session, reconsidered your case
on 18 August 2011.  Your allegations of error and injustice
were reviewed in accordance with administrative regulations and
procedures applicable to the proceedings of this Board.
Documentary material considered by the Board consisted of your
application, together with all material submitted in support
thereof, your naval record and applicable statutes, regulations
and policies, and the Board's file on your prior case.  The
Board also considered the advisory opinions from Headquarters
Marine Corps dated 14 October 2010 and 29 June 2011, copies of
which are attached.  Finally, the Board considered your
rebuttal letters dated 29 November and 1 December 2010 and 4
August 2011, each with enclosures.

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice.  In this regard, the Board substantially concurred with the comments in the advisory opinions.  The Board found you were eligible to be considered by the enlisted remedial selection board (ERSB), as you were not in confinement when the regular promotion board convened.  In the absence of your having been selected by the FY 2004 Reserve Master Gunnery Sergeant Selection Board or an ERSB for that promotion board, the Board was unable to find you should have been promoted from that promotion board.  In view of the above, the Board again voted to deny relief.  The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken.  You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board.  In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records.  Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

                              Sincerely,


                              W. DEAN PFEIFFER
                              Executive Director


Enclosures

****** FOR OFFICIAL USE ONLY – PRIVACY ACT PROTECTED ******

MEMORANDUM TO FILE

Docket No. 09126-10

*09126-10*
*09126-10*

Examiner: BJG   Branch/Status 7R-USMCR, RETIRED

Subj: MSgt   Frazier, James S., ▉▉▉▉▉▉

Personal appearance requested: NO          Reconsideration:

Action Requested: (39)/(88) *Prom to mgy sgt (pay grade E-9), USMCR, from FY-04 USMCR E-9 Sel Bd*

*Implied = Change affed grade accordingly, from msgt (pay grade E8) to mgy sgt*

In addition to Petitioner's application (DD-149) with any attachments and any related correspondence, the Board considered the following records:

☒ Enlisted/~~Officer~~ Service Record

☐ Examiner's Case Summary

☐ NDRB File                      ☐ Record of Court-Martial

☐ Medical Record                 ☐ VA Records   ☐ PEB Record

☒ Advisory Opinion *HQMC MMPR2 memo dtd 14 Oct 10 + 29 Jun 11*

☒ Other: *Prior BCNR case file (doc # 2503-08), TT ltrs dtd 29 Nov + 1 Dec 10, each w/ encls, 9 Dec 09 w/ encls, + 4 Aug 11 w/ encls*

Messrs. *SPOONER, SIMMONS + WHICKS*

~~☐~~

voted on *18 AUG 11*   to:

☐ Grant personal appearance

☐ Minority Vote:  Mr/Ms _____ voted To _____

EXECUTIVE SESSION

☐ Grant relief        AUG 18 2011

☐ Partial relief

☒ Deny

Comments: _____

_____

_____

☐ That Petitioner's naval record be corrected to show that on 2005/09/02 /or_____,

Petitioner was issued a honorable/general discharge by reason of misconduct/or _____, vice the discharge actually issued on that date.

004

Cpt EPS
# 50

**REFERENDUM**



Frazier, James S.

*09126 – 10*

Subject's Name:

Frazier                          James                S
Last                            First                MI        Suffix

☒ REQUEST FOR RECONSIDERATION

SEP 1 4 2010   ☒ Approved: _Susan Grange_   23 Aug 10

☐ Disapproved: _____   _____

_____   _____
Signature                      Date

☐ ADMINISTRATIVE RE-OPEN

☐ Approved: _____   _____
Signature                      Date

COMMENTS: Not in fed ct (dismissed w/agreement for BCNR
to reconsider). No time limit. Issues to be addressed by
MMPR-2: ① Was TT legally eligible for remedial consideration
by the FY-04 Res MGy Sgt Sel Bd, notwithstanding his
promotion restriction by reason of his admin sep proceedings?
② Was the remedial board provided any info about the
promotion restriction or the facts on which it was based?

**NOTE:** Please deliver to
OIS Section with "closed"
BCNR file

NEW Docket No.

9126-10

(OIS/11 1Jul86)

# FINAL CORRECTED VERSION

<u>Please replace version dated July 28, 2011 with this final corrected version.  All enclosures remain the same and are to be used with this version</u>

August 04, 2011

From:  Master Sergeant James S. Frazier Jr. USMCR (Retired)



To:     Department of the Navy
        Board for the Correction of Naval Records
        2 Navy Annex, Room 2432
        Washington, DC 20370-5100

Subj:   RESPONSE TO THE USMC ADVISORY OPINION 1400/3 MMPR-2
        DTD JUN 29, 2011 IN THE CASE OF MASTER SERGEANT JAMES S. FRAZIER,
        JR. 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 BCNR DOCKET NUMBER <u>09126-10</u>

Ref:    (a) U.S. Marine Corps Advisory Opinion 1400/3 MMPR-2 dated Jun 25, 2008
        (b) U.S. Marine Corps Advisory Opinion 1400/3 MMPR-2 dated Oct 14, 2010
        (c) U.S. Marine Corps Advisory Opinion 1400/3/MMPR-2 dated Jun 29, 2011
        (d) Marine Corps Order P1400.32D, Marine Corps Enlisted Promotion Manual

Encl:   (1) Copy of my Promotion Restriction entered into MCTSS on April 8, 2005
        (2) Notification of Separations Proceedings dtd 26 April, 2005
        (3) MARADMIN 500/03, MCBUL 1400 FY 2004 Reserve Staff Noncommissioned
        Officer Selection Board
        (4) Copy USMC (MOL) Education Information Completion Sheet
        (5) Copy of my SNCO Advanced Distant Education Program Certificate
        (6) Certificate of Achievement (US Army)
        (7) Navy Marine Corps Achievement Medal
        (8) Certificate of Achievement (Marine Corps Association)
        (9) Letter of Recommendation of the Sergeant Major, Marine Forces Reserve
        (10) Letter of Recommendation of LtCol. Thomas Affourtit
        (11) Copy of a Prior Recommendation from the Commanding General, II Marine
        Expeditionary Force
        (12) Copy of a Prior Recommendation from LtCol. Thomas Affourtit
        (13) Copy of a Prior Recommendation from LtCol. Craig Wallwork
        (14) Copy of a Prior Recommendation from Major Carl A. Mecca, Jr.
        (15) Copy of a Prior Recommendation from Major K.E. Johns
        (16) Copy of a Prior Recommendation from Lt. Ron Ealey

1

1.  It is unreasonable to believe the U.S. Marine Corps (MMPR-2) contention as spelled out in references (a), the advisory opinion dated Jun 29, 2011 and (b) the advisory opinion dated October 14, 2010, that while I was:

 a. **Pending adjudication of my charges by a civil court,**

b.  **Pending an administrative separation for misconduct with a Other-than Honorable (OTH)  Discharge and reenlistment code of RE-4 before, during and after the remedial promotion board which convened on May 11, 2011, and**

c.  **Pending an administrative reduction in rank from Master Sergeant (E8) to Lance Corporal (E3), before, during and after the remedial promotion board which convened on May 11, 2011, and,**

d. **Incarcerated by civilian authorities before, during and after the remedial selection board of May 11, 2005**

That this remedial selection board would "redact" my promotion restriction and the recommendation of my Commander for my administrative separation for misconduct with a reenlistment code of RE-4 and gave me fair and impartial promotion consideration. This would have been counterproductive and would have defeated the very purpose as to why my Commander had input the promotion restriction into MCTFS on April 08, 2005 in the first place. The promotion restriction was entered more than (30) days prior to the convening of the subject remedial promotion board.  The recommendation for my administrative separation for misconduct with an Other-Than-Honorable (OTH) discharge, reduction to Lance Corporal (E3) and reenlistment code of RE-4 was signed by my Commander and forwarded to the General Court Martial Convening Authority for final disposition more than (14) days prior to the convening of this remedial promotion board.  Any promotion consideration given to me by this remedial promotion board was prohibited and would have been a violation of reference (d), the Marine Corps Order P1400.32D (Marine Corps Enlisted Promotion Manual) which is clear on this matter as follows:

### A.  MCO P1400.32D paragraph 1100, subparagraph 41 states;

  Withhold Promotion Authority. When a commander no longer has the authority to promote a Marine as a result of the Marine being placed in a **promotion restriction** or withhold status.

**The Commander of the Marine Corps Mobilization Command placed me in a promotion restriction status on April 8, 2005 in a timely manner to prohibit my promotion consideration by the remedial board which convened on May 11, 2005.**
   - **Note:  See enclosure (1)**

2

B. **MCO P1400.32D paragraph 1203, subparagraph 26 states;**

**Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status, **or who enter such status while the selection board is in session, are not eligible for promotion consideration.  If the Marine is subsequently exonerated of any wrongdoing, appropriate remedial consideration may be granted.**

I was confined by civil authorities on March 21, 2005 before the convening of the subject remedial promotion board and remained confined during and after this remedial promotion board was in session.  Therefore, in accordance with the above paragraph, I was not eligible for promotion consideration by this remedial selection board which convened on May 11, 2011.  I was subsequently exonerated by a verdict of not guilty on March 26, 2007.

C. **MCO P1400.32D paragraph 1204, subparagraphs 4, t. u. z. bb.and cc. states;**

**Marines will not be promoted while in any of the following categories:**

t. **Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status will not be promoted.  **If a Marine who is under consideration by a SNCO selection board enters into one of the above categories while the board is in session, the individual will be administratively deleted from the list of eligibles. If the Marine is subsequently exonerated of any wrong doing, appropriate remedial consideration may be granted.**

I was confined by civil authorities on March 23, 2005 and remained confined before, during and after this remedial promotion board was in session.  Therefore, in accordance with the above paragraph, I was not eligible for promotion consideration and should have been administratively deleted from the list of eligibles.  I was exonerated by a verdict of "not guilty by reason of self defense." on March 26, 2007, nearly (2) years after this remedial promotion board convened.

u. **Marines pending administrative separation for misconduct**, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. **are not eligible for selection consideration or promotion. The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.**

My Commander, the Commander of the Marine Corps Mobilization Command signed a recommendation for my administrative separation for misconduct with a reenlistment code of RE-4 and reduction in rank to Lance Corporal (E3).  He forwarded it to the General Court Martial Convening Authority for final disposition on April 26, 2005, more than (14) days prior to the convening of this remedial promotion board.

- Note: See enclosure (2).

3

Therefore, I would have also lost my promotion eligibility on April 26, 2005 and not eligible for selection consideration by this remedial selection board which convened on May 11, 2005.

    z.  **While pending adjudication of charges by a civil court, either foreign or domestic.**

Again, I was pending adjudication of my charges by a domestic civil court from March 21, 2005 to March 26, 2007.  This timeframe was before, during and after the subject remedial selection board.  Therefore, I was not eligible for selection consideration

    bb.  **While awaiting administrative reduction or separation (excluding nonculpable physical disability).**

My Commander of the Marine Corps Mobilization Command signed a recommendation for my administrative separation for misconduct with an other-than Honorable (OTH) discharge, reenlistment code of RE-4 and reduction in rank to Lance Corporal (E3).  He forwarded it to the General Court Martial Convening Authority for final disposition on April 26, 2005, more than (14) days prior to the convening of this remedial promotion board.  Therefore, I would have also lost my promotion consideration eligibility on April 26, 2005.
  - Note see enclosure (2)

    cc.  **When not recommended for reenlistment. (Reenlistment Code (RE) RE-4/4B)**

My Commander of the Marine Corps Mobilization Command signed a recommendation for my administrative separation for misconduct with an Other-than-Honorable (OTH) discharge, reenlistment code of RE-4 and reduction in rank to Lance Corporal (E3). He forwarded it to the General Court Martial Convening Authority for final disposition on April 26, 2005, more than (14) days prior to the convening of this remedial promotion board.  Therefore, I would have also lost my promotion consideration eligibility on April 26, 2005.
  - Note see enclosure (2)

    D.  **MCO P1400.32D paragraph 1203, subparagraph 1. States;**

General. This Manual is the authority for all enlisted promotions in the Marine Corps. Promotions effected not in accordance with this Manual **or by implementing directives not referenced in this Manual will be considered erroneous and immediately revoked. There are no waivers to this policy.** All Marine Corps agencies and commands must coordinate with the CMC (MMPR) to ensure any meritorious or incentive programs are properly addressed in this Manual

4

3.  Even if it is to be believed the remedial board gave me promotion consideration, to have done such with the promotion restriction in place and an administrative separation for misconduct with an OTH discharge and reduction in rank with a reenlistment code of RE-4 pending before, during and after the subject remedial board, was a violation of Marine Corps Order P1400.32D and renders such consideration erroneous and is to be revoked as outlined in the above paragraph. Marine Corps Order P1400.32D is clear on this matter that both my promotion and/or **promotion consideration** was prohibited.

4.  In reference (a) of this correspondence, the Marine Corps (MMPR-2) contends I was given promotion consideration and not selected by the regularly scheduled FY2004 Reserve SNCO Selection Board.

**I enclosed documentation with my previously submitted response to reference (a) that corroborated the fact that I was not given consideration by the regularly scheduled FY2004 Reserve SNCO Selection Board.  The Marine Corps (MMPR-2) promptly dropped that contention in reference (b).**

5.  Additionally, the U.S. Marine Corps contention in reference (b),  "that it can only be **inferred** that based on a majority vote of the board members, Mr. Frazier's record was not competitive with the records of the Marines selected for promotion.  He served in a highly competitive occupational field and simply did not get enough votes".  Again, if it is to be believed that I was given promotion consideration in violation of Marine Corps Order P1400.32D, than this statement cannot be true and contradicts the promotion board results.  This is because I was the only Master Sergeant in my occupational field (35) eligible for selection for promotion to Master Gunnery Sergeant by the FY 2004 Reserve SNCO Selection Board in the IRR category. Therefore, my record could not have been compared with records of other Marines selected for promotion simply because there weren't any selected in my occupational field.

