# ADMINISTRATIVE RECORD
# Volume II
# (pp. 48-101)

**George, Brian J CIV BCNR**

| | |
|---|---|
| **From:** | James Frazier [ ███████████ ] |
| **Sent:** | Wednesday, August 03, 2011 11:10 AM |
| **To:** | George, Brian J CIV BCNR |
| **Subject:** | Re: FW: FW: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10 |

Brian

I sent a response to the latest MMPR-2 advisory opinion.  If you have not received it yet, you should shortly.  I want to add an additional comment though.  With my response I submitted enclosures (4 ) through (16) to demonstrate that if the BCNR went with the MMPR-2 contention they redacted my record, that the enclosures and my fitness reports which are all excellent to outstanding over the last 20 years, will demonstrate that without the promotion restriction and other supposedly redacted information, my record would surpass the remedial board MCO P1400.32D mandate to select "fully qualified" Marines 'vice' best and fully qualified Marines.. The enclosures (PME) and (MOS) training completion and my fitness reports place me above the "fully qualified" threshold and if my record was redacted as suggested, then I should have been selected on my record alone.  There is something inherently wrong here as I stated in my latest response.

James Frazier
███████████

On Wed, Jun 29, 2011 at 2:52 PM, George, Brian J CIV BCNR <brian.j.george@navy.mil> wrote:

> FYI
>
>
> -----Original Message-----
> From: Poleto CIV Frances S [mailto:frances.poleto@usmc.mil]
> Sent: Wednesday, June 29, 2011 2:47 PM
> To: George, Brian J CIV BCNR
>
> Subject: RE: FW: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10
>
> Brian,
>
> So sorry about this case taking so long, but I can assure you and the petitioner that there are no ulterior motives.  This is merely a matter of poor staff work. I finally got the case back from them today, with no changes made.  I just spoke to Maj Deneault and she promised me she would rewrite their advisory today, so I just sent the case back to them. While I have no faith that I will actually see this tomorrow, I do think I can say with confidence that you will have it early next week.  I hope this helps,
>
>
> Frances S. Poleto
>
> Head, Performance Evaluation
> Review Branch (MMER)
>
> Chairperson, Performance Evaluation
> Review Board (PERB)
> HQMC

1

703-784-9204/5

-----Original Message-----
From: George, Brian J CIV BCNR [mailto:brian.j.george@navy.mil]

Sent: Wednesday, June 29, 2011 12:55
To: Poleto CIV Frances S; Johnson CIV Nicole D
Cc: James Frazier
Subject: RE: FW: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

Frances,

   Can I please get an update on this case?  Obviously, Subj is growing frustrated with MMPR-1's delay.

   Brian J. George
   Board for Correction of Naval Records
   Head, Discharge Review Section
   2 Navy Annex, Suite 2432
   Washington, DC 20370-5100
   (703) 614-9833 <tel:%28703%29%20614-9833>
   FAX: (703) 614-9857 <tel:%28703%29%20614-9857>

   -----Original Message-----
   From: James Frazier [██████████████████]
   Sent: Wednesday, June 29, 2011 10:59 AM
   To: George, Brian J CIV BCNR
   Subject: Re: FW: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

   Brian

   How long are you going to let the Marine Corps do this?  They had asked for an extension that was over ten days ago.  It seems to me that ther may be some bias gonig on here?  What I submitted to the Federal District Court and the BCNR to include the excerts from the Marine Corps Enlisted Promotion Manual was very clear on my promotion issue.  The Marine Corps is being given unusual time and lattitude to come up with anything they can to circumvent the Marine Corps Order.  I am sure the BCNR would not have begiven me the same alttitude.  I believe at this juncture I will be forced to refiile my original complaint with the Federal District Court because the agreement has not been met in good faith amd thereby violated.


   On Tue, Jun 28, 2011 at 2:30 PM, George, Brian J CIV BCNR <brian.j.george@navy.mil> wrote:


      James,

      I still have not received your case back from HQMC.  I am ccing the appropriate individuals to get you a current status update.


      Brian J. George
      Board for Correction of Naval Records
      Head, Discharge Review Section

2

049

2 Navy Annex, Suite 2432
Washington, DC 20370-5100
(703) 614-9833 <tel:%28703%29%20614-9833>  <tel:%28703%29%20614-9833>
FAX: (703) 614-9857 <tel:%28703%29%20614-9857>  <tel:%28703%29%20614-9857>

-----Original Message-----
From: James Frazier [mailto: ███████████]

Sent: Tuesday, June 28, 2011 2:28 PM
To: George, Brian J CIV BCNR

Subject: Re: FW: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

Brian


        I know the Marine Corps asked for an extension until June 17, 2011 per the e-
mail you sent to me below.  What is the current status?  Did the Marine Corps submit the
response on the 17th of June?

        James


        On Thu, Jun 9, 2011 at 6:24 AM, George, Brian J CIV BCNR
<brian.j.george@navy.mil> wrote:

                James,

                FYI.

                Brian J. George
                Board for Correction of Naval Records
                Head, Discharge Review Section
                2 Navy Annex, Suite 2432
                Washington, DC 20370-5100

                (703) 614-9833 <tel:%28703%29%20614-9833>  <tel:%28703%29%20614-9833>
<tel:%28703%29%20614-9833>
                FAX:  (703) 614-9857 <tel:%28703%29%20614-9857>  <tel:%28703%29%20614-
9857>  <tel:%28703%29%20614-9857>

                -----Original Message-----

                From: Johnson CIV Nicole D [mailto:nicole.d.johnson@usmc.mil]


                Sent: Wednesday, June 08, 2011 4:28 PM
                To: George, Brian J CIV BCNR

                Subject: RE: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

                Brian,


                                    3

Maj Denault (MMPR) is still working on MSgt Frazier's case and has requested an extension until 17 Jun 2011.

Respectfully,
Ms. Nicole Johnson
BCNR Liaison/Recode Asst
Performance Evaluation Review Branch (MMER)
3280 Russell Road Quantico, VA  22134-5103
COMM (703)784-9204/9205
DSN  278-9204/9205

FAX (703)784-9848 <tel:%28703%29784-9848>  <tel:%28703%29784-9848> <tel:%28703%29784-9848>

https://www.manpower.usmc.mil/mmer


-----Original Message-----

From: George, Brian J CIV BCNR [mailto:brian.j.george@navy.mil]
Sent: Wednesday, June 08, 2011 12:56 PM
To: James Frazier
Cc: Johnson CIV Nicole D
Subject: RE: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

James,

I still have not received your case back from HQMC.  Your patience in this matter is appreciated.

Brian J. George
Board for Correction of Naval Records
Head, Discharge Review Section
2 Navy Annex, Suite 2432
Washington, DC 20370-5100

(703) 614-9833 <tel:%28703%29%20614-9833>  <tel:%28703%29%20614-9833> <tel:%28703%29%20614-9833>
FAX:  (703) 614-9857 <tel:%28703%29%20614-9857>  <tel:%28703%29%20614-9857> <tel:%28703%29%20614-9857>

-----Original Message-----
From: James Frazier [mailto: ███████████████]
Sent: Wednesday, June 08, 2011 10:55 AM
To: George, Brian J CIV BCNR
Subject: Re: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

Mr George

I still have not received a status update on my pending case per this e-mail.  Could you please provide me an status update as well as copies of any correspondence from the Marine Corps pertaining to my case.

Thank you in advance

4

051

James Frazier


On Mon, May 23, 2011 at 5:54 AM, George, Brian J CIV BCNR
<brian.j.george@navy.mil> wrote:


Nicole,

Thank you so much!

Brian J. George
Board for Correction of Naval Records
Head, Discharge Review Section
2 Navy Annex, Suite 2432
Washington, DC 20370-5100

(703) 614-9833 <tel:%28703%29%20614-9833>  <tel:%28703%29%20614-
9833>  <tel:%28703%29%20614-9833>  <tel:%28703%29%20614-9833>
FAX:  (703) 614-9857 <tel:%28703%29%20614-9857>
<tel:%28703%29%20614-9857>  <tel:%28703%29%20614-9857>  <tel:%28703%29%20614-9857>


-----Original Message-----
From: Johnson CIV Nicole D [mailto:nicole.d.johnson@usmc.mil]
Sent: Thursday, May 19, 2011 4:12 PM
To: George, Brian J CIV BCNR
Cc: Poleto CIV Frances S
Subject: RE: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

Brian,

The case is still at MMPR.  It is due back to us on 3 Jun 2011.  I
will be out of the office tomorrow, but I can give them a call on Monday if you need it
sooner.

Respectfully,

Ms. Nicole Johnson
BCNR Liaison/Recode Asst
Performance Evaluation Review Branch (MMER)
3280 Russell Road Quantico, VA  22134-5103
COMM (703)784-9204/9205
DSN  278-9204/9205

FAX (703)784-9848 <tel:%28703%29784-9848>  <tel:%28703%29784-9848>
<tel:%28703%29784-9848>  <tel:%28703%29784-9848>

https://www.manpower.usmc.mil/mmer


-----Original Message-----
From: Poleto CIV Frances S

5

052

Sent: Thursday, May 19, 2011 4:08 PM
To: Johnson CIV Nicole D
Subject: Fw: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

Please respond. Thanks
Frances S. Poleto
Head, Performance Evaluation
Review Branch (MMER)
HQMC
Office 703-784-9204/5
BBerry 703-955-1388


----- Original Message -----
From: George, Brian J CIV BCNR <brian.j.george@navy.mil>
To: Poleto CIV Frances S
Cc: jsf3537@gmail.com <jsf3537@gmail.com>
Sent: Thu May 19 14:56:29 2011
Subject: STAUS UPDATE IN FRAZIER CASE, DOC # 9126-10

Frances,

       We sent you Subj on 19 Apr 11 requesting another advisory opinion
from MMPR-2.  Could you please get me a current status?  Thank you so much!