**In my previously submitted response to reference (b), I enclosed MARADMIN 094/04 to corroborate there were no other Master Sergeants in occupational field (35) eligible for selection to Master Gunnery Sergeant by the FY2004 Reserve SNCO Selection Board in the IRR category and that my record could not have been compared to those that were selected.  The Marine Corps (MMPR-2) promptly dropped that contention in reference (c)**

Further, in reference (c) the Marine Corps (MMPR-2) alludes to paragraph 3601.2 of reference (d) that states: "ERSB is prohibited from considering material (i.e.: fitness reports commendatory/adverse material regarding events occurring after the regularly convened selection board for which the remedial consideration has been granted" this pertains to adverse fitness reports and adverse material in general and does not apply to promotion restrictions, administrative separations for misconduct with an Other-than-Honorable discharge with a reenlistment code of RE-4, a reduction in rank and confinement by civil authorities. .These are specifically covered in paragraph 1204 of reference (d) as described in this correspondence and there are no exceptions contained paragraph 1204  in this reference for remedial selection boards..

010

However, if it is still to be believed the MMPR-2 contention that all of the above was "redacted" from my records, then paragraph 1301.2 of reference (d) also goes on to state: **"However" where regularly scheduled selection boards are tasked with selecting the best and fully qualified, <u>Marine remedial boards are tasked with selecting "fully qualified" Marines."</u>**

Enclosure (3) paragraph 9 B. states that the requirements to be considered **"fully qualified"** for Master Gunnery Sergeant would have been completed as a requirement for attaining the rank of Master Sergeant. There are no additional requirements to be considered **"fully qualified"** for selection to Master Gunnery Sergeant. Therefore, the requirements to be considered **"fully qualified"** for selection to Master Gunnery Sergeant by this remedial selection board as contained in enclosure (3) paragraph 9 B. are;

A. The SNCO Advanced Nonresident Program (MCI Program 7200),

- **I completed the subject SNCO Advanced Non-resident Program (7200) in 1997.**
  **See enclosure (4)**
- **I also completed the SNCO Career Non-resident Course in 1985.  See enclosure (4)**
- **I also completed the SNCO Career Resident Course in 1987.  See enclosure (4)**
- **I also completed the First Sergeant Master Sergeant Seminar in 1999.**
  **See enclosure (4)**

B. The Warfighting Skills Program (MCI Program 7400) or SNCO Advanced Distant Education Program (MCI Program 8200).

- **I completed the subject Warfighting Skills Program (7400) in addition to**
  **Warfighting Skills Programs (M82) both in 2004.  See enclosure (4)**
- **I also completed the SNCO Advanced Distant Education Program (8200) in 2004.**
  **See enclosure (5)**

Although only two out of the three were required, I have completed all three in addition to others not required.  I am submitting enclosures (4) and (5) as parts of this correspondence to further demonstrate to the Board for the Correction of Naval Records (BCNR) that I met and exceeded the U.S. Marine Corps professional military education (PME) requirements. to be considered more than **"fully qualified"** for selection to the rank of Master Gunnery Sergeant in the Marine Corps Reserve IRR category occupational field (35) by this remedial selection board

Additionally, I met and exceeded the Marine Corps Occupational Field (35) and MOS (3537) requirements to be considered more than **"fully qualified"** for selection to the rank of Master Gunnery Sergeant in the Marine Corps Reserve IRR category occupational field (35) by this remedial selection board.

- **I completed the Basic Motor Transport Operator Resident Course in 1974**
- **I also completed the Tractor Trailer Operator Resident Course in 1982**
- **I also completed the Motor Transport Advanced NCO Resident Course in 2003**
- **I also completed the Motor Transport SNCO Career Resident Course in 2003**

6

- **I also completed the Motor Transport SNCO Advanced Resident Course in 2003**

I graduated 3rd in my class of <u>active duty</u> Motor Transport SNCO Advanced Resident Course Students.  See enclosure (4) for all Motor Transport Course verifications.

 In fact, if MMPR-2 had as contended, "redacted" the promotion restriction, my Commander's recommendation for administrative separation and civil confinement information from my record they would have had to find me at the very least **"fully qualified"**.

6. I submit to this Board that there is nothing in my service record especially in the rank of Master Sergeant that would have rendered me less than **"fully qualified"** the standard of Marine remedial selection boards, or precluded my promotion to Master Gunnery Sergeant.  Up until the time of the unfortunate charges and confinement, I had always strived to be the best Marine I could be and have always completed in a noteworthy manner, any assignment the Marine Corps had ever asked of me.  The BCNR has already noted in a previous decision, docket number 5674-07, that I "had served for many years in an excellent manner."  <u>All of my Fitness Reports over the last twenty years have been rated excellent to outstanding</u> and I am submitting enclosures (4) through (16) for review and to demonstrate to the BCNR that I exceeded all of the (PME) requirements, (MOS) or (OF35) qualifications and qualities to be considered at the very least **"fully Qualified"** for selection to Master Gunnery Sergeant in the Marine Corps Reserve (IRR) category by the subject remedial board.

7.  In order for the BCNR <u>not</u> to grant me relief in this case, the Board would have to:

> a. Declare the Marine Corps' own regulation, Marine Corps Order P1400.32D (Marine Corps Enlisted Promotion Manual) invalid.

And

> b.  Honor the fact that MMPR-2 inappropriately "redacted" my records of the recommendation of my Commander for an administrative separation with an OTH discharge with a reenlistment code of RE-4, a reduction in rank to Lance Corporal (E3), my confinement by civil authorities,

And

> c. Although I exceeded the Marine Corps requirements to be considered at the very least **"fully qualified",** somehow finds me less than "fully qualified" for selection to Master Gunnery Sergeant in the Marine Corps Reserve (IRR) in occupational field (35). This would be after comparing my record to those Master Sergeants that were selected even though none were eligible or selected by the FY 2004 Reserve SNCO Selection Board in (OF) 35 within the IRR category.

 That result would seem to contradict the very purpose for which the Board for the Correction of Naval Records and its applicable regulations were created.

7

8.  This case is intimately connected to my prior BCNR case docket number 5674-07 in which the Marine Corps wrongfully administratively separated me with an OTH discharge, a reduction in rank to Lance Corporal (E3) and reenlistment code of RE-4 before the adjudication of charges of which I subsequently was found not guilty.  That case was overturned by the BCNR. Additional pertinent information is contained in that case.  I have been wrongfully persecuted by the Marine Corps for six (6) years for a crime of which I was exonerated through a constant changing story in multiple advisory opinions.

9.  It is hoped and prayed for that this injustice is finally corrected and I be made whole and retroactively promoted to the rank of Master Gunnery Sergeant (E9) in the Marine Corps Reserve (Retired)..

Respectfully, I am


James S. Frazier, Jr.
Master Sergeant, USMCR (Retired)

8



July 28, 2011

From:  Master Sergeant James S. Frazier Jr. USMCR (Retired)

████████████████████████

To:      Department of the Navy
          Board for the Correction of Naval Records
          2 Navy Annex, Room 2432
          Washington, DC 20370-5100

Subj:   RESPONSE TO THE USMC ADVISORY OPINION 1400/3 MMPR-2
          DTD JUN 29, 2011 IN THE CASE OF MASTER SERGEANT JAMES S. FRAZIER,
          JR. 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 BCNR DOCKET NUMBER 09126-10

Ref:     (a) U.S. Marine Corps Advisory Opinion 1400/3 MMPR-2 dated Jun 25, 2008
          (b) U.S. Marine Corps Advisory Opinion 1400/3 MMPR-2 dated Oct 14, 2010
          (c) U.S. Marine Corps Advisory Opinion 1400/3/MMPR-2 dated Jun 29, 2011
          (d) Marine Corps Order P1400.32D, Marine Corps Enlisted Promotion Manual

Encl:    (1) Copy of my Promotion Restriction entered into MCTSS on April 8, 2005
          (2) Notification of Separations Proceedings dtd 26 April, 2005
          (3) MARADMIN 500/03, MCBUL 1400 FY 2004 Reserve Staff Noncommissioned
          Officer Selection Board
          (4) Copy USMC (MOL) Education Information Completion Sheet
          (5) Copy of my SNCO Advanced Distant Education Program Certificate
          (6) Certificate of Achievement (US Army)
          (7) Navy Marine Corps Achievement Medal
          (8) Certificate of Achievement (Marine Corps Association)
          (9) Letter of Recommendation of the Sergeant Major, Marine Forces Reserve
          (10) Letter of Recommendation of LtCol. Thomas Affourtit
          (11) Copy of a Prior Recommendation from the Commanding General, II Marine
          Expeditionary Force
          (12) Copy of a Prior Recommendation from LtCol. Thomas Affourtit
          (13) Copy of a Prior Recommendation from LtCol. Craig Wallwork
          (14) Copy of a Prior Recommendation from Major Carl A. Mecca, Jr.
          (15) Copy of a Prior Recommendation from Major K.E. Johns
          (16) Copy of a Prior Recommendation from Lt. Ron Ealey

1.  It is unreasonable to believe the U.S. Marine Corps (MMPR-2) contention as spelled out in
references (a), the advisory opinion dated Jun 29, 2011 and (b) the advisory opinion dated
October 14, 2010, that while I was:

1

014

a.  Pending adjudication of my charges by a civil court,

b.  Pending an administrative separation for misconduct with a Other-than Honorable (OTH)  Discharge and reenlistment code of RE-4 before, during and after the remedial promotion board which convened on May 11, 2011, and

c.  Pending an administrative reduction in rank from Master Sergeant (E8) to Lance Corporal (E3), before, during and after the remedial promotion board which convened on May 11, 2011, and,

d. Incarcerated by civilian authorities before, during and after the remedial selection board of May 11, 2005

That this remedial selection board would "redact" my promotion restriction and the recommendation of my Commander for my administrative separation for misconduct with a reenlistment code of RE-4 and gave me fair and impartial promotion consideration. This would have been counterproductive and would have defeated the very purpose as to why my Commander had input the promotion restriction into MCTFS on April 08, 2005 in the first place. The promotion restriction was entered more than (30) days prior to the convening of the subject remedial promotion board.  The recommendation for my administrative separation for misconduct with an Other-Than-Honorable (OTH) discharge, reduction to Lance Corporal (E3) and reenlistment code of RE-4 was signed by my Commander and forwarded to the General Court Martial Convening Authority for final disposition more than (14) days prior to the convening of this remedial promotion board.  Any promotion consideration given to me by this remedial promotion board was prohibited and would have been a violation of reference (d), the Marine Corps Order P1400.32D (Marine Corps Enlisted Promotion Manual) which is clear on this matter as follows:

A.  MCO P1400.32D paragraph 1100, subparagraph 41 states;

Withhold Promotion Authority. When a commander no longer has the authority to promote a Marine as a result of the Marine being placed in a **promotion restriction** or withhold status.

The Commander of the Marine Corps Mobilization Command placed me in a promotion restriction status on April 8, 2005 in a timely manner to prohibit my promotion consideration by the remedial board which convened on May 11, 2005.
* Note:  See enclosure (1)

2

015

B. **MCO P1400.32D paragraph 1203, subparagraph 26 states**;

 **Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status, **or who enter such status while the selection board is in session, are not eligible for promotion consideration. If the Marine is subsequently exonerated of any wrongdoing, appropriate remedial consideration may be granted.**

I was confined by civil authorities on March 21, 2005 before the convening of the subject remedial promotion board and remained confined during and after this remedial promotion board was in session. Therefore, in accordance with the above paragraph, I was not eligible for promotion consideration by this remedial selection board which convened on May 11, 2011. I was subsequently exonerated by a verdict of not guilty on March 26, 2007.

C. **MCO P1400.32D paragraph 1204, subparagraphs 4, t. u. z. bb.and cc. states**;

**Marines will not be promoted while in any of the following categories:**

t. **Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status will not be promoted. **If a Marine who is under consideration by a SNCO selection board enters into one of the above categories while the board is in session, the individual will be administratively deleted from the list of eligibles. If the Marine is subsequently exonerated of any wrong doing, appropriate remedial consideration may be granted.**

I was confined by civil authorities on March 23, 2005 and remained confined before, during and after this remedial promotion board was in session. Therefore, in accordance with the above paragraph, I was not eligible for promotion consideration and should have been administratively deleted from the list of eligibles. I was exonerated by a verdict of "not guilty by reason of self defense." on March 26, 2007, nearly (2) years after this remedial promotion board convened.

u. **Marines pending administrative separation for misconduct**, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. **are not eligible for selection consideration or promotion. The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.**

My Commander, the Commander of the Marine Corps Mobilization Command signed a recommendation for my administrative separation for misconduct with a reenlistment code of RE-4 and reduction in rank to Lance Corporal (E3). He forwarded it to the General Court Martial Convening Authority for final disposition on April 26, 2005, more than (14) days prior to the convening of this remedial promotion board.

- Note: See enclosure (2).

3

Therefore, I would have also lost my promotion eligibility on April 26, 2005 and not eligible for selection consideration by this remedial selection board which convened on May 11, 2005.

z. **While pending adjudication of charges by a civil court, either foreign or domestic.**

Again, I was pending adjudication of my charges by a domestic civil court from March 21, 2005 to March 26, 2007. This timeframe was before, during and after the subject remedial selection board. Therefore, I was not eligible for selection consideration

bb. **While awaiting administrative reduction or separation** (excluding nonculpable physical disability).