Brian J. George
Board for Correction of Naval Records
Head, Discharge Review Section
2 Navy Annex, Suite 2432
Washington, DC 20370-5100

(703) 614-9833 <tel:%28703%29%20614-9833>  <tel:%28703%29%20614-
9833>  <tel:%28703%29%20614-9833>
FAX:  (703) 614-9857 <tel:%28703%29%20614-9857>
<tel:%28703%29%20614-9857>  <tel:%28703%29%20614-9857>  <tel:%28703%29%20614-9857>

053



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG:kes
Docket No. 09126-10
5 July 2011

MR JAMES S FRAZIER

Dear James S. Frazier:

This is in reference to your application for correction of your naval record.

Your case has been assigned to the Board's Performance Section. All correspondence pertaining to your case should be sent to the attention of this section.

The Board has received an advisory opinion, a copy of which is enclosed. The views set forth in this opinion are those of the office that submitted it, and are not binding on the Board or its reviewing authority. If you wish to respond to the advisory opinion or submit documentary material in support of your application, it is requested that you do so within 30 days of the date of this letter. Your response should be sent to the Board and not to the official who furnished the advisory opinion.

If you are unable to respond within the 30-day period, you may request an extension of time. In your request, please indicate when the Board may expect to receive your response. If no response or request for an extension of time is received within the 30-day period, your case will be classified as being ready for review by the Board, and will be decided on the evidence of record as soon as the Board's crowded docket of cases permits.

As a general rule, the Board will not decide a case prior to the expiration of the 30-day period unless it has received the applicant's response to the advisory opinion. However, an exception may be made if a case warrants expeditious action. The most common

054

example is when an applicant who is seeking removal of a fitness report is also scheduled to be considered for promotion within the 30-day period. Under these circumstances, the Board may, in its discretion, decide the case before the 30-day period expires and without waiting for the applicant's response to the advisory opinion. Should the case be denied, the Board will treat the applicant's response as a request for reconsideration.

Sincerely,

JONATHAN S. RUSKIN
For Head, Performance Section

Enclosure
MMPR-2  memo dtd 29 Jun 11



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
1400/3
MMPR-2
JUN 2 9 2011

MEMORANDUM FOR THE EXECUTIVE DIRECTOR, BOARD FOR CORRECTION OF
                NAVAL RECORDS

Subj:  ADVISORY OPINION IN THE CASE OF MR. JAMES S. FRAZIER
       000 00 4041 USMC, RETIRED

Ref:   (a) BCNR Docket Number 09126-10 dtd 21 Mar 11
       (b) SNCO remedial board research screen
       (c) MCO P1400.32D W/CH 1 (ENLPROMAN)

1.  Reference (a) requests that this office provide further
clarification regarding the Enlisted Remedial Selection Board
(ERSB) process and, more specifically, the ERSB that considered
but did not select Mr. Frazier for promotion.

2.  Mr. Frazier requested remedial consideration for promotion
to the rank of master gunnery sergeant by the FY 2004 Reserve
SNCO Selection Board (IRR) on 15 March 2005.  This office
approved his request on 18 March 2005.  Reference (b) validates
that, at the time his request was approved, there was no legal
action reported in the Marine Corps Total Force System (MCTFS)
that might have prohibited Mr. Frazier from being considered by
the May 2005 ERSB.

3.  Paragraph 3601.2 of reference (c) states, ". . . the ERSB is
prohibited from considering material (i.e. fitness reports,
commendatory/ adverse material) regarding events occurring after
the regularly convened selection board for which remedial
consideration has been granted."  Therefore, prior to the ERSB
convening on 11 May 2005, Mr. Frazier's record was redacted to
restore it to its status as of 12 January 2004, the day the FY
2004 Reserve SNCO Selection Board (IRR) convened.  The ERSB did
not have knowledge of, nor would they have viewed, any
documentation regarding the murder charges that were brought
against him, or the fact that he was confined on 8 April 2005
pending adjudication of those charges.  Mr. Frazier received a
fair and impartial brief by the ERSB but was not selected for
promotion.

4.  As an aside, IF Mr. Frazier had been selected by the ERSB on
11 May 2005, and charges were still pending against him, his
command would have been obligated to notify this office.  The

Subj:   ADVISORY OPINION IN THE CASE OF MR. JAMES S. FRAZIER
        000 00 4041 USMC, RETIRED

CMC (MMPR-2) would then have delayed effecting his promotion
(promotion withhold) pending a final adjudication of those
charges.

5.   This office and, by extension, the members of the ERSB, were
completely unaware of Mr. Frazier's legal situation when he
received remedial promotion consideration.  It is therefore the
opinion of this office that Mr. Frazier's record remain
unchanged.

S. M. DENAULT
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

2

## SNCO SELECTION BOARD HISTORY RESEARCH

Tuesday, October 05, 2010

**FRAZIER, JAMES S.**          Zone/Allocation

| BOARD | PGRD | PMOS | IMOS | ZONE | FZONE | SEL | MEMO |
|-------|------|------|------|------|-------|-----|------|
| RIMGSG05 | E8 | 3537 | 3500 | 2 | | N | |
| RIMSGT97 | E7 | 3537 | 3500 | 3 | 2 | Y | |
| RSFSGT96 | E7 | 3537 | 9900 | 2 | | Y | |
| RIGSGT93 | E6 | 3537 | 3500 | 2 | | Y | |

SEL  N    0    MEMO #:

| LNAME | FNAME | MI | PGRD | PMOS | IMOS | ZONE | COMP | BOARD NAM |
|-------|-------|----|------|------|------|------|------|-----------|
| FRAZIER | JAMES | S | E8 | 3537 | 3500 | 2 | K7 | RIMGSG05 |

| PDOR | AFADBD | PEBD | ECC |
|------|--------|------|-----|
| 1998/01/01 | | 1977/11/07 | 2005/09/09 |

| RECC FSGT? | WHY NOT RECC FSGT | FSGT SEL | FSGT IMOS | FSGT ZONE | FSGT LTR | FSGT PM |
|------------|-------------------|----------|-----------|-----------|----------|---------|
| | | | | | | |

| PHOTO/DIGITAL | LETTER | PME | DRILL | RECRUIT | MSG | MSF | TT | JIA | UPDATE MATL | CERTIFICATES | NONSEL LTR |
|---------------|--------|-----|-------|---------|-----|-----|----|----|-------------|--------------|------------|
| Y | Y | Y | | | | | | | Y | Y | |



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
WASHINGTON, D.C. 20370-5100

19 Apr 2011

MEMO FOR MARINE CORPS (CODE MMER)

Subj:   REQUEST FOR ADVISORY OPINION(S)

1.   Please provide advisory opinion(s) from the indicated offices for the following named Petitioner(s).

2.   It is further requested that the enclosures be returned with your reply.  In the event the requested action can be granted administratively, please take action and notify the Board accordingly.

3.   If you are unable to furnish a reply within 30 days, please notify this office, extension 42293/49838.

5 cases

| NAME | SSN/EXAM/CASE NO. | CODE COMMENTS |
|------|-------------------|----------------|
| -EDMONSON, MICHAEL W. |  | Req AO from MIO/JAD |
| -JONES, KEVIN P. | | Req AO from MCRC -MARINE CORPS REC COM |
| -GRONEMAN, ANDREW J. | | Req AO from MIO |
| -LECOMPTE, ALAN J. | | Req AO from MMOA-4.Pls. include comment on due diligence |
| -FRAZIER, JAMES S. | | Req AO from MMPR-2 as per MAJ DENAULT' |

X _____ X _____
RECEIVED BY MMER
(Name & Date Received)

*M. Saundell*
PERFORMANCE SECTION
BCNR

059



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
WASHINGTON, D.C. 20370-5100

19 Apr 2011

MEMO FOR MARINE CORPS (CODE MMER)

Subj:   REQUEST FOR ADVISORY OPINION(S)

1.   Please provide advisory opinion(s) from the indicated offices for the following named Petitioner(s).

2.   It is further requested that the enclosures be returned with your reply.  In the event the requested action can be granted administratively, please take action and notify the Board accordingly.

3.   If you are unable to furnish a reply within 30 days, please notify this office, extension 42293/49838.

*5 cases*

| NAME | SSN/EXAM/CASE NO. | CODE | COMMENTS |
|------|-------------------|------|----------|
| -EDMONSON, MICHAEL W. |  | | Req AO from MIO/JAD |
| -JONES, KEVIN P. | | | Req AO from MCRC -MARINE CORPS REC COM |
| -GRONEMAN, ANDREW J. | | | Req AO from MIO |
| -LECOMPTE, ALAN J. | | | Req AO from MMOA-4.Pls. include cpmmen on due diligence |
| -FRAZIER, JAMES S. | | | Req AO from MMPR-2 as per MAJ DENAULT" |

X_____ X_____
RECEIVED BY MMER
(Name & Date Received)

_M. Saundell_____
PERFORMANCE SECTION
BCNR

060



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
1400/3
MMPR-2
APR 1 3 2011

*Superseded by HQMC MMPR-2 AO
dtd 29 Jun 11. BG*

MEMORANDUM FOR THE EXECUTIVE DIRECTOR, BOARD FOR CORRECTION OF
NAVAL RECORDS

Subj:   ADVISORY OPINION IN THE CASE OF MR. JAMES S.
        FRAZIER 000 00 4041 USMC, RETIRED

Ref:    (a) BCNR Docket Number 09126-10 dtd 21 Mar 11
        (b) CMC ltr 1400/3 MMPR-2 dtd 14 Oct 10
        (c) MCO P1400.32D W/CH 1 (ENLPROMAN)
        (d) SNCO remedial board research screen

1.  Per reference (a), this office has been requested to provide
comments in reference to the Enlisted Remedial Selection Board
(ERSB) process.  Specifically, the ERSB that Mr. Frazier was
approved for and subsequently not selected for promotion.

2.  Reference (b) clearly states that, when a Marine is approved
for remedial promotion consideration, his/her record is redacted
so that only the material that would have been considered by a
regular board is viewed by the ERSB members.  Reference (c),
Paragraph 3601.2 further states, "Additionally, the ERSB is
prohibited from considering material (i.e. fitness reports,
commendatory/ adverse material) regarding events occurring after
the regularly convened selection board for which remedial
consideration has been granted."  Therefore, the ERSB members
would have only viewed Mr. Frazier's record as it would have
been seen when the FY 2004 Reserve Staff Noncommissioned Officer
Board convened on 12 January 2004.  The ERSB members did not
have knowledge of, nor would they have viewed, any documentation
regarding the charges that were brought against him at that
time, or his confinement status.