My Commander of the Marine Corps Mobilization Command signed a recommendation for my administrative separation for misconduct with an other-than Honorable (OTH) discharge, reenlistment code of RE-4 and reduction in rank to Lance Corporal (E3). He forwarded it to the General Court Martial Convening Authority for final disposition on April 26, 2005, more than (14) days prior to the convening of this remedial promotion board. Therefore, I would have also lost my promotion consideration eligibility on April 26, 2005.
   * Note see enclosure (2)

cc. **When not recommended for reenlistment. (Reenlistment Code (RE) RE-4/4B)**

My Commander of the Marine Corps Mobilization Command signed a recommendation for my administrative separation for misconduct with an Other-than-Honorable (OTH) discharge, reenlistment code of RE-4 and reduction in rank to Lance Corporal (E3). He forwarded it to the General Court Martial Convening Authority for final disposition on April 26, 2005, more than (14) days prior to the convening of this remedial promotion board. Therefore, I would have also lost my promotion consideration eligibility on April 26, 2005.
   * Note see enclosure (2)

D. **MCO P1400.32D paragraph 1203, subparagraph 1. States:**

General. This Manual is the authority for all enlisted promotions in the Marine Corps. Promotions effected not in accordance with this Manual **or by implementing directives not referenced in this Manual will be considered erroneous and immediately revoked. There are no waivers to this policy.** All Marine Corps agencies and commands must coordinate with the CMC (MMPR) to ensure any meritorious or incentive programs are properly addressed in this Manual

4

3. Even if it is to be believed the remedial board gave me promotion consideration, to have done such with the promotion restriction in place and an administrative separation for misconduct with an OTH discharge and reduction in rank with a reenlistment code of RE-4 pending before, during and after the subject remedial board, was a violation of Marine Corps Order P1400.32D and renders such consideration erroneous and is to be revoked as outlined in the above paragraph. Marine Corps Order P1400.32D is clear on this matter that both my promotion and/or **promotion consideration** was prohibited.

4. In reference (a) of this correspondence, the Marine Corps (MMPR-2) contends I was given promotion consideration and not selected by the regularly scheduled FY2004 Reserve SNCO Selection Board.

**I enclosed documentation with my previously submitted response to reference (a) that corroborated the fact that I was not given consideration by the regularly scheduled FY2004 Reserve SNCO Selection Board. The Marine Corps (MMPR-2) promptly dropped that contention in reference (b).**

5. Additionally, the U.S. Marine Corps contention in reference (b), "that it can only be **inferred** that based on a majority vote of the board members, Mr. Frazier's record was not competitive with the records of the Marines selected for promotion. He served in a highly competitive occupational field and simply did not get enough votes". Again, if it is to be believed that I was given promotion consideration in violation of Marine Corps Order P1400.32D, than this statement cannot be true and contradicts the promotion board results. This is because I was the only Master Sergeant in my occupational field (35) eligible for selection for promotion to Master Gunnery Sergeant by the FY 2004 Reserve SNCO Selection Board in the IRR category. Therefore, my record could not have been compared with records of other Marines selected for promotion simply because there weren't any selected in my occupational field.

**In my previously submitted response to reference (b), I enclosed MARADMIN 094/04 to corroborate there were no other Master Sergeants in occupational field (35) eligible for selection to Master Gunnery Sergeant by the FY2004 Reserve SNCO Selection Board in the IRR category and that my record could not have been compared to those that were selected. The Marine Corps (MMPR-2) promptly dropped that contention in reference (c)**

Further, in reference (c) the Marine Corps (MMPR-2) alludes to paragraph 3601.2 of reference (d) that states: "ERSB is prohibited from considering material (i.e.: fitness reports commendatory/adverse material regarding events occurring after the regularly convened selection board for which the remedial consideration has been granted" this pertains to adverse fitness reports and adverse material in general and does not apply to promotion restrictions, administrative separations for misconduct with an Other-than-Honorable discharge with a reenlistment code of RE-4, a reduction in rank and confinement by civil authorities. .These are specifically covered in paragraph 1204 of reference (d) as described in this correspondence and there are no exceptions contained paragraph 1204  in this reference for remedial selection boards..

5

018

However, if it is still to be believed the MMPR-2 contention that all of the above was "redacted" from my records, then paragraph 1301.2 of reference (d) also goes on to state: **"However" where regularly scheduled selection boards are tasked with selecting the best and fully qualified, <u>Marine remedial boards are tasked with selecting "fully qualified" Marines.</u>"**

Enclosure (3) paragraph 9 B. states that the requirements to be considered **"fully qualified"** for Master Gunnery Sergeant would have been completed as a requirement for attaining the rank of Master Sergeant. There are no additional requirements to be considered "**fully qualified**" for selection to Master Gunnery Sergeant. Therefore, the requirements to be considered **"fully qualified"** for selection to Master Gunnery Sergeant by this remedial selection board as contained in enclosure (3) paragraph 9 B. are;

A. The SNCO Advanced Nonresident Program (MCI Program 7200),

- **I completed the SNCO Career Non-resident Course in 1985. See enclosure (4)**
- **I completed the SNCO Career Resident Course in 1987. See enclosure (4)**
- **I completed the subject SNCO Advanced Non-resident Program (7200) in 1997. See enclosure (4)**
- **I completed the First Sergeant Master Sergeant Seminar in 1999. See enclosure (4)**

B. The Warfighting Skills Program (MCI Program 7400) or SNCO Advanced Distant Education Program (MCI Program 8200).

- **I completed both Warfighting Skills Programs (M82) and (7400) in 2004. See enclosure (4)**
- **I also completed the SNCO Advanced Distant Education Program (8200) in 2004. See enclosure (5)**

Although only two out of the three were required, I have completed all three in addition to others not required. I am submitting enclosures (4) and (5) as parts of this correspondence to further demonstrate to the Board for the Correction of Naval Records (BCNR) that I met and exceeded the U.S. Marine Corps professional military education (PME) requirements. to be considered more than "**fully qualified**" for selection to the rank of Master Gunnery Sergeant in the Marine Corps Reserve IRR category occupational field (35) by this remedial selection board

Additionally, I met and exceeded the Marine Corps Occupational Field (35) and MOS (3537) requirements to be considered more than "**fully qualified**" for selection to the rank of Master Gunnery Sergeant in the Marine Corps Reserve IRR category occupational field (35) by this remedial selection board.

- **I completed the basic Motor Transport Operator Resident Course in 1974**
- **I completed the Tractor Trailer Operator Resident Course in 1982**
- **I completed the Motor Transport Advanced NCO Resident Course in 2003**
- **I completed the Motor Transport SNCO Career Resident Course in 2003**

6

019

- **I completed the Motor Transport SNCO Advanced Resident Course in 2003**
**I graduated 3rd in my class of <u>active duty</u> Motor Transport SNCO Advanced Resident Course Students.  See enclosure (4) for all Motor Transport Course verifications.**

In fact, if MMPR-2 had as contended, "redacted" the promotion restriction, my Commander's recommendation for administrative separation and civil confinement information from my record they would have had to find me at the very least **"fully qualified".**

6. I submit to this Board that there is nothing in my service record especially in the rank of Master Sergeant that would have rendered me less than **"fully qualified"** the standard of Marine remedial selection boards, or precluded my promotion to Master Gunnery Sergeant.  Up until the time of the unfortunate charges and confinement, I had always strived to be the best Marine I could be and have always completed in a noteworthy manner, any assignment the Marine Corps had ever asked of me.  The BCNR has already noted in a previous decision, docket number 5674-07, that I "had served for many years in an excellent manner."  I am submitting enclosures (4) through (16) for BCNR review and to demonstrate that I possessed all of the requirements, qualifications and qualities for selection to Master Gunnery Sergeant in the Marine Corps Reserve (IRR) occupational field (35).

7.  In order for the BCNR not to grant me relief in this case, the Board would have to declare the Marine Corps' own regulation, Marine Corps Order P1400.32D (Marine Corps Enlisted Promotion Manual) invalid and honor the fact that MMPR-2 inappropriately "redacted" my records of the recommendation of my Commander for an administrative separation with an OTH discharge with a reenlistment code of RE-4, a reduction in rank to Lance Corporal (E3), my confinement by civil authorities, and, although I exceeded the Marine Corps requirements to be considered at the very least "fully qualified", found me less than "fully qualified" for selection to Master Gunnery Sergeant in the Marine Corps Reserve (IRR) in occupational field (35) after comparing my record to those Master Sergeants that were selected, although, none were eligible or selected.  That result would seem to contradict the very purpose for which the Board for the Correction of Naval Records and its applicable regulations were created.

8.  This case is intimately connected to my prior BCNR case docket number 5674-07 in which the Marine Corps wrongfully administratively separated me with an OTH discharge, a reduction in rank to Lance Corporal (E3) and reenlistment code of RE-4 before the adjudication of charges of which I subsequently was found not guilty.  That case was overturned by the BCNR.  Additional pertinent information is contained in that case.  I have been wrongfully persecuted by the Marine Corps for six (6) years for a crime of which I was exonerated through a constant changing story in multiple advisory opinions.

9.  It is hoped and prayed for that this injustice is finally corrected and I be made whole.

7

Respectfully, I am

James S. Frazier, Jr.
Master Sergeant, USMCR (Retired)

U8/U3/2UUS FRI 10.20   FAX                                                                        ☒004/004

```
TDRPKY07-1              (MCTFS) DIARY RETRIEVAL SYSTEM          08/05/2005
GR1M18  ▓▓▓▓▓▓▓▓▓         INIT: FJS      ENTER NEXT CYC:        10:58:45
-----------------------------------------------------------------------------
CYC TTC  DIARY/PAYROLL      EFF       ACT       MEC       CODES       ERROR
NR       NUMBER   DATE     DATE      DATE       NR      CP/COR/TYP   POS F/E
-----------------------------------------------------------------------------
104 0251  00101 20050614   20050614  20050614  NONE       1
     RUC/DSSN: 54847   DPI: 09
     ENGLISH: 20050614 DRAW CASE AW TERM 200903
     ENCODED: AW200903
     HIST:  PER CMC RAP
130 0053  00714 20050722   20050408  20050408  NONE       1
     RUC/DSSN: 88803   DPI: 00
     ENGLISH: 20050408 PROM RESTR ADMIN SEP PEND 12 MOS
     ENCODED:
     HIST: NONE
*** COMPLETED *** (PF13 - RESTART CYCLE, ENTER - RETURN TO MENU) *** PAGE - 03
```

ENCL: (1)



**UNITED STATES MARINE CORPS**
MARINE CORPS MOBILIZATION COMMAND
15303 ANDREWS ROAD
KANSAS CITY, MISSOURI 64147-1207

IN REPLY REFER TO:
1900
ADJ LEG
2 6 APR 2005

CERTIFIED MAIL NUMBER: 7002 2410 0006 7804 7417

From:  Commander, Marine Corps Mobilization Command
To:    Master Sergeant James S. Frazier            USMCR

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS (BOARD CASE)

Ref:   (a) MCO P1900.16F (MARCORSEPMAN)

Encl:  (1) Purpose and Scope of the NDRB and BCNR
       (2) Acknowledgment of Respondent's Right
       (3) New Orleans Police Department Investigation Report C-39260-05

1.  You are hereby notified that I intend to recommend to the Commander, Marine Forces Reserve, that you, the respondent, be discharged from the U. S. Marine Corps Reserve per paragraph(s) 6210.6 of the reference by reason of:

   a.  GENERAL BASIS:  Misconduct

   b.  SPECIFIC BASIS:  Commission of a Serious Offense

   c.  FACTUAL BASIS:  On 21 March 2005, you were arrested and charged with Relative to Attempt Homicide (Second Degree).  This charged stemmed from an altercation with your son (Eric Frazier), in which, you discharged a weapon which wounded your son.

2.  The least favorable characterization of service you may receive is Under Other Than Honorable conditions.  Although the Commander, Marine Forces Reserve, will make the final determination of characterization if you are separated, I am recommending you receive an Under Other Than Honorable characterization of service.

3.  You are advised that if a Marine serving in pay grade E-4 or above is administratively separated under other than honorable conditions, the Marine will be administratively reduced to pay grade E-3 effective upon discharge in accordance with paragraph 6311.8 of the reference.

4.  As a result of these separation proceedings, you have the following rights:

   a.  You have the right to consult with qualified counsel prior to electing or waiving any of your rights.  It is in your best interest to do so prior to waiving any of your rights.  You may speak to counsel by calling Naval Legal Service Central Branch Office, Memphis, 5722 Integrity Dr, Millington, Tennessee, 38054-5030, at commercial telephone number (901) 874-5793 or 5794.

   b.  You have the right to request a hearing before an Administrative Discharge Board in accordance with paragraph 6304 of the reference.

   c.  You have the right to present written statements to the Commander, Marine Forces Reserve, in rebuttal to this proposed separation and in lieu of a hearing.

ENCLOSURE ( 2 )

023

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS (BOARD CASE)

d.  You have the right to obtain a copy of all documents that will be forwarded to the Commander, Marine Forces Reserve, supporting this proposed separation.  Classified documents shall be summarized.

e.  You have the right to waive any of these rights after being afforded an opportunity to consult with counsel.