3.  Reference (d) validates that at the time the promotion
branch received, processed and approved Mr. Frazier's request
for remedial promotion consideration, there was no legal action
reported in the Marine Corps Total Force System (MCTFS), thereby
making Mr. Frazier eligible for promotion consideration.  Had
the promotion branch been informed of Mr. Frazier's confinement
or his restriction status, he would have not been eligible for
consideration, and his request for remedial consideration would
have been subsequently disapproved.

061

Subj:   ADVISORY OPINION IN THE CASE OF MR. JAMES S.
        FRAZIER 000 00 4041 USMC, RETIRED

4.  Based on the foregoing, it is the opinion of this office
that Mr. Frazier's record remain unchanged.

S. M. DENAULT
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

2

062



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 9126-10
21 March 2011

From: Chairman, Board for Correction of Naval Records
To:   Headquarters Marine Corps (MMPR-2)

Subj: REQUEST FOR COMMENTS AND RECOMMENDATIONS ICO MSGT JAMES
      S. FRAZIER, USMCR (RET), ███████████

Ref:  (a) Title 10 U.S.C. section 1552
      (b) MCO P1400.32C dtd 30 Oct 00

Encl: (1) BCNR File

1.  Pursuant to the reference, Subject requests correction of
his naval record as indicated in the enclosure.  In order to
assist the Board in arriving at a fair and equitable decision
in this case, it is requested that your comments and
recommendations be furnished.  Specifically, please address the
following:

    a.  Reference (b), paragraph 1204.3, states that Marines
    who are confined by civil authorities will be
    administratively deleted from the list of those staff
    noncommissioned officers (SNCO's) who are eligible to be
    considered for promotion.  Did Subject's having been in
    confinement by civil authorities on 11 May 2005, when his
    Enlisted Remedial Selection Board (ERSB) for the Fiscal
    Year 2004 Reserve Master Gunnery Sergeant Selection Board
    convened, make him ineligible to be considered by the ERSB?

    b.  Subject argues that his ERSB was aware of the murder
    charge against him and his confinement.  Was his ESRB aware
    of the charge against him or his confinement?

2.  It is further requested that the enclosure be returned with
your reply.

*Jonathan S. Ruskin*

JONATHAN S. RUSKIN
By direction

063

**Ruskin, Jonathan S CIV BCNR**

| | |
|---|---|
| **From:** | Murphy CIV Dawn K [dawn.murphy@usmc.mil] |
| **Sent:** | Wednesday, March 16, 2011 3:00 PM |
| **To:** | Ruskin, Jonathan S CIV BCNR |
| **Cc:** | George, Brian J CIV BCNR; Denault Maj Suzanne M; Ecker CIV Lesley A |
| **Subject:** | RE: ADVISORY OPINION ICO MSGT FRAZIER, J.S. USMC (RET) |
| **Signed By:** | dawn.murphy@usmc.mil |

Mr. Ruskin,

Mr. Frazier was granted consideration by the ERSB for the FY 2004 Reserve SNCO Selection Board (IRR) based on meeting the eligibility requirements listed in MCO P1400.32C, paragraph 3200.2d and paragraph 3602.1e.  Neither of these two paragraphs state that Marines who are in a promotion restriction will not be considered.

r/s,
Dawn Murphy
Junior Enlisted Promotion Specialist
HQMC, Enlisted Promotion Section
MCB, Quantico, VA
DSN 278-9717/8/9 Comm (703) 784-9717/8/9 Fax 278-9882 or (703) 784-9882
"Advice from a sea turtle; Swim with the current, be a good navigator, stay calm under pressure, be well traveled, think long term, age gracefully, spend time at the beach." The Georgia Sea Turtle Center, Jekyll Island, GA

FOR OFFICIAL USE ONLY. This document may contain Personal Data covered by the Privacy Act of 1974. Please ensure this information is protected from unauthorized access/disclosure.


-----Original Message-----
From: Ruskin, Jonathan S CIV BCNR [mailto:jonathan.ruskin@navy.mil]
Sent: Wednesday, March 16, 2011 1:27 PM
To: Murphy CIV Dawn K
Cc: George, Brian J CIV BCNR
Subject: RE: ADVISORY OPINION ICO MSGT FRAZIER, J.S. USMC (RET)

Ms. Murphy:  This does answer the question very well, except it does not specify the authority for the key point, in the second sentence, that the "promotion restriction" is a restriction from being promoted, not from being considered.  Please amend that sentence to include the authority your office considers applicable [from my own research, it would appear that would be MCO P1400.32C dtd 30 Oct 00 (the ESRB in this case met on 11 May 05, so the current version, P1400.32D dtd 11 May 06, would not apply), para 1204.3.u].  V/R  Jonathan S. Ruskin

-----Original Message-----
From: Murphy CIV Dawn K [mailto:dawn.murphy@usmc.mil]
Sent: Wednesday, March 16, 2011 11:22
To: Ruskin, Jonathan S CIV BCNR
Cc: Denault Maj Suzanne M; Ecker CIV Lesley A
Subject: ADVISORY OPINION ICO MSGT FRAZIER, J.S. USMC (RET)

Mr. Ruskin,

1

064

Per our phone con yesterday the below information is provided.

Marines are considered eligible for SNCO promotion consideration based on meeting the DOR and AFADBD (USMC & Active Reserve)/PEBD (USMCR-SMCR/IRR) requirements listed in the MarAdmins published prior to the convening of the SNCO selection boards.  Marines who are in a promotion restriction are considered if they meet the requirements since the "promotion restriction" is just that, a restriction keeping them from being promoted, not a restriction keeping them from being considered.  As paragraph 4 of MMPR-2's advisory opinion stated, the ERSB would not have been aware of the 8 April 2005 promotion restriction since he entered into the promotion restriction after the convening date of the FY 2004 Reserve SNCO Selection Board which he received consideration for by the ERSB.

If this does not answer the question please let us know.

r/s,
Dawn Murphy
Junior Enlisted Promotion Specialist
HQMC, Enlisted Promotion Section
MCB, Quantico, VA
DSN 278-9717/8/9 Comm (703) 784-9717/8/9 Fax 278-9882 or (703) 784-9882
"Advice from a sea turtle; Swim with the current, be a good navigator, stay calm under pressure, be well traveled, think long term, age gracefully, spend time at the beach." The Georgia Sea Turtle Center, Jekyll Island, GA

FOR OFFICIAL USE ONLY. This document may contain Personal Data covered by the Privacy Act of 1974. Please ensure this information is protected from unauthorized access/disclosure.

065

## Ruskin, Jonathan S CIV BCNR

| | |
|---|---|
| **From:** | Ruskin, Jonathan S CIV BCNR |
| **Sent:** | Wednesday, March 16, 2011 1:27 PM |
| **To:** | 'Murphy CIV Dawn K' |
| **Cc:** | George, Brian J CIV BCNR |
| **Subject:** | RE: ADVISORY OPINION ICO MSGT FRAZIER, J.S. USMC (RET) |
| **Signed By:** | jonathan.ruskin@navy.mil |

Ms. Murphy:  This does answer the question very well, except it does not specify the authority for the key point, in the second sentence, that the "promotion restriction" is a restriction from being promoted, not from being considered.  Please amend that sentence to include the authority your office considers applicable [from my own research, it would appear that would be MCO P1400.32C dtd 30 Oct 00 (the ESRB in this case met on 11 May 05, so the current version, P1400.32D dtd 11 May 06, would not apply), para 1204.3.u].  V/R  Jonathan S. Ruskin

-----Original Message-----
From: Murphy CIV Dawn K [mailto:dawn.murphy@usmc.mil]
Sent: Wednesday, March 16, 2011 11:22
To: Ruskin, Jonathan S CIV BCNR
Cc: Denault Maj Suzanne M; Ecker CIV Lesley A
Subject: ADVISORY OPINION ICO MSGT FRAZIER, J.S. USMC (RET)

Mr. Ruskin,

Per our phone con yesterday the below information is provided.

Marines are considered eligible for SNCO promotion consideration based on meeting the DOR and AFADBD (USMC & Active Reserve)/PEBD (USMCR-SMCR/IRR) requirements listed in the MarAdmins published prior to the convening of the SNCO selection boards.  Marines who are in a promotion restriction are considered if they meet the requirements since the "promotion restriction" is just that, a restriction keeping them from being promoted, not a restriction keeping them from being considered.  As paragraph 4 of MMPR-2's advisory opinion stated, the ERSB would not have been aware of the 8 April 2005 promotion restriction since he entered into the promotion restriction after the convening date of the FY 2004 Reserve SNCO Selection Board which he received consideration for by the ERSB.

If this does not answer the question please let us know.

r/s,
Dawn Murphy
Junior Enlisted Promotion Specialist
HQMC, Enlisted Promotion Section
MCB, Quantico, VA
DSN 278-9717/8/9 Comm (703) 784-9717/8/9 Fax 278-9882 or (703) 784-9882
"Advice from a sea turtle; Swim with the current, be a good navigator, stay calm under pressure, be well traveled, think long term, age gracefully, spend time at the beach." The Georgia Sea Turtle Center, Jekyll Island, GA

FOR OFFICIAL USE ONLY. This document may contain Personal Data covered by the Privacy Act of 1974. Please ensure this information is protected from unauthorized access/disclosure.