5.  Should you request a hearing before an Administrative Discharge Board, you will be afforded the following rights:

a.  To appear in person before such a board or be represented by counsel if confined by civil authorities.

b.  To be represented by military counsel, appointed, or of your own choice, if available.

c.  To be represented by civilian counsel if you desire, at your own expense.

d.  To challenge voting members of the Board or the legal advisor, if any, for cause only.

e.  To testify on your own behalf, subject to the provisions of Article 31, UCMJ (Compulsory Self-Incrimination Prohibited).

f.  At any time during the proceedings, you or your counsel may submit written or recorded matter for consideration by the Board.

g.  You or your counsel may call witnesses on your behalf.

h.  You or your counsel may question any witness who appears before the Board.

i.  You or your counsel may present argument prior to the Board closing the hearing for deliberation on findings and recommendations.

j.  Upon written request to this Command, to be provided with a copy of the report of the Board and the endorsement thereon.

k.  Failure to appear without good cause at a hearing constitutes waiver of your rights to be present at the hearing.

l.  To make a sworn or unsworn statement.

m.  You have the right to examine evidence presented by the Board, to cross-examine witnesses appearing before the Board, to submit evidence before the Board, and to present final argument before the Board.

n.  Failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes a waiver of the rights in paragraphs 6304.1d to 1m of the reference.

6.  Information on the Purpose and Scope of the Navy Discharge Review Board and the Board for Correction of Naval Records is provided for you as enclosure (2).

2

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS (BOARD CASE)

7.  You are directed to respond in writing to this notice not later than 30 days from receipt of this letter by completing and returning enclosures (1 & 2).  Initial each block in enclosure (2) and cross out the appropriate words. You may include a statement in enclosure (2) as well.  Failure to respond by the prescribed time constitutes a waiver of your rights.

S. E. BROWN

3

025

MCBUL 1430. FY04 RESERVE STAFF NONCOMMISSIONED OFFICER                    Page 1 of 7



TRANSFORM YOUR BODY
SHARPEN YOUR MIND

RECRUITING   HQMC   UNITS   CAREER   Marine ONLINE   Marine 4 Life   NEWS   FAMILY   PUBLICATIONS   LOCAT

# MARADMIN 500/03

«‹-------------------------------------------------------------------------------------------------------›»

**Date signed:**     10/24/2003        **MARADMIN Number:** ████████
**Subject:**         MCBUL 1430. FY04 RESERVE STAFF NONCOMMISSIONED OFFICER
                     (SNCO) SELECTION BOARD

```
R 240522Z OCT 03
FM CMC WASHINGTON DC(uc)
TO AL MARADMIN(uc)
MARADMIN
BT
UNCLASSIFIED
MARADMIN 500/03
MSGID/GENADMIN/CMC WASHINGTON DC MRA MM//
SUBJ/MCBUL 1430. FY04 RESERVE STAFF NONCOMMISSIONED OFFICER
/(SNCO) SELECTION BOARD//
REF/A/DOC/MCCDC/29DEC1999//
REF/B/DOC/MMPR-2/30OCT2000//
REF/C/DOC/RAP/10MAR1999//
REF/D/DOC/MIFD/16MAY1999//
REF/E/MSG/MMSB/271002ZSEP2001//
REF/F/MSG/MMSB/111526ZSEP2002//
REF/G/MSG/MMSB/200729ZFEB2003//
REF/H/DOC/MMSB-30/01JAN1999//
REF/I/DOC/MCCDC/07APR2000//
NARR/REF A, MCO P1553.4A, PROFESSIONAL MILITARY EDUCATION (PME),
DEFINES PME REQUIREMENTS FOR MARINES.  REF B, MCO 1400.32C, ENLISTED
PROMOTION MANUAL (ENLPROMMAN), PROVIDES POLICY AND GUIDELINES FOR
PROMOTION ELIGIBILITY.  REF C, MCO P1001.1J, RESERVE ADMINISTRATIVE
MANAGEMENT MANUAL (MCRAMM), PROVIDES GUIDANCE GOVERNING THE
ADMINISTRATION OF THE RESERVE COMPONENT.  REF D, MCO P1070.12K
W/CH1, MARINE INDIVIDUAL RECORDS ADMINISTRATION MANUAL (IRAM),
PROVIDES PROCEDURES FOR THE SUBMISSION OF PHOTOGRAPHS.  REF E,
MARADMIN 463/01, DISCUSSES TRANSMISSION AND FILING OF DIGITAL
PHOTOGRAPHS TO THE OMPF.  REF F, MARADMIN 483/02, DISCUSSES
TRANSMISSION AND FILING OF DIGITAL PHOTOGRAPHS TO THE OMPF.  REF G,
MARADMIN 066/03 FURTHER DISCUSSES TRANSMISSIONS AND FILING OF
DIGITAL PHOTOGRAPHS TO THE OMPF.  REF H, MCO P1610.7E, PERFORMANCE
EVALUATION SYSTEM (PES), STIPULATES THE POLICIES AND PROCEDURES FOR
SUBMISSION OF PERFORMANCE EVALUATION REPORTS.  REF I, MCO P1200.72Y,
THE MILITARY OCCUPATIONAL SPECIALTY (MOS) MANUAL, PROVIDES THE
MARINE CORPS THE ABILITY TO ORGANIZE, TRAIN, ASSIGN, AND MANAGE THE
FORCE.//
POC/J.A. POPIELEC/MAJ/HD, MMPR-2/-/TEL:DSN 278-9710
/EMAIL:POPIELECJA@MANPOWER.USMC.MIL//
GENTEXT/REMARKS/1.  PURPOSE.  TO ANNOUNCE SELECTED MARINE CORPS
RESERVE (SMCR) AND INDIVIDUAL READY RESERVE (IRR) PROMOTION
ZONES AND ALLOCATIONS.
2.  BACKGROUND.  RESERVE AFFAIRS IS EXPLORING SEVERAL INITIATIVES
AIMED AT INCREASING ENLISTED SELECTED MARINE CORPS RESERVE
PROMOTION OPPORTUNITIES.  THE BELOW SMCR AND IRR SNCO PROMOTION
ZONES MAY CHANGE SUBSTANTIALLY.  AS A RESULT, A 45 DAY MESSAGE WILL
BE RELEASED TO UPDATE ZONE MODIFICATIONS.
3.  TASK.  ALL MARINES MEETING THE MINIMUM TIME IN GRADE/TIME
IN SERVICE REQUIREMENTS SHOULD PREPARE AND SUBMIT A PROMOTION
PACKAGE TO THE RESERVE STAFF NONCOMMISSIONED OFFICER SELECTION
```

*ENCL'(3)*

BOARD.
4.   THE SUBJECT BOARD CONVENES ON 12 JANUARY 2004 FOR A
PERIOD OF ABOUT 8 WEEKS.   REFERENCES A THROUGH H PROVIDE ADDITIONAL
GUIDANCE.   THE INFORMATION CONTAINED IN THIS MARADMIN PERTAINS TO
MEMBERS OF THE SMCR AND THE IRR.   INFORMATION REGARDING MARINES
ON THE ACTIVE RESERVE (AR) PROGRAM WILL BE PUBLISHED BY SEPARATE
MARADMIN MESSAGE.   THIS MARADMIN MESSAGE MUST BE READ IN ITS
ENTIRETY TO ENSURE COMPLIANCE WITH ALL GUIDANCE.
5.   RESERVE MARINES SERVING ON TEMPORARY ACTIVE DUTY CONTRACTS,
NOT TO EXCEED THREE YEARS, ARE REFERRED TO AS LIMITED TOUR AR
MARINES.   DUE TO THE TIME RESTRICTED NATURE OF THE LIMITED TOUR
AR PROGRAM, LIMITED TOUR AR MARINES WILL NOT COMPETE FOR
PROMOTION WITHIN THE AR CATEGORY.   LIMITED TOUR AR MARINES WILL
COMPETE FOR PROMOTION WITHIN THE SMCR CATEGORY BY MILITARY
OCCUPATIONAL SPECIALTY (MOS).   LIMITED TOUR AR MARINES MAY
COMPETE FOR SELECTION TO 1STSGT.   HOWEVER, IF SELECTED, THEIR
LIMITED TOUR AR CONTRACTS WILL BE TERMINATED ON THE FIRST DAY
OF THE FOURTH MONTH AFTER THEIR PROMOTION TO 1STSGT IS EFFECTED.
NO EXCEPTIONS TO THIS POLICY WILL BE GRANTED.   POINTS OF CONTACT
FOR INFORMATION CONCERNING THIS POLICY ARE CAPTAIN UNZUETA, OR
STAFF SERGEANT SEAY AT DSN 278-9137/38 OR COMM (703) 784-9137/38.
6.   GUNNERY SERGEANTS AND FIRST SERGEANTS WHO ARE MEMBERS OF THE
IRR AND ARE ELIGIBLE FOR CONSIDERATION FOR SELECTION TO FIRST
SERGEANT AND SERGEANT MAJOR, RESPECTIVELY, WILL COMPETE FOR
SELECTION WITH THE SMCR MARINES.   THEREFORE, THESE IRR MARINES
MUST SUBMIT THEIR RESERVE QUALIFICATION SUMMARY (RQS), AND ANY OTHER
ADDITIONAL MATERIAL TO THE SMCR SELECTION BOARD NO LATER THAN 2359
ON 12 JANUARY 2004, THE CONVENING DATE OF THE SELECTION BOARD.   IRR
MARINES CONSIDERED FOR SELECTION TO FIRST SERGEANT WHO ARE NOT
SELECTED AND WHO ARE ELIGIBLE FOR SELECTION TO MASTER SERGEANT WILL
BE CONSIDERED FOR SELECTION TO MASTER SERGEANT WITHIN THE IRR
CATEGORY.
7.   TO BE CONSIDERED FULLY QUALIFIED FOR SELECTION, GUNNERY
SERGEANTS IN EITHER THE SMCR OR IRR WHO DESIRE TO BE CONSIDERED
FOR SELECTION TO FIRST SERGEANT MUST SUBMIT A LETTER TO THE
PRESIDENT OF THE SELECTION BOARD STATING THEIR WILLINGNESS TO
SERVE IN AVAILABLE FIRST SERGEANT BILLETS IF SELECTED FOR
PROMOTION TO FIRST SERGEANT.   THIS REQUIREMENT IS IN ADDITION TO
THE PME REQUIREMENTS THAT MUST BE MET TO BE CONSIDERED FULLY
QUALIFIED.   MAIL THE LETTER TO THE PRESIDENT OF THE BOARD IN A
SEPARATE ENVELOPE.   (I.E., MAIL OTHER UPDATE MATERIAL IN
A SECOND ENVELOPE.)
     A.   A SEPARATE MARADMIN MESSAGE WILL BE PUBLISHED BY THE
DIRECTOR, RESERVE AFFAIRS DIVISION THAT LISTS AVAILABLE SMCR FIRST
SERGEANT BILLETS.   THIS MARADMIN MESSAGE WILL PROVIDE FURTHER
GUIDANCE FOR SUBMITTING A LETTER TO THE PRESIDENT OF THE SELECTION
BOARD FOR MARINES DESIRING TO COMPETE FOR SELECTION TO FIRST
SERGEANT.
     B.   LETTERS FROM MARINES WHO DESIRE TO COMPETE FOR SELECTION
TO FIRST SERGEANT ARE DUE TO THE PRESIDENT OF THE FY 2004 RESERVE
SNCO SELECTION BOARD PRIOR TO 12 JANUARY 2004.
8.   THIS MARADMIN MESSAGE CONTAINS THE SELECTION ALLOCATIONS AND
ZONES FOR SMCR MARINES (INCLUDING LIMITED TOUR AR MARINES) AND IRR
MARINES.   THE ALLOCATIONS AND ZONES FOR AR MARINES WILL BE
PUBLISHED BY SEPARATE MARADMIN MESSAGE.
9.   ALL MARINES WHO ARE ELIGIBLE FOR CONSIDERATION BY THE
SELECTION BOARD MUST HAVE PME REQUIREMENTS COMPLETED PRIOR TO 21
OCTOBER 2002.   THOSE MARINES WHO HAVE NOT COMPLETED THE
APPROPRIATE LEVEL PME PRIOR TO THE CONVENING DATE OF THE
SELECTION BOARD WILL BE CONSIDERED LESS THAN FULLY QUALIFIED FOR
PROMOTION.   THE COMPLETION OF RESIDENT PME COURSES WILL NOT
FULFILL NONRESIDENT PME REQUIREMENTS.   ALL ELIGIBLE MARINES
SHOULD REVIEW THE FOLLOWING BY-GRADE PME REQUIREMENTS.
     A.   GUNNERY SERGEANTS ELIGIBLE FOR CONSIDERATION TO FIRST
SERGEANT MUST HAVE COMPLETED THE SNCO CAREER NONRESIDENT PROGRAM/
SNCO CAREER DISTANCE EDUCATION PROGRAM (MCI PROGRAM 7100) OR THE
SNCO CAREER RESIDENT COURSE OR RESERVE CAREER COURSE; AND THE
SNCO ADVANCED NONRESIDENT PROGRAM/SNCO ADVANCED DISTANCE EDUCATION
PROGRAM (MCI PROGRAM 7200); AND THE WARFIGHTING SKILLS PROGRAM