**Tracking:**

1

066

*PRF/BJG*

December 01, 2010

From:  Master Sergeant James S. Frazier Jr. USMCR (RET)



To:     Department of the Navy
        Board for the Correction of Naval Records
        2 Navy Annex, Room 2432
        Washington, DC 20370-5100

Subj:   ADDENDUM TO MY RESPONSE TO THE USMC ADVISORY OPINION 1400/3
        MMPR-2 DTD OCT 14 2010 IN THE CASE OF MASTER SERGEANT JAMES S.
        FRAZIER, JR. 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 BCNR DOCKET NUMBER **09126-10**

Encl:   (1) Copy of a Prior Recommendation from Colonel B.L. Grice
        (2) Copy of a Prior Recommendation from LtCol. Thomas Affourtit
        (3) Copy of a Prior Recommendation from LtCol. Craig Wallwork
        (4) Copy of a Prior Recommendation from Major Carl A. Mecca, Jr.
        (5) Copy of a Prior Recommendation from Major K.E. Johns
        (6) Copy of a Prior Recommendation from Lt. Ron Ealey

1.  I am submitting enclosures (1) through (6) as part of this correspondence, additional
documents to further demonstrate to the Board for the Correction of Naval Records (BCNR) that
I met and/or exceeded the U.S. Marine Corps professional requirements and expectations for
selection to the rank of Master Gunnery Sergeant in the U.S. Marine Corps Reserve IRR
category.

2.  These documents, enclosures (1) through (6), are in addition to those previously submitted to
the BCNR.

3.  It is hoped and prayed for that this injustice is finally corrected and I be made whole.


Respectfully, I am

*James S. Frazier Jr.*

James S. Frazier, Jr.
Master Sergeant, USMCR (RET)

1

REC'D DEC - 9 2010

067



**UNITED STATES MARINE CORPS**
II MARINE EXPEDITIONARY FORCE
PSC BOX 20080
CAMP LEJEUNE, NORTH CAROLINA 28542-0080

IN REPLY REFER TO:

11240
MTO/MMO
19 Apr 00

From:  Commanding General, II Marine Expeditionary Force
To:      Commandant of the Marine Corps (Code MPC-60)
Via:     Commander, U.S. Marine Forces Atlantic

Subj:   Active Duty Special Work Extension; case of MSgt J. S. Frazier ███████
            USMCR

1. Frazier, James S. ████████████████

2. Motor Transport Chief

3. Justification:  MSgt Frazier was brought on ADSW to support II MEF Motor Transport contingency planning and operations, and to assist in the proper fielding of Motor Transport equipment.  His importance to the MEF in ensuring the readiness of Motor Transport equipment remains his primary function.  Having a Marine with MSgt Frazier's knowledge, dedication, and drive enables the Command Element of II MEF to proactively engage motor transport projects and issues that effect readiness.

    a.  A few examples of his daily responsibilities are:

        (1) Conducts contingency ground transportation planning.

        (2) Monitors and coordinates corrective action for II MEF Motor Transport Equipment readiness.  Proactive action mitigates problem areas.

        (3) Participates as a senior inspection team member of the II MEF Supply Logistics Analysis Program. Critical to deploying MAGTF readiness.

        (4) Constructs Traffic Control Plans in support of II MEF Operations and Exercises.

        (5) Coordinates the fielding of the HMMWVA2, KLR 650 Motorcycle, and Interim Fast Attack Vehicle.

        (6) Coordinates and monitors the II MEF Corrosion Prevention and Coating program

        (7) Communicates with and coordinates Depot level repairs and programs for II MEF Motor Transport Equipment.

    b.  We need this Marine to REMAIN on ADSW until 15 Sept 00 because:

ENCL: (1) PAGE 1 of 2

(1) The contingency that MSgt Frazier was brought on active duty for continues; the requirement to have a Senior SNCO with the ability to develop Movement Control and Traffic Control Plans on the MEF staff validates the need for this billet to remain filled.

(2) If this billet becomes vacant, our daily management of II MEF Motor Transport equipment readiness will become one of reaction versus proaction. The detailed, hands on nature of fielding new equipment to our MSCs requires proper attention. Loss of this ADSW Marine will limit the ability of the MEF to properly field motor transport equipment.

(3) II MEF G-4 is not staffed with an active duty Marine to fill this billet. This billet will become vacant if not for the funding made available due to the continuing contingency that MSgt Frazier was brought on active duty for. Civilian employment was considered and rejected because of requirement for operational experience and potential for deployment.

c. MSgt Frazier possesses the appropriate character and leadership attributes required to successfully function in a staff position. He is knowledgeable in his PMOS, as well as maintenance management, and is in tune with Marine Corps and II MEF policies. His unique attention to detail, initiative, and knowledge of Motor Transport equipment make him an extremely valuable member of the II MEF G-4. He routinely coordinates with other MEF staff sections and interfaces with major subordinate command commodity sections daily. This function requires a person with superb communication and human relation skills. He is doing a superior job.

4. POC at II MEF is Maj Kevin J Shusko, II MEF G-4 MMO/MTO, DSN: 751-8365/8900.

B. L. GRICE
By direction

 **INTERACTION RESEARCH INSTITUTE, INC.**
4428 ROCKCREST DRIVE · FAIRFAX, VIRGINIA 22032

May 25, 1999

## *Memorandum*

From : Lieutenant Colonel Thomas D. Affourtit, USMC (Ret)

To : Performance Evaluation Review Board, Headquarters, USMC

Subj : Letter of Recommendation; case of Master Sergeant James S. Frazier, USMC

1. Master Sergeant James S. Frazier served in my command, MTU VA 03 (Battle Assessment) MCCDC Quantico, VA, as the senior SNCO (then GYSGT) during the 1994 to 1996 time frame. GYSGT Frazier was responsible for all phases of battle assessment from planning through execution, and finally reporting of results that were critical to the readiness of the FMF.

2. In this assignment GYSGT Frazier displayed outstanding innovative and organizational skills. He was a highly competent and dependable SNCO who set priorities and goals, and accomplished them with superlative results. His "can do" philosophy and his leadership capability were inspirational to the other members under his charge. GYSGT Frazier's membership was a great asset to the command while providing essential support to Marines.

3. At my request GYSGT Frazier was activated in 1996 to work with me on the *Whole Person Officer Selection Program* a highly visible effort initiated by M&RA at HQMC. His performance under extremely demanding time constraints was truly remarkable. GYSGT Frazier was able to assemble and analyze a large amount of data and rationally categorize distinct characteristics that represent officer selection criteria. His ability to prepare and support briefings to the Director of M&RA, AWS, and TBS were of great benefit to this program and to the Marine Corps.

4. I have followed MSGT Frazier's career since my retirement in 1997 and I have found him to continuously dedicate himself to the Marine Corps in an exemplary manner. I have communicated with other senior officers with whom he has served who share my opinion of him.

5. In summary, I have known Master Sergeant James S. Frazier for six years, and have always considered him a dedicated, professional Marine of the highest moral character. He receives my

ENCL: (2) PAGE 1 of 2

highest recommendation in whatever endeavor he seeks.   Any derogatory comment in his record
is most assuredly in error.

Thomas D. Affourtit, Ph.D.
Lieutenant Colonel USMC (Ret)

2



**UNITED STATES MARINE CORPS**
MARINE CORPS COMBAT DEVELOPMENT COMMAND
QUANTICO, VIRGINIA 22134-5001

IN REPLY REFER TO:
1000
C 38
25 Jan 94

From:   Lieutenant Colonel Craig R. Wallwork   029 38 4647/0180
        USMCR
To:     President, Enlisted Full-Time Support Board

Subj:   RECOMMENDATION FOR GUNNERY SERGEANT JAMES S. FRAZIER
        ███████████████ USMCR

1.   I had the opportunity to serve with Gunnery Sergeant James S. Frazier while assigned as Executive Officer of the Marine Detachment, Central Joint Mortuary Affairs Office 436 Service Port Mortuary, Dover Air Force Base, Dover, DE during Operation Desert Storm.  At that time, then Staff Sergeant Frazier was assigned to the Personal Effects section, a unit comprised of members from all services.

2.   Despite the arduous and difficult nature of mortuary work, and the challenges inherent in a Joint Services environment, he displayed a professional and positive attitude throughout the assignment.  In addition, he exuded a meticulous attention to detail in his work and personal appearance.  He was available to counsel and serve as an example to both our Marines and the enlisted personnel from the other Services.  The quality of work performed by his section of Marines was the subject of laudatory comments by officers from the other Services, resulting in the awarding of an Army Achievement Medal for his services.  He also volunteered for additional duties, serving as training chief, assisting the training officer in organizing the training requirements and records keeping associated with standing up a Detachment of 93 Marines assigned to various sections on rotating shifts.

3.   His enthusiasm and professionalism under difficult conditions made him an asset to the detachment and I believe he will be a similar asset to any organization to which he might be assigned. I strongly recommend Gunnery Sergeant Frazier for the FTS program.

*C. Wallwork*

C. R. WALLWORK

ENCL: (3)

072

囵001

## Carl A. Mecca Jr

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 Feburary 1994

From: Major Carl A Mecca Jr. ▮▮▮▮▮▮▮▮▮▮7
To: President of Enlisted Full Time Support Board FY-95

Subj: Letter of Recommendation, Case of Gunnery Sergeant James S
Frazier ▮▮▮▮▮▮▮▮▮▮38

1. Staff Sergeant Frazier was assigned to the Headquarters section which supported FPLX Certain Support 93. He held the billet of the Transportation SNCO. This was a joint exercise focusing on an operations plan for a Commander in Chief of a major regional contingency (MRC). The Staff Sergeant was tasked to provided vehicles or transportation for the members of the Marine contingent assigned to participate in this exercise.

2. The Staff Sergeant preformed his duties in exemplary manner, he related well with officers and provided sound guidance to enlisted personnel using his persuasive manner and initiative he was able to uptain a number of vehicles from our Host the U.S Army. This SNCO arrived early and was the last to leave. He continually went out of his way to solve problems that arose thruout the exercise, and was instrumental in the successful performance of the marine  contingent.

3. He demonstrated a sound professional background, initiative, and accomplished is mission with minimal guidance, his decisions were practical and judgement sound.