(MCI PROGRAM 7400) AND THE STAFF NONCOMMISSIONED OFFICER ADVANCED
RESIDENT COURSE OR RESERVE ADVANCE COURSE; OR COMPLETED THE SNCO
CAREER NONRESIDENT PROGRAM/SNCO CAREER DISTANCE EDUCATION PROGRAM
(MCI PROGRAM 7100) OR THE SNCO CAREER RESIDENT COURSE OR RESERVE
CAREER COURSE; AND THE SNCO ADVANCED NONRESIDENT PROGRAM/SNCO
ADVANCED DISTANCE EDUCATION PROGRAM (MCI PROGRAM 8200); AND THE
STAFF NONCOMMISSIONED OFFICER ADVANCED RESIDENT COURSE OR RESERVE
ADVANCE COURSE.  FOR MARINES WHO HAVE SUCCESSFULLY COMPLETED
RECRUITER SCHOOL, DRILL INSTRUCTOR SCHOOL OR MARINE SECURITY GUARD
SCHOOL (AT ANY TIME IN THEIR CAREER SINCE BEING PROMOTED TO
CORPORAL) AND HAVE COMPLETED THE SNCO ADVANCED NONRESIDENT PROGRAM,
COMMANDERS MAY, AT THEIR DISCRETION, SUBSTITUTE ONE OF THE
AFOREMENTIONED SCHOOLS FOR THE SNCO ADVANCED RESIDENT PROGRAM
REQUIREMENT.  REF A APPLIES.  THE CODE TO REPORT EQUIVALENCY FOR THE
SNCO ADVANCED RESIDENT PROGRAM IN THE MARINE CORPS TOTAL FORCE
SYSTEM (MCTFS) IS L77.  TO BE CONSIDERED
FULLY QUALIFIED ON THE BASIS OF EQUIVALENCY, MARINES MUST ENSURE THE
EQUIVALENCY CODE IS REPORTED IN MCTFS BEFORE THE CONVENING DATE OF
THE SELECTION BOARD.
    B.  GUNNERY SERGEANTS ELIGIBLE FOR CONSIDERATION TO MASTER
SERGEANT MUST HAVE COMPLETED THE SNCO ADVANCED NONRESIDENT
PROGRAM (MCI PROGRAM 7200) AND THE WARFIGHTING SKILLS PROGRAM
(MCI PROGRAM 7400) OR THE SNCO ADVANCED DISTANCE EDUCATION PROGRAM
(MCI PROGRAM 8200) TO BE CONSIDERED FULLY QUALIFIED.
    C.  STAFF SERGEANTS ELIGIBLE FOR CONSIDERATION TO GUNNERY
SERGEANT MUST HAVE COMPLETED THE SNCO CAREER NONRESIDENT PROGRAM
(MCI PROGRAM 7100) TO BE CONSIDERED FULLY QUALIFIED.
    D.  SERGEANTS ELIGIBLE FOR CONSIDERATION TO STAFF SERGEANT
MUST HAVE COMPLETED THE SERGEANTS NONRESIDENT PROGRAM (NOW TITLED
SERGEANTS DISTANCE EDUCATION PROGRAM) (MCI PROGRAM 8000) OR, THE
NCO BASIC NONRESIDENT PROGRAM (MCI PROGRAM 7000) OR, THE MARINE NCO
MCI COURSE 03.3K (OR EARLIER EDITIONS OF THIS COURSE) TO BE
CONSIDERED FULLY QUALIFIED.
10.  MEMBERS OF THE SMCR AND IRR IN THE GRADES OF SERGEANT THROUGH
FIRST SERGEANT/MASTER SERGEANT ARE ELIGIBLE TO COMPETE FOR SELECTION
TO THE NEXT HIGHER GRADE BY OCCUPATIONAL FIELD (OCCFLD), PROVIDED
THEY MEET THE DATE OF RANK (DOR) AND PAY ENTRY BASE DATE (PEBD),
CUTOFFS SHOWN IN PARAGRAPH 14.
11.  THE DOR AND PEBD CUTOFFS SHOWN IN PARAGRAPH 14 ARE USED TO
ESTABLISH THE MINIMUM ELIGIBILITY REQUIREMENTS FOR SELECTION.  THE
PEBD IS USED TO ESTABLISH SENIORITY AND ELIGIBILITY IN EACH OCCFLD
FOR THOSE MARINES WHO HAVE THE SAME DOR.  PARAGRAPH 3103.4 OF
REF B CITES EXAMPLES AND CONTAINS A DETAILED EXPLANATION.
12.  COMMANDERS AND INSPECTOR-INSTRUCTORS WILL:
    A.  ENSURE ALL ELIGIBLE MARINES WITHIN THEIR COMMANDS ARE
NOTIFIED OF THEIR PROMOTION ELIGIBILITY.
    B.  ENSURE THE ACCURACY OF DATA ELEMENTS IN MCTFS FOR THOSE
MARINES ELIGIBLE FOR PROMOTION CONSIDERATION, REGARDLESS OF ZONE.
SPECIFIC DATA ELEMENTS INCLUDE, BUT ARE NOT LIMITED TO, DATE OF
RANK, PAY ENTRY BASE DATE, ARMED FORCES ACTIVE DUTY BASE DATE,
PROFESSIONAL MILITARY EDUCATION, SERVICE SCHOOLS, PRIMARY
MILITARY OCCUPATIONAL SPECIALTY (PMOS), INTENDED MILITARY
OCCUPATIONAL SPECIALTY (IMOS), PHYSICAL FITNESS TEST SCORE,
MARKSMANSHIP SCORE, PERSONAL AWARDS, ASSIGNMENT TO AND REMOVAL
FROM WEIGHT CONTROL/MILITARY APPEARANCE PROGRAM, ETC.  ANY
CORRECTIONS SHOULD BE REPORTED IN MCTFS AND SUBMITTED AS UPDATE
MATERIAL BY THE ELIGIBLE MARINE TO THE PRESIDENT OF THE FY 2004
RESERVE SNCO SELECTION BOARD.
    C.  ENSURE THOSE ELIGIBLE MARINES WHO VOLUNTARILY REQUEST NOT
TO BE SELECTED ARE COUNSELLED PER REF B AND SUBMIT THEIR REQUESTS IN
THE PROPER FORMAT.
13.  OCCFLD ALLOCATIONS FOR THE IRR WILL BE THE HIGHER OF THE
FOLLOWING TWO CALCULATIONS:
    A.  10 PERCENT OF THE CORRESPONDING SMCR ALLOCATION, OR
    B.  THE REMAINING BALANCE OF REQUIRED ALLOCATIONS THAT COULD NOT
BE ALLOCATED TO THE SMCR DUE TO ELIGIBLE POPULATION SHORTFALLS.
14.  TENTATIVE ALLOCATIONS AND ZONE CUTOFFS FOR THE SMCR AND IRR
ARE LISTED BELOW:
                  FIRST SERGEANT TO SERGEANT MAJOR

MCBUL 1430, FY04 RESERVE STAFF NONCOMMISSIONED OFFICER                    Page 4 of 7

| IRR ALLOC | SMCR ALLOC | OCC FLD | ABOVE ZONE JR DOR PEBD | PROMOTION ZONE JR DOR PEBD | BELOW ZONE JR DOR PEBD |
|---|---|---|---|---|---|
| NA | 20 | 99 | 991101 830218 | 001101 850503 | 010101 790322 |

MASTER SERGENT TO MASTER GUNNERY SERGEANT

| IRR ALLOC | SMCR ALLOC | OCC FLD | ABOVE ZONE JR DOR PEBD | PROMOTION ZONE JR DOR PEBD | BELOW ZONE JR DOR PEBD |
|---|---|---|---|---|---|
| 1 | 5 | 03 | NA   NA | 020201 791205 | NA   NA |
| 1 | 1 | 06 | 970101 770116 | 970101 830817 | 980101 751215 |
| 1 | 2 | 13 | 950101 801224 | 970101 750226 | 970101 760823 |
| 1 | 2 | 33 | NA   NA | 980101 760104 | 980101 811106 |
| 1 | 3 | 35 | NA   NA | 980101 770930 | 980101 780609 |
| 0 | 0 | 40 | SEE 06XX | | |
| 1 | 1 | 65 | NA   NA | 980101 800717 | 000801 820220 |

NOTE:  MARINES IN THE 06XX AND 40XX OCCFIELD WILL COMPETE FOR THE
SAME ALLOCATIONS.
THE FOLLOWING OCCFLDS ARE CLOSED:  01XX, 02XX, 04XX, 05XX, 08XX,
11XX, 18XX, 21XX, 23XX, 26XX, 28XX, 30XX, 31XX, 34XX, 43XX, 44XX,
46XX, 55XX, 57XX, 58XX, 59XX, 60XX, 61XX, 62XX, 63XX, 64XX, 66XX,
68XX, 70XX, 72XX AND 73XX.

GUNNERY SERGEANT TO FIRST SERGEANT

| IRR ALLOC | SMCR ALLOC | OCC FLD | ABOVE ZONE JR DOR PEBD | PROMOTION ZONE JR DOR PEBD | BELOW ZONE JR DOR PEBD |
|---|---|---|---|---|---|
| NA | 55 | 99 | NA   NA | 000101 960101 | NA   NA |

GUNNERY SERGEANT TO MASTER SERGEANT

| IRR ALLOC | SMCR ALLOC | OCC FLD | ABOVE ZONE JR DOR PEBD | PROMOTION ZONE JR DOR PEBD | BELOW ZONE JR DOR PEBD |
|---|---|---|---|---|---|
| 1 | 3 | 01 | 970101 800715 | 970101 820716 | 970101 820826 |
| 1 | 1 | 03 | 970101 820916 | 970101 870518 | 980101 770613 |
| 1 | 3 | 04 | 920101 740906 | 950101 841130 | 960101 810326 |
| 1 | 2 | 11 | 960101 850307 | 980101 840131 | 980101 840626 |
| 1 | 6 | 13 | 950101 820226 | 970101 820219 | 970101 840921 |
| 1 | 2 | 18 | 990301 850228 | 991101 870616 | 000101 810921 |
| 1 | 1 | 28 | 970101 870124 | 990201 850528 | 990601 880708 |
| 1 | 4 | 30 | NA   NA | 960101 820401 | 960101 820917 |
| 1 | 1 | 33 | 970101 850523 | 980101 820423 | 980101 850830 |
| 1 | 2 | 59 | NA   NA | 960101 850911 | NA   NA |
| 1 | 2 | 60 | 970101 831019 | 970101 850912 | 970101 860404 |
| 1 | 1 | 62 | 960101 831219 | 970101 800518 | 970101 831024 |
| 1 | 1 | 63 | NA   NA | 000901 830418 | NA   NA |
| 1 | 2 | 65 | 980101 850624 | 991001 861115 | 000201 840823 |
| 1 | 1 | 66 | 940101 810320 | 960101 840221 | 960101 840320 |
| 1 | 3 | 70 | 960101 831109 | 970101 861215 | 010201 830712 |
| 1 | 1 | 72 | 000101 840124 | 001001 870614 | 001001 880322 |

THE FOLLOWING OCCFLDS ARE CLOSED:  02XX, 05XX, 06XX, 08XX, 21XX,
23XX, 26XX, 31XX, 34XX, 35XX, 40XX, 41XX, 43XX, 44XX, 46XX, 57XX,
58XX, 61XX,64XX, 68XX, AND 73XX.

STAFF SERGEANT TO GUNNERY SERGEANT

| IRR ALLOC | SMCR ALLOC | OCC FLD | ABOVE ZONE JR DOR PEBD | PROMOTION ZONE JR DOR PEBD | BELOW ZONE JR DOR PEBD |
|---|---|---|---|---|---|
| 88 | 26 | 01 | 010501 901031 | 011101 931220 | NA   NA |
| 1 | 5 | 04 | 970501 881117 | 980101 890314 | 980101 890911 |
| 1 | 1 | 05 | 010201 890524 | 011001 960129 | NA   NA |
| 1 | 14 | 13 | 970101 900521 | 980101 911204 | 990201 900703 |
| 1 | 5 | 23 | 980101 861126 | 010301 890911 | 010801 930602 |
| 1 | 9 | 28 | 010501 890531 | 020601 930517 | NA   NA |
| 2 | 17 | 30 | 980101 880419 | 010401 861221 | NA   NA |
| 1 | 2 | 31 | NA   NA | 000701 900320 | 010101 880926 |
| 1 | 10 | 33 | 001201 940613 | 020401 910709 | NA   NA |
| 1 | 2 | 35 | 980101 850510 | 980101 860108 | 980101 860226 |
| 1 | 2 | 60 | 010501 910707 | 020201 940711 | NA   NA |
| 1 | 3 | 64 | 980101 830830 | 980101 920908 | 000301 891115 |
| 1 | 2 | 66 | NA   NA | 010901 920614 | NA   NA |
| 1 | 10 | 70 | 000401 911210 | 010701 860612 | NA   NA |

THE FOLLOWING OCCFLDS ARE CLOSED:  02XX, 03XX, 06XX, 08XX, 11XX,
18XX, 21XX, 26XX, 34XX, 40XX, 41XX, 43XX, 44XX, 46XX, 57XX, 58XX,
59XX, 61XX, 62XX, 63XX, 65XX, 68XX, 72XX, AND 73XX.