4. Staff Sergeant Frazier appears to have the ability and desire for continued professional growth and contributions to the Marine Corps. I would not hesitate in having Staff Sergeant Frazier as a member of my staff. I highly recommend him to any unit, he would prove to be a viable and positive asset to that particular command

5. Should you have any additional questions regarding Staff Sergeant Frazier ,I can be reached at (201) 375-4035.

*Carl A Mecca Jr.*

Carl A. Mecca Jr
Major U.S.Marine Corps Reserve

ℓℓ ENCL: (4)

1000
KEJ
16 Feb 94

From:   Major K. E. JOHNS
To:     Commandant of the Marine Corps

Subj:   FULL TIME SUPPORT (FTS) APPLICATION CASE OF GUNNERY SERGEANT
        JAMES S. FRAZIER

1.  I recommend that Gunnery Sergeant Frazier be selected for the FTS program
with the utmost enthusiasm.  He is one of the finest Staff Noncommissioned
Officers known to this officer.  I had an opportunity to meet Gunnery Sergeant
Frazier during June 1993, while I was assigned as the Headquarters Commandant
for the Marine Forces at the Force Projection Logistics Exercise (FPLEX).
From day one I was impressed by Gunnery Sergeant Frazier's intelligence,
persistence and ability to get the job done in a superb manner.  As a Staff
Sergeant at the time, he displayed a vast knowledge of motor transport in
particular and the logistics function in general to a degree more commonly
seen in Marines more senior in rank.

2.  Gunnery Sergeant Frazier was able to quickly make contacts and learn
procedures while determining requirements to assure that the Marine Forces had
adequate vehicles and equipment.  In addition to contributing to the
accomplishment of the mission, Gunnery Sergeant Frazier looked out for the
Marines junior to him in a noteworthy manner.  In sum, assigning Gunnery
Sergeant Frazier a task equated to its completion in a most outstanding
manner.

3.  It is further noted that he is the epitome of the Total Force Marine
and quickly works to establish professional relationships with all Marines
and members of other services.  In this regard he is particularly well
suited to serve in the Full Time Support (FTS) Program.  I have always
believed since meeting Gunnery Sergeant Frazier that he would eventually seek
to return to Active Duty.  I also believe that his service in a civilian
capacity at Marine Corps Base, Quantico, Virginia has broadened his outlook
and can only enhance his service to the United States Marine Corps.

Most Respectfully,

K. E. JOHNS
Major, USMCR

ENCL: (5)

074

Date: 16 Dec 02

## ISC NEW ORLEANS CIVILIAN OF THE QUARTER NOMINATION FORM

1. **GS-9 *James Frazier*** is hereby nominated for the ISC New Orleans Enlisted Person of the Quarter for period ending 31 December 2002.

2. The following specific examples define the professional character of this individual:

   a. **Performance.** Since joining Team Coast Guard on 1 April 2002, James Frazier has exemplified an industrious work ethic and improved the performance of the Property & Logistics Branch immensely. This branch comprises the following functional aspects: the management of motor transport fleet assets and leased space activities associated with ISC NOLA and District 8 operational units in the lower half of the Area of Responsibility (AOR) comprising 114 units. His exemplary performance reflects an increase in the branch's effectiveness and maximum utilization of approximately 350 General Services Administration (GSA) vehicles, his acquisition of non-GSA vehicles to complement the increasing operational demands of this unit and the ISC NOLA, and his resourceful management of GSA Leased Space represents the maximum utilization of leased space. Finally, his administrative, technical, and operational experience, training, and education demonstrate overall his professional knowledge, skills, and abilities to attain the organization goals of this command as well as supported units.

   b. **Leadership.** James Frazier is an individual who takes great pride in his work   His actions are epitomized by his diligence and attention to detail in planning, organizing, and controlling many of the sub-functions of the position. He exudes those requisite leadership traits of knowledge, decisiveness, integrity, courage (physical and moral), and initiative. Relevant examples of leadership principles exhibited during his tenure are: seeks and takes responsibility for his actions; is technically and tactically proficient, makes sound and timely decisions, and knows himself and seeks self-improvement. His ability to get the job done in the face of adversity speaks highly of this individual in the resolute determination to accomplish the myriad of service support missions, as required.

   c. **Teamwork.** His teamwork approach is representative of his interaction with peers and subordinates alike within the Comptroller Division. Mr. Frazier has taken the time and effort to train, coach, and develop his employee on the basics and intricacies of motor fleet transportation. He has elevated the roles and missions of the branch in support of the command to new heights.

   d. **Military/Civilian Appearance.** Mr. Frazier exudes a professional and caring demeanor to all employees requesting his branch's efforts. His professional appearance reflects an individual who is meticulous, well dressed and well groomed.

   e. **Community Involvement.** As a civilian employee/Marine Reservist, Mr. Frazier participates in the giving of his free time to the local community by volunteering to assist in the United States Marine Corps "Toys for Tots" Program. He has devoted free time willingly in the promotion, collection, and distribution of new toys at Christmas time.

   f. **Other Accomplishments/Comments.** Additionally, Mr. Frazier has accomplished the following actions: provided training during Captain's Call/all Hands Training on the proper utilization of government vehicles; coordinated a number of motor vehicle accident investigations; supplied GSA assets in support of ISC for funeral details, color guards, force protection and physical security measures; and licensed USCG service-members; and prepared motor fleet vehicles procedures.

3. Submitted by: N4 Division Comptroller, Lt. Ron Ealey, USCG.



1

ENCL: (6)

075



November 29, 2010

From:  Master Sergeant James S. Frazier Jr. USMCR (RET)

To:    Department of the Navy
       Board for the Correction of Naval Records
       2 Navy Annex, Room 2432
       Washington, DC 20370-5100

Subj:  RESPONSE TO THE USMC ADVISORY OPINION 1400/3 MMPR-2
       DTD OCT 14 2010 IN THE CASE OF MASTER SERGEANT JAMES S. FRAZIER,
       JR. 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 BCNR DOCKET NUMBER 09126-10

Ref:   (a) U.S. Marine Corps Advisory Opinion 1400/3 MMPR-2 dtd Oct 14, 2010
       (b) Marine Corps Order P1400.32D, Marine Corps Enlisted Promotion Manual

Encl:  (1) Notification of Separations Proceedings dtd 26 April, 2005
       (2) MARADMIN 094/04, MCBUL 1400 Approved Individual Ready Reserve (IRR)
            Selections for the FY 2004 Reserve SNCO Selection Board
       (3) Recommendation of LtCol. Thomas Affourtit
       (4) Letter of Recommendation of the Sergeant Major, Marine Forces Reserve
       (5) SNCO Advance Course Completion Certificate
       (6) First Sergeant/Master Sergeant Seminar Completion Certificate
       (7) Motor Transport Career Course Completion Certificate
       (8) Motor Transport Advance Course Completion Certificate
       (9) Warfighting Skills Completion Certificate
       (10) Marine Corps Martial Arts Program Completion Certificate
       (11) Certificate of Achievement (US Army)
       (12) Navy Marine Corps Achievement Medal
       (13) Certificate of Achievement (Marine Corps Association)

1. It is unreasonable to believe the U.S. Marine Corps contention as spelled out in reference (a),
the advisory opinion dated October 14, 2010, that while I was **pending adjudication of charges
by a civil court,  an administrative separation for misconduct with a reenlistment code of
RE-4,  an administrative reduction in rank from Master Sergeant (E8) to Lance Corporal
(E3), and, incarcerated by civilian authorities before and during the remedial selection
board of 11 May 2005,** that this remedial promotion board ignored the promotion restriction and
gave me fair and impartial promotion consideration.  My promotion restriction was entered more
than thirty (30) days prior to this remedial selection board and any promotion consideration
would have been a violation of reference (b), the Marine Corps Order P1400.32D which is clear
on this matter as follows:

1

MCO P1400.32D paragraph 1100, subparagraph 41 states;

   Withhold Promotion Authority. When a commander no longer has the authority to promote a Marine as a result of the Marine being placed in a **promotion restriction** or withhold status.

MCO P1400.32D paragraph 1203, subparagraph 26 states;

   **Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status, **or who enter such status while the selection board is in session, are not eligible for promotion consideration.** If the Marine is subsequently exonerated of any wrongdoing, appropriate remedial consideration may be granted.

MCO P1400.32D paragraph 1204, subparagraphs 4, t. u. z. bb.and cc. states;

   Marines **will not** be promoted while in any of the following categories:

   t. **Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status will not be promoted.  **If a Marine who is under consideration by a SNCO selection board enters into one of the above categories while the board is in session, the individual will be administratively deleted from the list of eligibles.** If the Marine is subsequently exonerated of any wrong doing, appropriate remedial consideration may be granted.

   u. **Marines pending administrative separation for misconduct**, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. are not eligible for selection consideration or promotion. **The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.**

   z. **While pending adjudication of charges by a civil court, either foreign or domestic.**

   bb. **While awaiting administrative reduction or separation (excluding nonculpable physical disability).**

   cc. **When not recommended for reenlistment. (Reenlistment Code (RE) RE-4/4B)**

2. The Commander, Marine Corps Mobilization Command signed a recommendation for my **Administrative Separation for Misconduct with reenlistment code of RE-4** on 26 April, 2005, more than two (2) weeks prior to the remedial board.  See enclosure (1) of this correspondence.  Therefore, in accordance with MCO P1400.32D paragraph 1204, see paragraphs u and cc of this correspondence above, my loss of promotion eligibility would have also begun with that date.

2

MCO P1400.32D paragraph 1203, subparagraph 1. States;

  General. This Manual is the authority for all enlisted promotions in the Marine Corps. Promotions effected not in accordance with this Manual **or by implementing directives not referenced in this Manual will be considered <u>erroneous</u> and immediately <u>revoked</u>. <u>There are no waivers to this policy.</u>** All Marine Corps agencies and commands must coordinate with the CMC (MMPR) to ensure any meritorious or incentive programs are properly addressed in this Manual

3.  Even if it is to be believed the remedial board gave me promotion consideration, to have done such with the promotion restriction in place prior to and during the remedial board, was a violation of Marine Corps Order P1400.32D and renders such consideration erroneous and is to be revoked.  Marine Corps Order P1400.32D is clear on this matter.  Both promotion and **promotion consideration** is prohibited.