SERGEANT TO STAFF SERGEANT

| IRR ALLOC | SMCR ALLOC | OCC FLD | ABOVE ZONE JR DOR PEBD | PROMOTION ZONE JR DOR PEBD | BELOW ZONE JR DOR PEBD |
|---|---|---|---|---|---|

```
8   80   01   980301 940618   010901 970219   020301 931012
1    2   02   970601 930802   970801 910820   970801 930810
1    5   13   991001 950627   991101 960129   000101 930712
1   12   30   970813 910809   990101 910917   990101 921110
1   12   33   010701 980603   020101 960624   020101 980602
1    3   43   000701 931220   030701 930925   NA     NA
1    2   59   010801 960903   030401 940618   030401 970714
1    4   60   010401 950705   010701 940712   011101 961210
1    1   63   000229 920515   000701 961007   001201 970210
1    2   64   000401 950808   010101 930426   010401 961118
1    5   66   001108 930208   020101 970804   020101 971201
```

THE FOLLOWING OCCFLDS ARE CLOSED:  03XX, 04XX, 05XX, 06XX, 08XX,
11XX, 18XX, 21XX, 23XX, 26XX, 28XX, 31XX, 34XX, 35XX, 40XX, 44XX,
46XX, 57XX, 58XX, 61XX, 62XX, 65XX, 68XX, 70XX, 72XX, AND 73XX.
NOTE:  MARINES WHO BELIEVE THEY WILL BE CONSIDERED IN THE WRONG
ZONE MUST NOTIFY THE CMC (MMPR-2), IN WRITING, BY 8 JANUARY 2004.
15.  IF YOU HAVE ANY QUESTIONS REGARDING OCCFLD ALLOCATIONS,
ZONES AND CUTOFFS, PLEASE CALL RESERVE AFFAIRS DIVISION (PLANS &
POLICY BRANCH (RAP)) AT DSN 278-9136/9137 OR COMM (703) 784-
9136/9137.
16.  ELIGIBILITY:
    A.  TO BE ELIGIBLE FOR CONSIDERATION BY THE FY 2004 RESERVE SNCO
SELECTION BOARD, MARINES, AS OF 12 JANUARY 2004, MUST BE A MEMBER
OF THE USMCR, BE SERVING ON EXTENDED ACTIVE DUTY AS RESERVE
RECRUITERS, BE SERVING ON TEMPORARY ACTIVE DUTY AS RECRUITER
AIDES, OR BE ASSIGNED TO ACTIVE DUTY FOR 180 DAYS OR LESS.  ALL
ELIGIBLE MARINES MUST MEET THE DOR/PEBD REQUIREMENTS.
    B.  THE TENTATIVE ALLOCATIONS AND ZONE CUTOFFS ARE SUBJECT TO
CHANGE AS A RESULT OF SMCR OR IRR TABLE OF ORGANIZATION
MODIFICATIONS.  FINAL CHANGES WHICH OCCUR WHILE THE BOARD IS IN
SESSION WILL BE ANNOUNCED IN THE SELECTION MARADMIN MESSAGE.
    C.  ALL MARINES WHO MEET THE ELIGIBILITY REQUIREMENTS WILL
COMPETE FOR SELECTION IN THE OCCFLD ASSIGNED AS OF THE DATE THE
SELECTION BOARD CONVENES PER PARAGRAPH 3100.3 OF REF B.
REQUESTS FOR PRIMARY OCCFLD/MOS CHANGES MUST BE SUBMITTED TO THE CMC
(RAM) FOR APPROVAL (POC:  SSGT GUEVARA, DSN 278-9105).  UPON
RECEIPT, THE CMC (RAM) WILL MAKE THE APPROPRIATE UNIT DIARY ENTRY
AND PROMPTLY REPORT THE CHANGE TO THE CMC (MMPR-2).  OCCFLD/PMOS
CHANGES WILL BE CLOSELY MONITORED BY THE CMC (RA).  (NOTE:  THE
IMPORTANCE OF COMPLIANCE WITH THE PROVISIONS OF THIS PARAGRAPH
CANNOT BE OVEREMPHASIZED.)
    D.  ALL CATEGORY CHANGES MUST BE COMPLETED AND REFLECTED IN
MCTFS PRIOR TO 12 JANUARY 2004 FOR PROPER PROMOTION CONSIDERATION
BY THE SELECTION BOARD.  MARINES WHO EFFECT THE FOLLOWING
CATEGORY TRANSFERS:  FROM ACTIVE COMPONENT TO THE SMCR OR ACTIVE
COMPONENT TO IRR, WHILE THE BOARD IS IN SESSION (12 JANUARY 2004
THROUGH COMPLETION) ARE NOT ELIGIBLE FOR CONSIDERATION.  IT IS
IMPERATIVE THAT ALL COMMANDERS/INSPECTOR-INSTRUCTORS REPORT ALL
EFFECTED COMPONENT CHANGES TO THE CMC (MMPR-2) VIA NAVAL MESSAGE.
SELECTION OF A MARINE IN THE INCORRECT COMPETITIVE CATEGORY IS
CONSIDERED AN ERRONEOUS SELECTION AND APPROPRIATE ACTION WILL BE
TAKEN TO REMOVE THE MARINES' NAME FROM THE SELECTION LIST.
PARAGRAPH 3200.2 OF REF B APPLIES.
17.  WARRANT OFFICER SELECTS WHO HAVE NOT BEEN APPOINTED AND WHO
MEET THE ELIGIBILITY REQUIREMENTS IN THEIR ENLISTED GRADE
ESTABLISHED IN PARAGRAPH 13, ABOVE, ARE ELIGIBLE FOR
NONCOMPETITIVE CONSIDERATION FOR PROMOTION BY THIS BOARD.  THE
CMC (MMPR-2) WILL FORWARD THE RECORDS OF ALL SUCH ELIGIBLE
MARINES TO THE BOARD FOR NONCOMPETITIVE CONSIDERATION FOR
PROMOTION.
18.  COMMANDERS/INSPECTOR-INSTRUCTORS ARE REQUIRED TO INFORM THE CMC
(MMPR-2) VIA NAVAL MESSAGE OF CIRCUMSTANCES REGARDING ANY MARINE
WHO IS ELIGIBLE FOR CONSIDERATION BY THESE BOARDS WHO IS THE
SUBJECT OF COMPLETED DISCIPLINARY ACTION (BY MILITARY OR CIVILIAN
AUTHORITIES) NOT PREVIOUSLY REPORTED ON EARLIER FITNESS REPORTS.
DISCIPLINARY ACTION IS CONSIDERED "COMPLETED" WHEN A MARINE IS
AWARDED NJP, OR CONVICTED BY A COURT-MARTIAL OR CIVILIAN COURT.
IF A MARINE IS EXONERATED VIA THE APPEAL PROCESS OR BY CONVENING
AUTHORITY ACTION, THERE MAY BE GROUNDS FOR REMEDIAL PROMOTION

CONSIDERATION.  COMMANDERS/INSPECTOR-INSTRUCTORS ALSO ARE REQUIRED TO INFORM THE CMC (MMPR-2) VIA NAVAL MESSAGE IF ANY ELIGIBLE MARINE IS ADMINISTRATIVELY REDUCED, DISCHARGED, OR EFFECTS AN INTERCOMPONENT/INTERCATEGORY TRANSFER.
19.   UPDATE MATERIAL IS INFORMATION PROVIDED BY AN ELIGIBLE MARINE TO A SELECTION BOARD.  THE FOLLOWING RULES APPLY TO THE SUBMISSION OF UPDATE MATERIAL TO THE SELECTION BOARD:
   A.   PERSONAL COMMUNICATION MUST BE RECEIVED NO LATER THAN THE CONVENING DATE OF THE BOARD, 12 JANUARY 2004. THE MAILING ADDRESS IS:
      PRESIDENT, FY 2004 RESERVE SNCO SELECTION BOARD
      HEADQUARTERS, U.S. MARINE CORPS (MMPR-2)
      HARRY LEE HALL
      17 LEJEUNE ROAD
      QUANTICO, VA 22134-5104
         (1) PERSONAL COMMUNICATION FROM AN ELIGIBLE MARINE MAY CALL ATTENTION TO ANY MATTER THE MARINE CONSIDERS IMPORTANT.
         (2) PERSONAL COMMUNICATION (E.G., LETTERS TO THE PRESIDENT OF THE BOARD, COPIES OF AWARD CERTIFICATES, PHOTOGRAPH, COPIES OF SCHOOL COMPLETION CERTIFICATES, ETC.) FROM AN ELIGIBLE MARINE MUST BE STAMPED RECEIVED AT HQMC ON OR BEFORE THE CONVENING DATE OF THE SELECTION BOARD.  ALL UPDATE MATERIAL IAW REF B PAR 3102.5 AND REF C PAR 6302.2 MUST BE SUBMITTED, SIGNED, AND ENDORSED BY THE ELIGIBLE MARINE OR IT WILL NOT BE FORWARDED TO THE SELECTION BOARD. FAX COMMUNICATION MUST BE RECEIVED BY 2359 ON THE CONVENING DATE OF THE BOARD.  THE FAX NUMBER IS:  COML (703) 784-9884 OR DSN 278-9884.
         (3) PERSONAL COMMUNICATION RECEIVED AFTER THE CONVENING DATE OF THE BOARD WILL NOT BE FORWARDED TO THE BOARD.
         (4) LETTERS FROM OTHER MARINES OR INDIVIDUALS REGARDING AN ELIGIBLE MARINE MAY BE SUBMITTED AS PERSONAL COMMUNICATION TO THE BOARD ONLY IF ENDORSED BY THE ELIGIBLE MARINE.  LETTERS RECEIVED FROM ANYONE NOT ENDORSED BY THE ELIGIBLE MARINE WILL NOT BE FORWARDED TO THE BOARD.
         (5) ALL MARINES ELIGIBLE FOR SELECTION CONSIDERATION BY THESE BOARDS WHO ANTICIPATE SEPARATING FROM THE MARINE CORPS MAY VOLUNTARILY SUBMIT A LETTER TO THE PRESIDENT OF THE SELECTION BOARD REQUESTING NOT TO BE SELECTED.  COMMANDERS MUST ENSURE THAT REQUIRED COUNSELLING HAS TAKEN PLACE PER PARAGRAPH 3103.9 OF REF B.
   B.   PER THE INSTRUCTIONS CONTAINED IN REFERENCES D, E, F, AND G, ALL ELIGIBLE MARINES ARE REQUIRED TO SUBMIT TO THE CMC, PRIOR TO THE CONVENING DATE OF THE BOARD AN OFFICIAL PHOTOGRAPH.  IF A MARINE DOES NOT HAVE ACCESS TO A CVIC, BUT CAN PRODUCE A DIGITAL PHOTOGRAPH PER THE REQUIREMENTS IN REFS D THROUGH G, FORWARD THE DIGITAL PHOTOGRAPH BY EMAIL VIA THE COMMAND CO, XO, OR SENIOR ENLISTED REPRESENTATIVE TO PHOTO@MANPOWER.USMC.MIL.  IF A DIGITAL PHOTO CANNOT BE FORWARDED, ELIGIBLE MARINES MAY SUBMIT A HARD COPY PHOTO DIRECTLY TO THE CMC (MMPR-2) AT THE ADDRESS IN PARAGRAPH 19.  HARD COPY PHOTOS WILL NOT BE FILED IN THE OMPF, NOR WILL THEY BE USED FOR ANY OTHER SELECTION BOARDS.
   C.   DO NOT SEND FITNESS REPORTS DIRECTLY TO THE CMC (MMPR-2). ALL FITNESS REPORTS MUST BE SENT TO THE FOLLOWING ADDRESS:
         HEADQUARTERS UNITED STATES MARINE CORPS (MMSB-32)
         2008 ELLIOT ROAD
         ROOM 320
         QUANTICO, VA 22134-5030.
THE ENVELOPE MUST BE MARKED - "CONTAINS FITREPS FOR SELECTION BOARD."  THE CMC (MMSB-32) MUST CERTIFY ALL FITNESS REPORTS PRIOR TO CONSIDERATION BY THE BOARD.  PER REF B, MARINES ARE RESPONSIBLE FOR ENSURING THEIR RECORDS ARE BOTH ACCURATE AND COMPLETE.  ACCORDINGLY, MISSING FITNESS REPORTS WILL NOT BE A BASIS FOR REQUESTING REMEDIAL PROMOTION CONSIDERATION IN THE EVENT OF FAILURE OF SELECTION.
   D.   IT IS RECOMMENDED THAT ALL PERSONAL COMMUNICATION TO THE SELECTION BOARD BE SENT SOONEST BY MAIL VICE FAX.  BECAUSE OF THE HIGH VOLUME OF MAIL AND FAX MATERIAL RECEIVED IN THE DAYS PRIOR TO CONVENING, THERE MAY BE UNDUE DELAYS IN RECEIVING AND PROCESSING DOCUMENTS.  ADDITIONALLY, FAX DOCUMENTS MAY NOT BE TRANSMITTED CLEARLY OR IN THEIR ENTIRETY.
   E.   THE ONLY METHODS OF VERIFYING RECEIPT OF CORRESPONDENCE OR PHOTOGRAPHS BY THE CMC (MMPR-2) ARE BY FORWARDING A COMPLETED