4.  Additionally, the U.S. Marine Corps contention in reference (a), the advisory opinion dated October 14, 2010 "that it can only be **inferred** that based on a majority vote of the board members, Mr. Frazier's record was not competitive with the records of the Marines selected for promotion.  He served in a highly competitive occupational field and simply did not get enough votes".  Again, if it is to be believed that I was given promotion consideration in violation of Marine Corps Order P1400.32D, than this statement cannot be true and contradicts the promotion board results.  I am submitting as enclosure (2) of this correspondence, a copy of MARADMIN 094/04 that reflects there were no Master Sergeants selected for promotion to Master Gunnery Sergeant in my occupational field (35) or (IMOS 3500) by the FY 2004 Reserve SNCO Selection Board (IRR).  This is also corroborated by enclosure (4) of this correspondence.  This was due to the fact I was the only Master Sergeant in my occupational field (35) eligible for selection for promotion to Master Gunnery Sergeant by the FY 2004 Reserve SNCO Selection Board (IRR).  Therefore, my record could not have been compared with records of other Marines selected for promotion simply because there weren't any selected in my occupational field.

5.  I submit to this Board that there is nothing in my service record especially in the rank of Master Sergeant that would preclude my promotion to Master Gunnery Sergeant.  The BCNR has already noted in a previous decision, docket number 5674-07, that I "had served for many years in an excellent manner."

6.  I am submitting as enclosure (3), a recommendation from my former Commanding Officer, enclosure (4), a recommendation of the Sergeant Major, Marine Forces Reserve. and enclosures (5) through (13) of this correspondence, documents to corroborate that I met and/or exceeded the U.S. Marine Corps Professional Military Education (PME) and Military Occupational Specialty (MOS) training requirements for selection to the rank of Master Gunnery Sergeant in occupational field (35).

7.  This case is intimately connected to my prior BCNR cases docket numbers 5674-07 and 02503-08.  Additional pertinent information is contained in those cases.

3

8.  It is hoped and prayed for that this injustice is finally corrected and I be made whole.


Respectfully, I am

James S. Frazier, Jr.
Master Sergeant, USMCR (RET)

4



**UNITED STATES MARINE COR. 3**
MARINE CORPS MOBILIZATION COMMAND
15303 ANDREWS ROAD
KANSAS CITY, MISSOURI 64147-1207

IN REPLY REFER TO:
1900
ADJ LEG
2 6 APR 2005

CERTIFIED MAIL NUMBER: 7002 2410 0006 7804 7417

From:  Commander, Marine Corps Mobilization Command
To:    Master Sergeant James S. Frazier ████████████ USMCR

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS (BOARD CASE)

Ref:   (a) MCO P1900.16F (MARCORSEPMAN)

Encl:  (1) Purpose and Scope of the NDRB and BCNR
       (2) Acknowledgment of Respondent's Right
       (3) New Orleans Police Department Investigation Report C-39260-05

1.  You are hereby notified that I intend to recommend to the Commander, Marine Forces Reserve, that you, the respondent, be discharged from the U. S. Marine Corps Reserve per paragraph(s) 6210.6 of the reference by reason of:

   a.  GENERAL BASIS:  Misconduct

   b.  SPECIFIC BASIS:  Commission of a Serious Offense

   c.  FACTUAL BASIS:  On 21 March 2005, you were arrested and charged with Relative to Attempt Homicide (Second Degree).  This charged stemmed from an altercation with your son (Eric Frazier), in which, you discharged a weapon which wounded your son.

2.  The least favorable characterization of service you may receive is Under Other Than Honorable conditions.  Although the Commander, Marine Forces Reserve, will make the final determination of characterization if you are separated, I am recommending you receive an Under Other Than Honorable characterization of service.

3.  You are advised that if a Marine serving in pay grade E-4 or above is administratively separated under other than honorable conditions, the Marine will be administratively reduced to pay grade E-3 effective upon discharge in accordance with paragraph 6311.8 of the reference.

4.  As a result of these separation proceedings, you have the following rights:

   a.  You have the right to consult with qualified counsel prior to electing or waiving any of your rights.  It is in your best interest to do so prior to waiving any of your rights.  You may speak to counsel by calling Naval Legal Service Central Branch Office, Memphis, 5722 Integrity Dr, Millington, Tennessee, 38054-5030, at commercial telephone number (901) 874-5793 or 5794.

   b.  You have the right to request a hearing before an Administrative Discharge Board in accordance with paragraph 6304 of the reference.

   c.  You have the right to present written statements to the Commander, Marine Forces Reserve, in rebuttal to this proposed separation and in lieu of a hearing.

ENCLOSURE ( / )

080

Subj:  NOTIFICATIC_ _F SEPARATION PROCEEDINGS (BOARD _ASE)

d.  You have the right to obtain a copy of all documents that will be forwarded to the Commander, Marine Forces Reserve, supporting this proposed separation.  Classified documents shall be summarized.

e.  You have the right to waive any of these rights after being afforded an opportunity to consult with counsel.

5.  Should you request a hearing before an Administrative Discharge Board, you will be afforded the following rights:

a.  To appear in person before such a board or be represented by counsel if confined by civil authorities.

b.  To be represented by military counsel, appointed, or of your own choice, if available.

c.  To be represented by civilian counsel if you desire, at your own expense.

d.  To challenge voting members of the Board or the legal advisor, if any, for cause only.

e.  To testify on your own behalf, subject to the provisions of Article 31, UCMJ (Compulsory Self-Incrimination Prohibited).

f.  At any time during the proceedings, you or your counsel may submit written or recorded matter for consideration by the Board.

g.  You or your counsel may call witnesses on your behalf.

h.  You or your counsel may question any witness who appears before the Board.

i.  You or your counsel may present argument prior to the Board closing the hearing for deliberation on findings and recommendations.

j.  Upon written request to this Command, to be provided with a copy of the report of the Board and the endorsement thereon.

k.  Failure to appear without good cause at a hearing constitutes waiver of your rights to be present at the hearing.

l.  To make a sworn or unsworn statement.

m.  You have the right to examine evidence presented by the Board, to cross-examine witnesses appearing before the Board, to submit evidence before the Board, and to present final argument before the Board.

n.  Failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes a waiver of the rights in paragraphs 6304.1d to 1m of the reference.

6.  Information on the Purpose and Scope of the Navy Discharge Review Board and the Board for Correction of Naval Records is provided for you as enclosure (2).

2

081

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS (BOARD CASE)

7.  You are directed to respond in writing to this notice not later than 30
days from receipt of this letter by completing and returning enclosures (1 &
2).  Initial each block in enclosure (2) and cross out the appropriate words.
You may include a statement in enclosure (2) as well.  Failure to respond by
the prescribed time constitutes a waiver of your rights.

S. E. BROWN

3


**Marines**
*The Few. The Proud.*

IN A **CRISIS** DO OTHERS CALL ON **YOU?**

RECRUITING   HQMC   UNITS   CAREER   Marine ONLINE   Marine 4 Life   NEWS   FAMILY   PUBLICATIONS   LOCAT

# MARADMIN 094/04   *IRR Catagory*

«»------------------------------------------------------«»

| | |
|---|---|
| Date signed: | 03/01/2004 |
| Subject: | **MARADMIN Number:** 094/04 |
| | MCBUL 1400. APPROVED INDIVIDUAL READY RESERVE (IRR) |
| | SELECTIONS FOR THE FY 2004 RESERVE SNCO SELECTION BOARD |

```
R 010542Z MAR 04
FM CMC WASHINGTON DC(uc)
TO AL MARADMIN(uc)
MARADMIN
BT
UNCLASSIFIED
MARADMIN 094/04
MSGID/GENADMIN/CMC WASHINGTON DC MRA MM//
SUBJ/MCBUL 1400.  APPROVED INDIVIDUAL READY RESERVE (IRR) SELECTIONS
/FOR THE FY 2004 RESERVE SNCO SELECTION BOARD//
REF/A/DOC/CMC MMPR-2/30OCT2000//
POC/J. A. POPIELEC/MAJ/HD MMPR-2/-/TEL:278-9710
/EMAIL:POPIELECJA@MANPOWER.USMC.MIL//
AMPN/REF A IS MCO P1400.32C, THE ENLISTED PROMOTION MANUAL.//
GENTEXT/REMARKS/1. THE FOLLOWING SELECTEES WERE APPROVED ON 27
FEBRUARY 2004.  (FOR PROPER ORDER READ LEFT TO RIGHT)
```

MASTER GUNNERY SERGEANT SELECTIONS

| NAME | | SSN/IMOS/SRNO/MCC | NAME | | SSN/IMOS/SRNO/MCC |
|---|---|---|---|---|---|
| CUTTS | DE | 2/IRR | UGARTE | PJ | 1/IRR |

ERGEANT SELECTIONS

| NAME | | RNO/MCC | NAME | | SSN/IMOS/SRNO/MCC |
|---|---|---|---|---|---|
| AUGUSTINE | BW | 9/IRR | BAILEY | CL | /IRR |
| CAMPBELL | DW | 2/IRR | GREENLEAF | RK | /IRR |
| GWALTNEY | AS | 10/HAB | LUKIE | DL | /HAB |
| NUZZI | MG | 5/HAB | STMARIE | KA | /HAB |
| WHELAN | TR | 6/IRR | WILSON JR | HE | /IRR |

ERGEANT SELECTIONS

| NAME | | RNO/MCC | NAME | | /MCC |
|---|---|---|---|---|---|
| COACHMAN | MC | 12/IRR | CURRY | LA | /IRR |
| DERRY | EJ | 6/HAB | DIZAYE | RJ | /HAB |
| DOKES | MA | 14/IRR | HAMPTON | JS | /IRR |
| LEAL | D | 1/IRR | LONG | AS | /HAB |
| MARQUEZACO | CM | 15/HAB | MCDAY | JT | /IRR |
| MORRIS | RC | 16/IRR | PENDLETON | MW | /IRR |
| REILAND | MP | 7/IRR | TERRY | L | /IRR |
| VAUGHN | JB | 17/IRR | WHALEN | BJ | /IRR |
| ZWIEFELHOF | CW | 9/IRR | | | |

ERGEANT SELECTIONS

| NAME | | RNO/MCC | NAME | | /MCC |
|---|---|---|---|---|---|
| CHANEY JR | CW | 16/IRR | FORD | JJ | /IRR |
| GRIFFITH | AJ | 3/IRR | HAGEN | JJ | /IRR |
| HUMPHREY | LJ | 4/IRR | KAMAKA | DS | /IRR |
| KELLER | ML | 8/IRR | KELLEY | GD | /IRR |
| KING | CM | 6/SAS | MEANS JR | DJ | /IRR |
| PEREZ | EF | 11/IRR | POPIELARCZ | RA | /IRR |
| PYANOWSKI | CA | 12/IRR | REDDING | DA | /IRR |
| SCHMAUCH | JT | 14/IRR | WALKER | RD | /IRR |

```
2.  APPOINTME        NES LISTED IN PARAGRAPH 1 WILL BE ISSUED
MONTHLY IN THE SELECTED GRADE IN THE ASSIGNED ORDER OF SENIORITY.
MONTHLY PROMOTIONS WILL BE ANNOUNCED BY SEPARATE MARADMIN MESSAGES.
```

*ENCLOSURE (2)*

2 Dec 2008

Board for Corrections of Naval Records
2 Navy Annex, Room 2432
Washington, DC 20370-5100

Re:     Case of MSGT JAMES S. FRAZIER, JR., USMC
        Docket # 2503.08

1. This is submitted in support of MSGT Frazier's request for a retro promotion to
Master Gunnery Sergeant.

2. MSGT Frazier served in my MTU VA03 as a Battlefield Assessment SNCO from
940322 to 960620.   During that time, then GYSGT Frazier participated in very high
level analysis of intelligence information derived from USMC operating field units.  On
several occasions, GYSGT Frazier was assigned to special projects for USMC Manpower
Division at HQMC.