RETURN RECEIPT CARD, NAVMC 941, WITH ALL CORRESPONDENCE, AND BY
CHECKING THE ENLISTED PROMOTION SECTION WEB SITE LISTED IN
PARAGRAPH 26.  RECEIPT OF DIGITAL PHOTOGRAPHS SENT ELECTRONICALLY
OR BY EMAIL CAN BE VERIFIED VIA THE MMSB WEBSITE AT
WWW.MMSB.USMC.MIL.
20.  THE COMMANDING GENERAL, MARINE CORPS RECRUITING COMMAND
(MCRC), WILL ENSURE DISTRICT COMMANDERS REPORT THE NAME, GRADE,
OCCFLD, AND SOCIAL SECURITY NUMBER OF ALL ELIGIBLE RESERVE MARINES
ON ACTIVE DUTY IN THE RECRUITING PROGRAM TO THE CMC (MMPR-2) BY 7
JANUARY 2004.  DISTRICT COMMANDERS ARE TO ENSURE THE COMPONENT CODE
CD IS REFLECTED IN MCTFS.
21.  COMMANDERS/INSPECTOR-INSTRUCTORS OF MARINES WHO ARE CONSIDERED
ELIGIBLE BY VIRTUE OF PRIOR SERVICE, PER PARAGRAPH 3201 OF REF B,
MUST SUBMIT A MESSAGE TO THE CMC (MMPR-2) IN THE FORMAT PROVIDED IN
APPENDIX D OF REF B BY 2359 ON 20 OCTOBER 2003.  LATE REQUESTS FOR
CONSIDERATION BASED ON PRIOR SERVICE WILL BE FILED WITHOUT ACTION.
22.  ALL SERGEANTS AND STAFF SERGEANTS WHO WERE PROPERLY RECOMMENDED
FOR ACCELERATED PROMOTION ON FITNESS REPORTS WITH PERIODS ENDING
BETWEEN 1 JULY 2002 THROUGH 31 DECEMBER 2003 WILL BE CONSIDERED FOR
ACCELERATED PROMOTION BY THIS BOARD.  IDENTIFICATION AND ELIGIBILITY
OF THESE MARINES ARE CONTINGENT UPON COMPLIANCE WITH REPORTING
PROCEDURES OUTLINED IN PARAGRAPHS 1003.3 AND 2004.3G OF REF H.
23.  PER PARAGRAPH 3200.2D OF REF B, THE FOLLOWING ADDITIONAL
CRITERIA WILL DETERMINE THE ELIGIBILITY FOR PROMOTION
CONSIDERATION FOR MEMBERS OF THE IRR.  THERE IS NO LONGER A
REQUIREMENT FOR A MARINE TO BE A MEMBER OF THE IRR FOR 6 MONTHS
PRIOR TO THE CONVENING DATE OF THE BOARD.
   A.  BE AN ACTIVE PARTICIPANT IN THE IRR (INDIVIDUALS MUST EARN
AT LEAST 27 POINTS IN THE ANNIVERSARY YEAR IMMEDIATELY PRECEDING
THE CONVENING DATE OF THIS BOARD TO BE CONSIDERED AN ACTIVE
PARTICIPANT OR HAVE BEEN PREASSIGNED TO A MOBILIZATION BILLET).  .
   B.  MEET THE ELIGIBILITY CRITERIA FOR PROMOTION TO THE NEXT
HIGHER GRADE AS DETERMINED BY THE COMMANDING GENERAL, MARINE CORPS
RESERVE SUPPORT COMMAND (MCRSC).
24.  THE COMMANDING GENERAL, MCRSC, WILL PROVIDE, NLT 7 JANUARY
2004, A LIST OF IRR MARINES TO BE CONSIDERED FOR PROMOTION TO THE
CMC (MMPR-2).  THE LIST WILL INCLUDE EACH MARINE'S NAME, SOCIAL
SECURITY NUMBER, PRESENT GRADE, OCCFLD, DOR, PEBD, AND DATE THE
MARINE JOINED THE IRR OR DATE ASSIGNED TO A MOBILIZATION BILLET.
25.  COMMANDERS/INSPECTOR-INSTRUCTORS ARE DIRECTED TO DISSEMINATE
THE INFORMATION CONTAINED IN THIS BULLETIN TO ALL ELIGIBLE MARINES
UNDER THEIR COGNIZANCE.  ALSO, PRIOR SERVICE RECRUITERS WILL NOTIFY
THEIR UNIT COMMANDERS OF ANY NEW JOIN THAT MAY BE IN ZONE FOR
SELECTION TO THE NEXT HIGHER GRADE.
26.  THIS BULLETIN IS APPLICABLE TO THE MARINE CORPS RESERVE AND
WILL BE POSTED TO THE PROMOTION BRANCH WEB SITE.  GO TO
WWW.USMC.MIL, THEN TO "CAREER," THEN "MILITARY," THEN "PROMOTIONS,"
THEN "ENLISTED PROMOTIONS."
27.  THIS BULLETIN IS CANCELLED 12 JANUARY 2005.//

Education Information

Page 1 of 1



**PERSONAL INFORMATION**

MSGT  JAMES S. FRAZIER  |  Logout  |  Help

Home  |  Resources  |  A Few Good... Links  |  Users Manual  |
Personal Info  |  Tools  |  Locator  |  My Account  |  My Messages  |  My Permissions  |  My OMPF  |

**Personal Reports**
Awards
BIR
BTR
CSB
Chronological Record
Education
Individual Medical Record
Operational Cultural
Information
Pay and Leave Summary
PersTempo
RED
Rank/MOS
TSP
**Personal Updates**
Contact Info
Family Readiness
Race/Ethnic
Religion
**RED Updates**
Update
**Update History**
Current Requests
Previous Requests

### Education Information Report

**Actions:** Personal Information Portal | Printer-Friendly View

**MSGT FRAZIER, JAMES S.**
RES RUC: 88871
Current as of: 25 Jul 2011

BILLET DESC:
RES COMPANY:                    RES PLT:            RES WS:

#### Service Service Schools/ Special Skills

| CODE | DESCRIPTION | STATUS | YEAR | CODE | DESCRIPTION | STATUS | YEAR |
|------|-------------|--------|------|------|-------------|--------|------|
| MB2 | WARFIGHTING SKILLS PROGRAM | PA | 2004 | MAM | MOTOR TRANSPORT NCO ADVANCED | PA | 2003 |
| MBM | MOTOR TRANSPORT CAREER | PA | 2003 | MBL | MOTOR TRANSPORT ADVANCE | PA | 2003 |
| T4B | CURRICULUM DEVELOPERS COURSE | PA | 2001 | L9F | 1STSGT/MSGT SEMINAR | PA | 1999 |
| T3X | SNCO ADVANCED NON-RES (7200) | | 1997 | T8A | SNCO CAREER | | 1987 |
| T8G | SNCO CAREER NONRESIDENT PROGRAM | PA | 1985 | 35Z | TRACTOR TRAILER OPERATOR | | 1982 |
| 35X | MOTOR VEHICLE OPERATOR | | 1974 | | | | |

#### MCI Courses Completed

| MCI COURSE | MCI NAME | COMPLETED DATE | GRADE | MCI COURSE | MCI NAME | COMPLETED DATE | GRADE |
|------------|----------|----------------|-------|------------|----------|----------------|-------|
| 7205ZZ | ADMINISTRATION | 1997/02/25 | A | 7203AZ | MILITARY JUSTICE | 1997/02/25 | A |
| 7202AZ | DRILL/CERE/INSP/AWAR | 1997/02/25 | A | 7201AZ | PHYSICAL TRNG MGMT | 1997/02/25 | A |
| 7200ZZ | SNCO ADV NONRES PROG | 1997/02/25 | A | 7401ZZ | TACTICAL FUNDS | 1997/11/03 | A |
| 7403ZZ | COMBAT TECH | 1997/11/05 | A | 7400ZZ | WFSK NONRES PROG | 2004/01/08 | A |
| 7405AZ | COMBINED ARMS | 2004/01/08 | A | 7403BZ | COMBAT TECH | 2004/01/08 | A |
| 7404AZ | MC LEADERSHIP | 2004/01/08 | A | 7401AZ | INTRO TO WARFIGHTING | 2004/01/08 | A |
| 7402AZ | SMALL UNIT TACT PROB | 2004/01/08 | A | | | | |

#### MCI Courses Active

**No Active MCI's on File**

#### MARINENET Courses Complete

**No Completed MARINENET Courses on File**

#### MARINENET Courses Active

**No Active MARINENET Courses on File**

#### Off-Duty Education

**No Off Duty Education Information on File**

#### Academic Test

**No Academic Test Information on File.**

#### Local Schools

| DATE | SCHOOL DESCRIPTION | SCHOOL LOCATION |
|------|--------------------|-----------------|
| 20030414 | ORM FUNDAMENTALS | CAMP JOHNSON |

2.1.10.24                                    tfas2.as69.5                                    26 Jul 2011 at 2138

ENCL: (4)

7/26/2011

033

Z4680034

# United States Marine Corps

The Marine Corps Institute

takes pleasure in presenting this diploma certifying that

## JAMES FRAZIER -



has met all the requirements and

has successfully completed the curriculum prescribed for

SNCO ADVANCED DISTANCE EDUCATION PROGRAM

Therefore, in recognition and in validation our signatures

and the Marine Corps Seal are hereunto affixed

this ___25th___ day of ___February___, 1997

DUPLICATE

ENCL (5)

034



# ROVING SANDS 2000

## Certificate of Achievement

is presented to

### MSgt James Frasier

FOR OUTSTANDING SERVICE DURING THE
JOINT THEATER AIR AND MISSILE DEFENSE EXERCISE
14-23 JUNE 2000



ENCL (2) (6)



# DEPARTMENT OF THE NAVY

## THIS IS TO CERTIFY THAT
## THE SECRETARY OF THE NAVY HAS AWARDED THE

# NAVY AND MARINE CORPS ACHIEVEMENT MEDAL



TO

### MASTER SERGEANT JAMES FRAZIER ██████ USMCR

FOR

"professional achievement in the superior performance of his duties while serving as Motor Transport Noncommissioned Officer in charge, Military Police Company B, Headquarters and Service Battalion, Fourth Force Service Support Group, Marine Forces Reserve, Inspector-Instructor Staff Pittsburgh PA. From 06 November 2000 to 21 January 2001. During this period, Master Sergeant Frazier consistently performed his duties in an exemplary and highly professional manner. His unparalleled devotion to duty, unbounded enthusiasm and steadfast perseverance, were key in this unit's most successful Toys for Tots campaign ever. Through the personal efforts of Master Sergeant Frazier, he first obtained the cost-free use of two tractor trailers and then conducted over 250 toy collection operations, logging over 6000 accident-free miles. Master Sergeant Frazier's gregarious and dynamic "Can-Do" attitude led the way in the operational and logistical success of collection, storage, segregation and distribution of over 200,000 toys that went out to over 60,000 area children. Master Sergeant Frazier's initiative and selfless devotion to duty reflected great credit upon himself and were in keeping with the highest traditions of the Marine Corps and United States Naval Service."

GIVEN THIS 30 DAY OF MAY, 2001

7-891

*R. A. Montgomery*

SECRETARY OF THE NAVY

R. A. MONTGOMERY
Lieutenant Colonel, U. S. Marine Corps
Commanding Officer

Encl: (7) ENCL: (7)

036



# Marine Corps Association

## CERTIFICATE OF ACHIEVEMENT

Master Sergeant JAMES S. FRAZIER

USMC

The Board of Governors of The Marine Corps Association
takes pleasure in presenting this award in recognition of high endeavor and superior
accomplishments while enrolled in a course of study in professional education
prescribed by the Commandant of the Marine Corps.

Given this _____ 12th _____ day of _____ December _____ 20 03

E.NCL. (8)

037

7



**UNITED STATES MARINE CORPS**
MARINE FORCES RESERVE
4400 DAUPHINE STREET
NEW ORLEANS, LOUISIANA 70146-5400

IN REPLY TO
1400
CMD

From:   Sergeant Major, Marine Forces Reserve
To:     President, Remedial Promotion Board

Subj:   LETTER OF RECOMMENDATION IN CASE OF MASTER SERGEANT
        JAMES S. FRAZIER ███████████████ USMCR

1.  This letter is to positively endorse MSgt Frazier's request
to be considered by the remedial promotion board.  MSgt Frazier
while in the IRR has continued to serve the Marine Coprs by
association and attending MOS schools to enhance his career and
become a better SNCO.  These are some of the things we ask the
Marines in the IRR to do, so they are fully qualified if called
on.

2.  MARADMIN 553/03 allocated 1 IRR and 2 SMCR in the 3500 OCC
field MARADMIN 095/04 notes that the final zone cutoffs allocated
2 to the 3500 OCC field, but 3 were selected from the SMCR.  This
appears to have been a mistake.  While it may not have been, what
happended to the 3500 allocation in the IRR? Perhaps the board
could look into this and decide if MSgt Frazier should bave been
looked at for promotion.

R. W. DIXON

*ENCL:(9)*

038

2 Dec 2008

Board for Corrections of Naval Records
2 Navy Annex, Room 2432
Washington, DC 20370-5100

Re:     Case of MSGT JAMES S. FRAZIER, JR., USMC
        Docket # 2503.08

1. This is submitted in support of MSGT Frazier's request for a retro promotion to
Master Gunnery Sergeant.

2. MSGT Frazier served in my MTU VA03 as a Battlefield Assessment SNCO from
940322 to 960620.   During that time, then GYSGT Frazier participated in very high
level analysis of intelligence information derived from USMC operating field units.  On
several occasions, GYSGT Frazier was assigned to special projects for USMC Manpower
Division at HQMC.

3. GYSGT Frazier was an exceptionally competent Marine with outstanding skill in
mission analysis.  He was highly competent with organizational and analytical methods.
His contribution during the time of my command had an immeasurable effect on the
Warfighting Development Integration division.

4. GYSGT Frazier displayed consistently outstanding leadership capability and
commanded respect from other Marines.  He has more than proven his ability to function
as a Master Gunnery Sergeant.