3.  GYSGT Frazier was an exceptionally competent Marine with outstanding skill in
mission analysis.  He was highly competent with organizational and analytical methods.
His contribution during the time of my command had an immeasurable effect on the
Warfighting Development Integration division.

4. GYSGT Frazier displayed consistently outstanding leadership capability and
commanded respect from other Marines.  He has more than proven his ability to function
as a Master Gunnery Sergeant.

5.  I wish to extend my highest recommendation for a positive conclusion by the BCNR.


Thomas D. Affourtit, Ph.D
Lieutenant Colonel, USMCR (Ret)

ENCLOSURE (3)

084



**UNITED STATES MARINE CORPS**
MARINE FORCES RESERVE
4400 DAUPHINE STREET
NEW ORLEANS, LOUISIANA 70146-5400

IN REPLY TO
1400
CMD

From:   Sergeant Major, Marine Forces Reserve
To:     President, Remedial Promotion Board

Subj:   LETTER OF RECOMMENDATION IN CASE OF MASTER SERGEANT
        JAMES S. FRAZIER ████████████████ USMCR

1.  This letter is to positively endorse MSgt Frazier's request to be considered by the remedial promotion board.  MSgt Frazier while in the IRR has continued to serve the Marine Coprs by association and attending MOS schools to enhance his career and become a better SNCO.  These are some of the things we ask the Marines in the IRR to do, so they are fully qualified if called on.

2.  MARADMIN 553/03 allocated 1 IRR and 2 SMCR in the 3500 OCC field MARADMIN 095/04 notes that the final zone cutoffs allocated 2 to the 3500 OCC field, but 3 were selected from the SMCR.  This appears to have been a mistake.  While it may not have been, what happended to the 3500 allocation in the IRR? Perhaps the board could look into this and decide if MSgt Frazier should bave been looked at for promotion.

R. W. DIXON

ENCLOSURE (4)

085



# United States Marine Corps

The Marine Corps Institute

takes pleasure in presenting this diploma certifying that

JAMES FRAZIER -

has met all the requirements and

has successfully completed the curriculum prescribed for

SNCO ADVANCED DISTANCE EDUCATION PROGRAM

Therefore, in recognition and in validation our signatures

and the Marine Corps Seal are hereunto affixed

this ___ 25th ___ day of ___ February ___ , 1997

DUPLICATE

Director, Marine Corps Institute

President, Marine Corps University

Z4680034

ENCLOSURE (5)

086



# Marine Corps Marine University

This is to certify that

## Master Sergeant James S. Frazier

has completed the requirements prescribed by the Commandant of the Marine Corps for

## 1999 First Sergeant/Master Sergeant Seminar

Given at the Staff Noncommissioned Officer Academy
Marine Corps Combat Development Command, Quantico, Virginia
this thirtieth day of July 1999

ENCLOSURE (6)

087

# United States Marine Corps



## Logistics Operations School

takes pleasure in presenting this diploma to

USMCR

Master Sergeant JAMES S. FRAZIER

certifying that this Marine has met all requirements
and has completed the program of instruction prescribed for

## Motor Transport Career Course 200304

Given at Marine Corps Combat Service Support Schools
Marine Corps Base, Camp Lejeune

this  22d  Day of May   2003



ENCLOSURE (7)



# United States Marine Corps



## Logistics Operations School

takes pleasure in presenting this diploma to

**Master Sergeant JAMES S. FRAZIER** USMC

certifying that this Marine has met all requirements prescribed for

and has completed the program of instruction prescribed for

Motor Transport Advance Course 2004010

Given at Marine Corps Combat Service Support Schools

Marine Corps Base, Camp Lejeune

this 12th Day of December 2003

ENCLOSURE (8)

089



# United States Marine Corps

The Marine Corps Institute

takes pleasure in presenting this diploma certifying that

JAMES FRAZIER -

has met all the requirements and

has successfully completed the curriculum prescribed for

WARFIGHTING SKILLS DISTANCE EDUCATION PROGRAM

Therefore, in recognition and in validation our signatures

and the Marine Corps Seal are hereunto affixed

this  08th  day of  January  , 2004

DUPLICATE

_____
Director, Marine Corps Institute

_____
President, Marine Corps University

Z5299742

ENCLOSURE (9)



# United States Marine Corps

## The Commanding Officer of
## Logistics Operations School

Takes pleasure in presenting this diploma to

## MSgt James Frazier

certifying that they have met all the requirements
and has successfully completed the syllabus prescribed for

## in the Marine Corps Martial Arts Program

Given at Marine Corps Combat Service Support Schools
This 12th of December

**Instructor**

**Commanding Officer,**
**Logistics Operations School**

ENCLOSURE (10)



# ROVING SANDS 2000

## Certificate of Achievement

is presented to

## MSgt James Frasier

**FOR OUTSTANDING SERVICE DURING THE
JOINT THEATER AIR AND MISSILE DEFENSE EXERCISE
14-23 JUNE 2000**



ENCLOSURE (11)





# DEPARTMENT OF THE NAVY

## THIS IS TO CERTIFY THAT

## THE SECRETARY OF THE NAVY HAS AWARDED THE

# NAVY AND MARINE CORPS ACHIEVEMENT MEDAL

TO

**MASTER SERGEANT JAMES FRAZIER**

FOR

"professional achievement in the superior performance of his duties while serving as Motor Transport Noncommissioned Officer in charge, Military Police Company B, Headquarters and Service Battalion, Fourth Force Service Support Group, Marine Forces Reserve, Inspector-Instructor Staff Pittsburgh PA. From 06 November 2000 to 21 January 2001. During this period, Master Sergeant Frazier consistently performed his duties in an exemplary and highly successful manner. His unparalleled devotion to duty, unbounded enthusiasm and steadfast perseverance, were key in this unit's most successful Toys for Tots campaign ever. Through the personal efforts of Master Sergeant Frazier, he first obtained the cost-free use of two tractor trailers and then conducted over 250 toy collection operations, logging over 6000 accident-free miles. Master Sergeant Frazier's gregarious and dynamic "Can-Do" attitude led the way in the operational and logistical success of collection, storage, segregation and distribution of over 200,000 toys that went out to over 60,000 area children. Master Sergeant Frazier's initiative and selfless devotion to duty reflected great credit upon himself and were in keeping with the highest traditions of the Marine Corps and United States Naval Service."

GIVEN THIS      30      DAY OF   May,  2001

*R. A. Montgomery*

SECRETARY OF THE NAVY

R. A. MONTGOMERY

Lieutenant Colonel, U. S. Marine Corps
Commanding Officer

7-991

ENCLOSURE (12)

093

# Marine Corps Association

USMC

## CERTIFICATE OF ACHIEVEMENT

### Master Sergeant JAMES S. FRAZIER

*The Board of Governors of The Marine Corps Association takes pleasure in presenting this award in recognition of high endeavor and superior accomplishments while enrolled in a course of study in professional education prescribed by the Commandant of the Marine Corps.*

Given this _____ 12th _____ day of _____ December _____ 20 03

ENCLOSURE (13)

094



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG:kes
Docket No. 09126-10
19 October 2010

MSGT JAMES S FRAZIER USMC

Dear Master Sergeant Frazier:

This is in reference to your application for correction of your naval record.

Your case has been assigned to the Board's Performance Section. All correspondence pertaining to your case should be sent to the attention of this section.

The Board has received an advisory opinion, a copy of which is enclosed. The views set forth in this opinion are those of the office that submitted it, and are not binding on the Board or its reviewing authority. If you wish to respond to the advisory opinion or submit documentary material in support of your application, it is requested that you do so within 30 days of the date of this letter. Your response should be sent to the Board and not to the official who furnished the advisory opinion.

If you are unable to respond within the 30-day period, you may request an extension of time. In your request, please indicate when the Board may expect to receive your response. If no response or request for an extension of time is received within the 30-day period, your case will be classified as being ready for review by the Board, and will be decided on the evidence of record as soon as the Board's crowded docket of cases permits.

As a general rule, the Board will not decide a case prior to the expiration of the 30-day period unless it has received the applicant's response to the advisory opinion. However, an exception may be made if a case warrants expeditious action. The most common example is when an applicant who is seeking removal of a fitness report is also scheduled to be considered for promotion within the 30-day period. Under these circumstances, the Board may, in its

discretion, decide the case before the 30-day period expires and
without waiting for the applicant's response to the advisory opinion.
Should the case be denied, the Board will treat the applicant's
response as a request for reconsideration.