5. I wish to extend my highest recommendation for a positive conclusion by the BCNR.


Thomas D. Affourtit, Ph.D.
Lieutenant Colonel, USMCR (Ret)


ENCL: (10)



**UNITED STATES MARINE CORPS**
II MARINE EXPEDITIONARY FORCE
PSC BOX 20080
CAMP LEJEUNE, NORTH CAROLINA 28542-0080

IN REPLY REFER TO:

11240
MTO/MMO
19 Apr 00

From:  Commanding General, II Marine Expeditionary Force
To:    Commandant of the Marine Corps (Code MPC-60)
Via:   Commander, U.S. Marine Forces Atlantic

Subj:  Active Duty Special Work Extension; case of MSgt J. S. Frazier ▮▮▮▮▮▮▮
       USMCR

1. Frazier, James S.▮▮▮▮▮▮▮/USMCR

2. Motor Transport Chief

3. Justification:  MSgt Frazier was brought on ADSW to support II MEF Motor Transport contingency planning and operations, and to assist in the proper fielding of Motor Transport equipment.  His importance to the MEF in ensuring the readiness of Motor Transport equipment remains his primary function.  Having a Marine with MSgt Frazier's knowledge, dedication, and drive enables the Command Element of II MEF to proactively engage motor transport projects and issues that effect readiness.

   a.  A few examples of his daily responsibilities are:

      (1) Conducts contingency ground transportation planning.

      (2) Monitors and coordinates corrective action for II MEF Motor Transport Equipment readiness.  Proactive action mitigates problem areas.

      (3) Participates as a senior inspection team member of the II MEF Supply Logistics Analysis Program. Critical to deploying MAGTF readiness.

      (4) Constructs Traffic Control Plans in support of II MEF Operations and Exercises.

      (5) Coordinates the fielding of the HMMWVA2, KLR 650 Motorcycle, and Interim Fast Attack Vehicle.

      (6) Coordinates and monitors the II MEF Corrosion Prevention and Coating program

      (7) Communicates with and coordinates Depot level repairs and programs for II MEF Motor Transport Equipment.

   b.  We need this Marine to REMAIN on ADSW until 15 Sept 00 because:

ENCL:(11)

040

(1) The contingency that MSgt Frazier was brought on active duty for continues; the requirement to have a Senior SNCO with the ability to develop Movement Control and Traffic Control Plans on the MEF staff validates the need for this billet to remain filled.

(2) If this billet becomes vacant, our daily management of II MEF Motor Transport equipment readiness will become one of reaction versus proaction. The detailed, hands on nature of fielding new equipment to our MSCs requires proper attention. Loss of this ADSW Marine will limit the ability of the MEF to properly field motor transport equipment.

(3) II MEF G-4 is not staffed with an active duty Marine to fill this billet. This billet will become vacant if not for the funding made available due to the continuing contingency that MSgt Frazier was brought on active duty for. Civilian employment was considered and rejected because of requirement for operational experience and potential for deployment.

c. MSgt Frazier possesses the appropriate character and leadership attributes required to successfully function in a staff position. He is knowledgeable in his PMOS, as well as maintenance management, and is in tune with Marine Corps and II MEF policies. His unique attention to detail, initiative, and knowledge of Motor Transport equipment make him an extremely valuable member of the II MEF G-4. He routinely coordinates with other MEF staff sections and interfaces with major subordinate command commodity sections daily. This function requires a person with superb communication and human relation skills. He is doing a superior job.

4. POC at II MEF is Maj Kevin J Shusko, II MEF G-4 MMO/MTO, DSN: 751-8365/8900.

B. L. GRICE
By direction

**IRI**  **INTERACTION RESEARCH INSTITUTE, INC.**
**4428 ROCKCREST DRIVE · FAIRFAX, VIRGINIA 22032**

May 25, 1999

## *Memorandum*

From   :   Lieutenant Colonel Thomas D. Affourtit, USMC (Ret)

To   :   Performance Evaluation Review Board, Headquarters, USMC

Subj   :   Letter of Recommendation; case of Master Sergeant James S. Frazier, USMC

1.  Master Sergeant James S. Frazier served in my command, MTU VA 03 (Battle Assessment) MCCDC Quantico, VA, as the senior SNCO (then GYSGT) during the 1994 to 1996 time frame. GYSGT Frazier was responsible for all phases of battle assessment from planning through execution, and finally reporting of results that were critical to the readiness of the FMF.

2.  In this assignment GYSGT Frazier displayed outstanding innovative and organizational skills. He was a highly competent and dependable SNCO who set priorities and goals, and accomplished them with superlative results. His "can do" philosophy and his leadership capability were inspirational to the other members under his charge. GYSGT Frazier's membership was a great asset to the command while providing essential support to Marines.

3.  At my request GYSGT Frazier was activated in 1996 to work with me on the *Whole Person Officer Selection Program* a highly visible effort initiated by M&RA at HQMC. His performance under extremely demanding time constraints was truly remarkable. GYSGT Frazier was able to assemble and analyze a large amount of data and rationally categorize distinct characteristics that represent officer selection criteria. His ability to prepare and support briefings to the Director of M&RA, AWS, and TBS were of great benefit to this program and to the Marine Corps.

4.  I have followed MSGT Frazier's career since my retirement in 1997 and I have found him to continuously dedicate himself to the Marine Corps in an exemplary manner. I have communicated with other senior officers with whom he has served who share my opinion of him.

5.  In summary, I have known Master Sergeant James S. Frazier for six years, and have always considered him a dedicated, professional Marine of the highest moral character. He receives my

(703) 273-0411 · Fax (703) 273-1774 · Email: irihic@aol.com · www.irihic.com

ENCL: (12)

763

042

highest recommendation in whatever endeavor he seeks.  Any derogatory comment in his record
is most assuredly in error.

Thomas D. Affourtit, Ph.D.
Lieutenant Colonel USMC (Ret)

2



**UNITED STATES MARINE CORPS**
MARINE CORPS COMBAT DEVELOPMENT COMMAND
QUANTICO, VIRGINIA 22134-5001

IN REPLY REFER TO:
1000
C 38
25 Jan 94

From:   Lieutenant Colonel Craig R. Wallwork  029 38 4647/0180
        USMCR
To:     President, Enlisted Full-Time Support Board

Subj:   RECOMMENDATION FOR GUNNERY SERGEANT JAMES S. FRAZIER
        ████████████ USMCR

1.  I had the opportunity to serve with Gunnery Sergeant James S.
Frazier while assigned as Executive Officer of the Marine
Detachment, Central Joint Mortuary Affairs Office 436 Service
Port Mortuary, Dover Air Force Base, Dover, DE during Operation
Desert Storm.  At that time, then Staff Sergeant Frazier was
assigned to the Personal Effects section, a unit comprised of
members from all services.

2.  Despite the arduous and difficult nature of mortuary work,
and the challenges inherent in a Joint Services environment, he
displayed a professional and positive attitude throughout the
assignment.  In addition, he exuded a meticulous attention to
detail in his work and personal appearance.  He was available to
counsel and serve as an example to both our Marines and the
enlisted personnel from the other Services.  The quality of work
performed by his section of Marines was the subject of laudatory
comments by officers from the other Services, resulting in the
awarding of an Army Achievement Medal for his services.  He also
volunteered for additional duties, serving as training chief,
assisting the training officer in organizing the training
requirements and records keeping associated with standing up a
Detachment of 93 Marines assigned to various sections on rotating
shifts.

3.  His enthusiasm and professionalism under difficult conditions
made him an asset to the detachment and I believe he will be a
similar asset to any organization to which he might be assigned.
I strongly recommend Gunnery Sergeant Frazier for the FTS
program.

*C. Wallwork*

C. R. WALLWORK

ENCL: (13)

044



Carl A. Mecca Jr.

11 Feburary 1994

From:     Major Carl A. Mecca Jr. 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 / 0302/0107
To:       President of Enlisted Full Time Support Board FY-95

Subj:     Letter of Recommendation, Case of Gunnery Sergeant James S
          Frazier

1. Staff Sergeant Frazier was assigned to the Headquarters section which
supported FPLX Certain Support 93. He held the billet of the Transportation
SNCO. This was a joint exercise focusing on an operations plan for a
Commander in Chief of a major regional contingency (MRC). The Staff
Sergeant was tasked to provided vehicles or transportation for the members
of the Marine contingent assigned to participate in this exercise.

2. The Staff Sergeant preformed his duties in exemplary manner, he related
well with officers and provided sound guidance to enlisted personnel.using
his persuasive manner and initiative he was able to uptain a number of
vehicles from our Host the U.S Army. This SNCO arrived early and was the
last to leave. He continually went out of his way to solve problems that arose
thruout the exercise, and was instrumental in the successful performance
of the marine  contingent.

3. He demonstrated a sound professional background, initiative, and
accomplished is mission with minimal guidance, his decisions were
practical and judgement sound.

4. Staff Sergeant Frazier appears to have the ability and desire for continued
professional growth and contributions to the Marine Corps. I would not
hesitate in having Staff Sergeant Frazier as a member of my staff. I highly
recommend him to any unit, he would prove to be a viable and positive asset
to that particular command

5. Should you have any additional questions regarding Staff Sergeant
Frazier ,I can be reached at (201) 375-4035.

Carl A. Mecca Jr
Major U.S.Marine Corps Reserve

ENCL: (14)

045

1000
KEJ
16 Feb 94

From:  Major K. E. JOHNS
To:    Commandant of the Marine Corps

Subj:  FULL TIME SUPPORT (FTS) APPLICATION CASE OF GUNNERY SERGEANT
       JAMES S. FRAZIER

1.  I recommend that Gunnery Sergeant Frazier be selected for the FTS program
with the utmost enthusiasm.  He is one of the finest Staff Noncommissioned
Officers known to this officer.  I had an opportunity to meet Gunnery Sergeant
Frazier during June 1993, while I was assigned as the Headquarters Commandant
for the Marine Forces at the Force Projection Logistics Exercise (FPLEX).
From day one I was impressed by Gunnery Sergeant Frazier's intelligence,
persistence and ability to get the job done in a superb manner.  As a Staff
Sergeant at the time, he displayed a vast knowledge of motor transport in
particular and the logistics function in general to a degree more commonly
seen in Marines more senior in rank.

2.  Gunnery Sergeant Frazier was able to quickly make contacts and learn
procedures while determining requirements to assure that the Marine Forces had
adequate vehicles and equipment.  In addition to contributing to the
accomplishment of the mission, Gunnery Sergeant Frazier looked out for the
Marines junior to him in a noteworthy manner.  In sum, assigning Gunnery
Sergeant Frazier a task equated to its completion in a most outstanding
manner.

3.  It is further noted that he is the epitome of the Total Force Marine
and quickly works to establish professional relationships with all Marines
and members of other services.  In this regard he is particularly well
suited to serve in the Full Time Support (FTS) Program.  I have always
believed since meeting Gunnery Sergeant Frazier that he would eventually seek
to return to Active Duty.  I also believe that his service in a civilian
capacity at Marine Corps Base, Quantico, Virginia has broadened his outlook
and can only enhance his service to the United States Marine Corps.

                          Most Respectfully,

                          K. E. JOHNS
                          Major, USMCR

ENCL: (15)

046

Date: 16 Dec 02

## ISC NEW ORLEANS CIVILIAN OF THE QUARTER NOMINATION FORM

1. **GS-9 James Frazier** is hereby nominated for the ISC New Orleans Enlisted Person of the Quarter for period ending 31 December 2002.

2. The following specific examples define the professional character of this individual:

a. **Performance.** Since joining Team Coast Guard on 1 April 2002, James Frazier has exemplified an industrious work ethic and improved the performance of the Property & Logistics Branch immensely. This branch comprises the following functional aspects: the management of motor transport fleet assets and leased space activities associated with ISC NOLA and District 8 operational units in the lower half of the Area of Responsibility (AOR) comprising 114 units. His exemplary performance reflects an increase in the branch's effectiveness and maximum utilization of approximately 350 General Services Administration (GSA) vehicles, his acquisition of non-GSA vehicles to complement the increasing operational demands of this unit and the ISC NOLA, and his resourceful management of GSA Leased Space represents the maximum utilization of leased space. Finally, his administrative, technical, and operational experience, training, and education demonstrate overall his professional knowledge, skills, and abilities to attain the organization goals of this command as well as supported units.

b. **Leadership.** James Frazier is an individual who takes great pride in his work His actions are epitomized by his diligence and attention to detail in planning, organizing, and controlling many of the sub-functions of the position. He exudes those requisite leadership traits of knowledge, decisiveness, integrity, courage (physical and moral), and initiative. Relevant examples of leadership principles exhibited during his tenure are: seeks and takes responsibility for his actions; is technically and tactically proficient, makes sound and timely decisions, and knows himself and seeks self-improvement. His ability to get the job done in the face of adversity speaks highly of this individual in the resolute determination to accomplish the myriad of service support missions, as required.

c. **Teamwork.** His teamwork approach is representative of his interaction with peers and subordinates alike within the Comptroller Division. Mr. Frazier has taken the time and effort to train, coach, and develop his employee on the basics and intricacies of motor fleet transportation. He has elevated the roles and missions of the branch in support of the command to new heights.

d. **Military/Civilian Appearance.** Mr. Frazier exudes a professional and caring demeanor to all employees requesting his branch's efforts. His professional appearance reflects an individual who is meticulous, well dressed and well groomed.

e. **Community Involvement.** As a civilian employee/Marine Reservist, Mr. Frazier participates in the giving of his free time to the local community by volunteering to assist in the United States Marine Corps "Toys for Tots" Program. He has devoted free time willingly in the promotion, collection, and distribution of new toys at Christmas time.

f. **Other Accomplishments/Comments.** Additionally, Mr. Frazier has accomplished the following actions: provided training during Captain's Call/all Hands Training on the proper utilization of government vehicles; coordinated a number of motor vehicle accident investigations; supplied GSA assets in support of ISC for funeral details, color guards, force protection and physical security measures; and licensed USCG service-members; and prepared motor fleet vehicles procedures.

3. Submitted by: N4 Division Comptroller, Lt. Ron Ealey, USCG.

ENCL: (16)

047