Sincerely,

JONATHAN S. RUSKIN
Head, Performance Section

Enclosure
MMPR-2 memo dtd 14 Oct'10



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
1400/3
MMPR-2

OCT 1 4 2010

MEMORANDUM FOR THE EXECUTIVE DIRECTOR, BOARD FOR CORRECTION OF
NAVAL RECORDS

Subj:  ADVISORY OPINION IN THE CASE OF MASTER SERGEANT JAMES S.
       FRAZIER 000 00 4041 USMC, RETIRED

Ref:   (a) BCNR Docket Number 09126-10 dtd 17 Sep 10
       (b) CMC ltr 1400/3 MMPR-2 dtd 4 May 05
       (c) MCO P1400.32D (ENLPROMAN)

1.  Per reference (a), Mr. Frazier is requesting to be
retroactively promoted to the rank of master gunnery sergeant.

2.  A review of Mr. Frazier's record verified he was promoted to
the rank of master sergeant with a date of rank of 1 January
1998.  With his date of rank (DOR) and pay entry base date
(PEBD) at the time, Mr. Frazier was not eligible for
consideration to the rank of master gunnery sergeant by the FY
2004 Reserve Staff Noncommissioned Officer (SNCO) Selection
Board (IRR).  However, per reference (b), the enlisted promotion
section (MMPR-2) notified Mr. Frazier that, based on a
correction to his PEBD, he had been approved for remedial
promotion consideration to the rank of master gunnery sergeant
by the FY 2004 Reserve SNCO Selection Board (IRR).

3.  Mr. Frazier received a fair and impartial brief for remedial
promotion consideration on 11 May 2005.  However, he was not
selected for promotion.  The confidentiality of the selection
board process precludes knowing the exact reasons why a Marine
is not selected for promotion.  It can only be inferred that,
based upon a majority vote of the board members, Mr. Frazier's
record was not competitive with the records of the Marines
selected for promotion.  He served in a highly competitive
occupational field and simply did not get enough votes.

4.  When a Marine is placed on an ERSB, his/her record is
redacted so that only material that would have been considered
by a regular selection board is contained in his/her record.
Mr. Frazier's record was redacted to reflect its status as of 12
January, 2004, the day the FY 2004 Reserve SNCO Selection Board
convened.  Therefore, the ERSB would not have been aware that
Mr. Frazier had been placed in a promotion restriction status on



097

Subj:   ADVISORY OPINION IN THE CASE OF MASTER SERGEANT JAMES S.
        FRAZIER 000 00 4041 USMC, RETIRED

8 April 2005.  However, had he been selected by the ERSB on 11
May 2005, he would not have been promoted but would have had his
promotion withheld until pending charges had been adjudicated.

5.  Based on the foregoing, it is the opinion of this office
that, in accordance with reference (c), Mr. Frazier was properly
considered for promotion to master gunnery sergeant by the FY
2004 Reserve SNCO Selection Board (IRR) but was not selected.

S. M. DENAULT
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

2

098



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

17 September 2010

MEMO FOR COMMANDANT OF THE MARINE CORPS (CODE MMER)

Subj:   REQUEST FOR ADVISORY OPINION(S)

1.  Please provide advisory opinion(s) from the indicated offices for the following named petitioner(s).

2.  It is further requested that the enclosures be returned with your reply.  In the event the requested action can be granted administratively, please take action and notify the Board accordingly.

3.  If you are unable to furnish a reply within 30 days, please notify this office, 703-614-2293/DSN 224-2293.

| NAME | SSN/EXAMINER/DOCKET NO. | CODE | COMMENTS |
|---|---|---|---|
| FRAZIER, James S. | | | Req AO from **MMPR-2** for new AO regarding question on enclosed referendum. |
| FLOWERS, Michael P. | | | CASE has been remanded from Fed ct to address Pets req for an SSB. Pls req AO from **MMPR-1** regarding his current req for an SSB. Also pls comment on practicality of holding SSB for Pet at this time. |

--X--------------------
RECEIVED BY MMER
(Name and date received)

_____
PERFORMANCE SECTION
BCNR

099

01/13/10  16:06 FAX 2416820 _____ CONG MIKE DOYLE PH                    ☒005



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
140073
MMPR-2
MAY 04 2005

Master Sergeant James S. Frazier

████████████████████████████
████████████████████████████

Dear Master Sergeant Frazier:

This is in response to your letter dated 18 March 2005 addressed
to Congressman William Jefferson.  In your letter you assert
that due to an erroneous pay entry base date (PEBD), you were
not considered for promotion to master gunnery sergeant on the
FY 2004 Reserve Staff Noncommissioned Officer Selection Board.

A review of the selection board records indicates that, when the
FY 2004 Reserve Staff Noncommissioned Officer (SNCO) Selection
Board convened on 12 January 2004, you were not eligible for
consideration based on your Date of Rank (DOR) and Pay Entry
Base Date (PEBD) resident in the Marine Corps Total Force System
(MCTFS) at that time.  On 29 June 2004, you requested remedial
consideration for the FY 2004 Reserve SNCO Selection Board.
Your request was based on the fact that you believed that you
were erroneously not considered by the board due to changes in
the allocations.  However, on 8 September 2004, we disapproved
your request because your DOR and PEBD, as reflected in MCTFS,
still did not make you eligible for consideration by that board.

This office received your current request for remedial
consideration for the FY 2004 Reserve SNCO Selection Board on 15
March 2005.  ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████  Once the board
report is signed, you will be notified via naval message of a
selection or via letter of a non-selection, whichever is
applicable to your situation.

J. A. MCLAUGHLIN
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

100

**HEADQUARTERS MARINE CORPS ROUTING SHEET (5211)**
**NAVMC HQ 335 (REV.  06-03)**

| 1. Date: 12 May 2005 |
| --- |

| 2. Operations Code | | 3. SUBJECT: |
| --- | --- | --- |

X - ORIGINATOR OR OFFICE    G - INFORMATION
    AFFIXING ROUTING SHEET    H - RETURN TO:
A - APPROPRIATE ACTION    I - INITIAL
B - GUIDANCE    J - DISPOSITION
C - SIGNATURE    K - DECISION
D - COMMENT    L - RETENTION
E - RECOMMENDATION    O - OTHER
F - CONCURRENCE

Rm:

**3. SUBJECT:**
BOARD REPORT FOR THE MAY 11, 2005 ENLISTED
REMEDIAL SELECTION BOARD (ERSB)

| 4 RTG | 5. OPR CODE | 6. ADDRESSEES | | 7. DATE | | 8. INITIALS | | 9. NATURE OF ACTION REQUIRED | ORIGINATORS INITIALS | DUE DATE (If any) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | IN | OUT | Concur | Non-Concur | | | |
| ///// | | COMMANDANT | CMC | | | | | ROUTINE | CEG | |
| ///// | | MILITARY SECT | | | | | | URGENT | | |
| ///// | | ASST COMMANDANT | ACMC | | | | | 10. REFERENCES HELD BY (Name, Grade, Office Code, and Telephone ext.): | | |
| ///// | | MIL ASST | ACMC | | | | | McLaughlin, J.A., Maj, MMPR-2, (703) 784-9710 | | |
| ///// | | DIR MARCORSTAFF | DMCS | | | | | 11. REMARKS AND SIGNATURE: | | |
| | | EXEC EDITOR | EDITOR | | | | | | | |
| | | DC M&RA | M&RA | | | | | 1.  **PURPOSE.**  To obtain the signature of the | | |
| | | DC I&L | L | | | | | Director, MM on subject board report. | | |
| | | DC PP&O | P | | | | | | | |
| | | DC AVN | A | | | | | 2.  **BACKGROUND.**  Next under is the board report | | |
| | | DC P&R | R | | | | | for the subject board that met on 11 May 2005 for | | |
| | | DIR INTEL | I | | | | | 1 day.  The board report lists those Marines who | | |
| | | DIR C4 | C4 | | | | | were either selected or not selected by the | | |
| | | DC, CD | CD | | | | | board. | | |
| | | SJA TO CMC | JA | | | | | | | |
| | | LEGISLATIVE ASST | OLA | | | | | 3.  **RECOMMENDATION.**  The Director, MM sign and | | |
| | | DIR PA | PA | | | | | approve the attached board report. | | |
| | | DIR AR | AR | | | | | | | |
| | | IGMC | IG | | | | | | | |
| | | COUNSEL FOR CMC | CL | | | | | | | |
| | | DIR HEALTH SERV | HS | | | | | | | |
| | | CHAPLAIN | REL | | | | | | | |
| | | DIR SPL PROJ | SPD | | | | | | | |
| | | SGTMAJMARCOR | SGTMAJ | | | | | | | |
| | | MCRC | MCRC | | | | | L. W. FREUND | | |
| | | MCLC | LC | | | | | | | |
| | | HQBN | HQBN | | | | | | | |
| | | MARBKS | MARBKS | | | | | | | |
| | | SAFETY | SD | | | | | | | |
| | | DEPUTY COMMANDANT FOR MANPOWER AND RESERVE AFFAIRS (DC, M&RA) | | | | | | | | |
| | | DC  M&RA | M&RA | | | | | | | |
| | | ASST DC  M&RA | | | | | | | | | |
| | | EXECUTIVE ASST | | | | | | | | | |
| | | SGTMAJ M&RA | | | | | | | | | |
| | | ADMIN OFFICER / ADMIN CHIEF | | | | | | | | | |
| | | DIR  MANPOWER PLN&POL | MP | | | | | | | |
| | | DIR RESERVE AFFAIRS | RA | | | | | | | |
| | | DIR MPF MGMT INFO | MI | | | | | | | |
| | | DIR PERS/FAMILY RED | MR | | | | | | | |
| | | FINANCIAL MANAGEMENT | MB | | | | | | | |
| | | (INTRA-DIVISION ROUTING) | | | | | | | | |
| 3 | F,C | DIR, PERS MANAGEMENT | MM | | 5·16 | CLC | | | | |
| | | DEP DIR | MM | | | | | | | |
| 2 | G | SGTMAJ | MM | 5/13 | | | | | | |
| 1,4 | AH | ADMINO | MMIA | 5/13 | | NS | | | | |
| | X | | MMPR-2 | 5/12 | 5/12 | | | | | |

Dir_____
DepDir_____
AdminOff__ RS 5/13
AdminChf__
PersSgtMaj__ 5/13

Copy to_____