# ADMINISTRATIVE RECORD
## Volume III
## (pp. 102-152)

DEPARTMENT OF THE NAVY
HEADQUARTERS,
U.S. MARINE CORPS
HARRY LEE HALL
17 LEJEUNE ROAD
QUANTICO, VA 22134-5104


RECORD OF PROCEEDINGS


of the


ENLISTED REMEDIAL SELECTION BOARD


appointed by


THE COMMANDANT OF THE MARINE CORPS


Convened at
Boardroom B
on May 11, 2005

DEPARTMENT OF THE NAVY
HEADQUARTERS, U.S. MARINE CORPS
HARRY LEE HALL
17 LEJEUNE ROAD
QUANTICO, VA 22134-5104


     The Enlisted Remedial Selection Board to recommend Marines
for promotion to the next higher grade convened at 0800, on 11
May 2005 pursuant to the Precept dated 11 May 2005.

Members present:
Lieutenant Colonel Todd Coker, U.S. Marine Corps, President
Lieutenant Colonel Douglas E. Keeler, U.S. Marine Corps, Member
Lieutenant Colonel Clay O. Runzi, U.S. Marine Corps Reserve,
Member
Major Daniel F. White II, U.S. Marine Corps, Member
Captain Jason K. Roberts, U.S. Marine Corps, Member
Sergeant Major William B. Bloom, U.S. Marine Corps, Member
Sergeant Major Frank L. Knox, U.S. Marine Corps, Member
Master Gunnery Sergeant Kenneth M. Carter, U.S. Marine Corps,
Member
Master Gunnery Sergeant Vonzell A. Mattock, U.S. Marine Corps,
Member
Master Gunnery Sergeant Bryant J. McKay, U.S. Marine Corps,
Member
Ms. Cynthia E. Guillory, Remedial Specialist, Senior Recorder
Gunnery Sergeant Gary A. Richardson, U.S. Marine Corps,
Assistant Recorder
Lance Corporal Chad R. Slusher, U.S. Marine Corps, Assistant
Recorder

Observer:

Master Gunnery Sergeant James L. Roberts, U.S. Marine Corps


     The selection board members read the Precept and received,
from the Commandant of the Marine Corps, the names and records
of those Marines eligible for promotion.  The selection board
considered the cases of all personnel presented for review and
complied with all instructions contained in Marine Corps
Order 5420.16.  These recommendations represent a majority
opinion of the members present.

We, the undersigned, do hereby certify:

(a) That the board has carefully considered all the cases that were furnished by the Commandant of the Marine Corps.

(b) That in the opinion of a majority of the members, the Marines listed at the tab labeled "selects" represent the optimum in professional achievement in all respects, and are qualified for appointment to the next higher grade.

(c) That the pages contained in the tab labeled "selects" upon which are set forth the names of those recommended for promotion were, at the time of signing of this record of proceedings, free from interlineations, alterations and erasures, except those of a clerical nature initialed in ink by the president and the recorder.

(d) That the Marines listed in the tab labeled "nonselects" were not recommended for promotion to the next higher grade.

The report was read and signed by the members and recorders on 11 May 2005.


TODD COKER
Lieutenant Colonel, U.S. Marine Corps, President


DOUGLAS E. KEELER
Lieutenant Colonel, U.S. Marine Corps, Member


CLAY O. RUNZI
Lieutenant Colonel, U.S. Marine Corps Reserve, Member


DANIEL F. WHITE II
Major, U.S. Marine Corps, Member

JASON K. ROBERTS
Captain, U.S. Marine Corps, Member

WILLIAM B. BLOOM
Sergeant Major, U.S. Marine Corps, Member

FRANK L. KNOX
Sergeant Major, U.S. Marine Corps, Member

KENNETH M. CARTER
Master Gunnery Sergeant, U.S. Marine Corps, Member

VONZELL A. MATTOCK
Master Gunnery Sergeant, U.S. Marine Corps, Member

BRYANT J. MCKAY
Master Gunnery Sergeant, U.S. Marine Corps, Member

CYNTHA E. GUILLORY
Remedial Specialist, Senior Recorder

GARY A. RICHARDSON
Gunnery Sergeant, U.S. Marine Corps, Assistant Recorder

105

CHAD R. SLUSHER
Lance Corporal, U.S. Marine Corps, Assistant Recorder

Date _16 May 05_

The report of the Board is approved.

FOR THE COMMANDANT OF THE MARINE CORPS

C. L. O'CONNOR
Director,
Personnel Management Division

## MARINES ELIGIBLE FOR CONSIDERATION BY THE ENLISTED REMEDIAL SELECTION BOARD

The records of the following 13 Marines, who were eligible for the board(s) as indicated, were forwarded for remedial consideration for promotion by the Enlisted Remedial Selection Board, which convened on 11 May 2005.

| PRESENT GRADE | NAME | IMOS | YEAR | BOARD(S) |
|---|---|---|---|---|
| MSgt | Frazier, James S. ██████████/3537 USMCR | 3500 | 2004 IZ | MGySgt |
| GySgt | Eddy II, William J. ██████████ 6112 USMC | 6019 | 2005 IZ | MSgt |
| GySgt | Garcia, Nelda ██████████ 0193 USMCR | 0100 | 2005 IZ<br>2005 IZ | 1stSgt<br>MSgt |
| GySgt | Hahn, Patrick T. ██████████/0193 USMC | 0193 | 2005 IZ | MSgt |
| GySgt | Kenitzer, Larry L. ██████████ 6172 USMCR | 6019 | 2005 AZ | MSgt |
| SSgt | Emiro, Paul D. ██████████/1833 USMC | 1833 | 2004 IZ | GySgt |
| SSgt | Gordon, Dorothy M. ██████████ 8421 USMC | 8421 | 2004 AZ | GySgt |
| SSgt | Lavan, Cornillus H. ██████████/7041 USMC | 7041 | 2004 IZ | GySgt |
| SSgt | Lumpkin, Troy ██████████/6092 USMC | 6092 | 2002 IZ<br>2003 AZ | GySgt<br>GySgt |
| SSgt | Smith, Raymond D. ██████████/3043 USMC | 3043 | 2004 IZ | GySgt |
| SSgt | Wilder, Robert S. ██████████/3043 USMCR | 3000 | 2004 IZ | GySgt |
| Sgt | Morrison, Michael P. ██████████/0211 USMC | 0211 | 2004 IZ | SSgt |

108

## MARINES ELIGIBLE FOR CONSIDERATION BY THE ENLISTED REMEDIAL SELECTION BOARD

The records of the following Marines, who were eligible for the board(s) as indicated, were forwarded for remedial consideration for promotion by the Enlisted Remedial Selection Board, which convened on 11 May 2005.

| PRESENT GRADE | NAME | IMOS | YEAR | BOARD(S) |
|---|---|---|---|---|
| Sgt | O'Boyle, Christopher M. ████████████ 0121 USMCR | 0100 | 2005 IZ | SSgt |

## MARINES SELECTED FOR REMEDIAL PROMOTION

The 8 Marines listed below were recommended for promotion by the Enlisted Remedial Selection Board.

| PRESENT GRADE | NAME | YEAR | SELECTED |
|---|---|---|---|
| GySgt | Eddy II, William J. ███████/6112 USMC | 2005 IZ | MSgt |
| GySgt | Hahn, Patrick T. ███████/0193 USMC | 2005 IZ | MSgt |
| GySgt | Kenitzer, Larry L. ███████/6172 USMCR | 2005 AZ | MSgt |
| SSgt | Emiro, Paul D. ███████1833 USMC | 2004 IZ | GySgt |
| SSgt | Gordon, Dorothy M. ███████3421 USMC | 2004 AZ | GySgt |
| SSgt | Lavan, Cornillus H. ███████7041 USMC | 2004 IZ | GySgt |
| SSgt | Smith, Raymond D. ███████/3043 USMC | 2004 IZ | GySgt |
| Sgt | O'Boyle, Christopher M. ███████0121 USMCR | 2005 IZ | SSgt |

## MARINES NOT RECOMMENDED FOR REMEDIAL PROMOTION

The 5 Marines listed below were not recommended for promotion by the Enlisted Remedial Selection Board.

| PRESENT GRADE | NAME | YEAR | BOARD(S) |
|---|---|---|---|
| MSgt | Frazier, James S. ███████3537 USMCR | 2004 IZ | MGySgt |
| GySgt | Garcia, Nelda ███████0193 USMCR | 2005 IZ 2005 IZ | 1stSgt MSgt |
| SSgt | Lumpkin, Troy ███████6092 USMC | 2002 IZ 2003 AZ | GySgt GySgt |
| SSgt | Wilder, Robert S. ███████3043 USMCR | 2004 IZ | GySgt |
| Sgt | Morrison, Michael P. ███████0211 USMC | 2004 IZ | SSgt |

111



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
1420/4
MMPR-2
MAY 1 8 2005

From:   Commandant of the Marine Corps
To.:    Master Sergeant James S. Frazier ███████ 3537 USMCR
Via:    Commanding General, Marine Corps Reserve Support
        Command, 15303 Andrews Road, Kansas City, MO 64147-1202

Subj:   REMEDIAL CONSIDERATION FOR PROMOTION

Ref:    (a) Yr ltr 1400 of 10 Mar 05
        (b) MCO P1400.32C, ENLPROMMAN

1.  As requested in reference (a) and in accordance with the
provisions of reference (b), you received remedial consideration
for promotion to master gunnery sergeant for the FY 2004 Reserve
Staff Noncommissioned Officer Selection Board.

2.  After a comparison of your personnel file with those Marines
competing for promotion within your Intended Military
Occupational Specialty (IMOS) 3500, it was the recommendation of
the board that you not be selected for promotion at this time.
The recommendation of the board was approved on 16 May 2005.

J. A. MCLAUGHLIN
Major, U.S. Marine Corps
Head, Enlisted Promotion
Section



112

# SNCO Input Screen

Tuesday, September 28, 2010

| LName: | FName: | MI: | SSN: | Rank: | USMC/R: |
|--------|--------|-----|------|-------|---------|
| FRAZIER | JAMES | S | ▮▮▮▮ | E8 | USMCR (IRR) |

| Received Date: | EAS/ECC (Res): | PMOS: | IMOS: | BCNR Act Recd: | RUC: | MCC: |
|----------------|----------------|-------|-------|----------------|------|------|
| 20040702 | 20050909 | 3537 | 3500 | 19990909 | 88803 | IRR |

Where?

Marine's Reason for the Request:
Not Considered

MMPR Action:
Disapproved

Boards Considered:
RIMGYSGT04

Reason Granted Remedial:

Remarks:
DISAPPROVED FOR FY 2004 MGYSGT.   DISAPPROVAL LTR MAILED ON
9/8/2004.

*Oct  2003 ,*

| Completed: | Date Completed: | Boarded: | Remedial Brd: |
|------------|-----------------|----------|---------------|
| Y | 20040908 | N | |

*Submitted for remedial in 05
was disapproved do to a lack of further evidence*

113

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES S. FRAZIER, JR., | ) | Civil Action No. 10-500 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| SECRETARY RAY MABUS, U.S. | ) | |
| DEPARTMENT OF THE NAVY; | ) | |
| EXECUTIVE DIRECTOR W. DEAN | ) | |
| PFEIFFER, BOARD FOR THE | ) | |
| CORRECTION OF NAVAL RECORDS, | ) | |
| | ) | |
| Defendants. | ) | *Filed electronically* |

## STIPULATION OF DISMISSAL

The parties to the above-entitled action hereby stipulate, pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, to dismiss this action against the Defendants, subject to the conditions below, with prejudice to the specific claims advanced in Plaintiff's Complaint concerning the December 24, 2009 decision of the Board for Correction of Naval Records ("Board"), which denied Plaintiff's request for reconsideration of its January 16, 2009 decision denying Plaintiff's request for remedial promotion to Master Gunnery Sergeant (E9).

The parties stipulate further to dismiss this action against the Defendants without prejudice to any future suit brought by Plaintiff seeking judicial review of a decision by the Board, pursuant to the first condition set forth below, concerning its reconsideration of the January 16, 2009 decision.

The dismissal of Plaintiff's Complaint is subject to the following conditions:

(1)     The Board shall reconsider Plaintiff's December 9, 2009 request for

reconsideration of the Board's January 16, 2009 decision and shall adjudicate the application for

reconsideration on its merits; and

(2)     Both parties shall bear their own costs and fees in the present action.

ROBERT S. CESSAR
Acting United States Attorney

s/                                      s/

JAMES S. FRAZIER, JR.          JENNIFER R. ANDRADE
                                Assistant U.S. Attorney
*Pro se Plaintiff*              U.S. Courthouse and Post Office
                                700 Grant Street, Suite 4000
                                Pittsburgh, PA 15219
                                (412) 894-7354
                                *Counsel for Defendants*

Date: August ___19___, 2010

                                Of Counsel:
                                LCDR Steven M. Myers, JAGC, USN
                                Office of the Judge Advocate General
                                General Litigation Division (Code 14)
                                1322 Patterson Avenue, SE, STE 3000
                                Washington Navy Yard, DC 20374

## ORDER

AND NOW, to wit, this __20th__ day of __Aug.__, 2010, it is ORDERED that

the above captioned civil action be dismissed, each party to bear their own costs.

UNITED STATES MAGISTRATE JUDGE

115

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES S. FRAZIER, JR., | ) | Civil Action No. 10-500 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| SECRETARY RAY MAYBUS, U.S. | ) | |
| DEPARTMENT OF THE NAVY; | ) | |
| EXECUTIVE DIRECTOR W. DEAN | ) | |
| PFEIFFER, BOARD FOR THE | ) | |
| CORRECTION OF NAVAL RECORDS, | ) | |
| | ) | |
| Defendants. | ) | *Filed electronically* |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiff, James S. Frazier, Jr., commenced this action on April 19, 2010 by filing a motion for leave to proceed *in forma pauperis* along with a complaint. Plaintiff, a former enlisted Marine in the United States Marine Corps Reserve, complains that he is entitled to a retroactive promotion to Master Gunnery Sergeant, pay grade E-9, and that the decision denying his promotion failed to comply with the Marine Corps Promotion Manual. As relief, Plaintiff seeks an order from this Court promoting him to Master Gunnery Sergeant (E-9), adjusting his retirement date, and expunging a promotion restriction imposed as a result of his administrative separation. (Compl. ¶ 36).

However, because the Court lacks jurisdiction over Plaintiff's claim, the Complaint should be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## FACTUAL ALLEGATIONS

Plaintiff is a retired Master Sergeant in the United States Marine Corps Reserve. (Compl. ¶ 6). On March 10, 2005, Plaintiff filed a petition with the BCNR for remedial consideration for promotion to Master Gunnery Sergeant (E9) from the FY 2004 Reserve Staff Non-Commissioned Officer Selection Board. (Id.)

On March 21, 2005, Plaintiff was involved in a domestic shooting. (Id. ¶ 8). Following the incident, he was arrested, charged with attempted second degree murder and incarcerated by civilian authorities. (Id.) As a result of the charges and Plaintiff's incarceration by civilian authorities, the Marine Corps Mobilization Command made a promotion restriction entry into the Marine Corps Total Force System ("MCTFS") database on April 8, 2005. (Id. ¶¶ 10, 12). Also as a result of the civilian charges and Plaintiff's incarceration, the Commander of the Marine Corps Mobilization Command began to process Plaintiff for administrative separation from the U.S. Marine Corps Reserve with an other-than-honorable discharge. (Id. ¶ 11).

On May 4, 2005, notwithstanding Plaintiff's promotion restriction and pending separation, and while Plaintiff was incarcerated, the Headquarters of the U.S. Marine Corps sent a letter approving Plaintiff for remedial promotion consideration by a remedial promotion board convening on May 11, 2005. (Id. ¶ 12). Plaintiff alleges that the Marine Corps Headquarters was "fully aware" of the promotion restriction entry by the Commander of the Marine Corps Mobilization Command, as well as his pending separation. (Id.) On May 24, 2005, the Marine Corps Mobilization Command made an entry into the MCTFS

2

stating that Plaintiff had been passed over for promotion by the remedial board on May 11, 2005.  (Id. ¶ 13).

On July 22, 2005, the Commander of the Marine Corps Mobilization Command formally recommended Plaintiff's administrative separation from the U.S. Marine Corps Reserve with an other-than-honorable discharge for misconduct and commission of a serious offense.  (Id. ¶ 14).  On September 2, 2005, the Commanding General of Marine Forces Reserve approved Plaintiff's administrative separation.  (Id. ¶ 16).  As a consequence, Plaintiff was reduced in rank from Master Sergeant (E8) to Lance Corporal (E3).  (Id.)  He alleges further that he suffered a "loss of retirement" and a re-enlistment code of RE-4.  (Id.)

Plaintiff went to trial on the civilian charges in March 2007, and on March 26, 2007, a jury found him not guilty of attempted second degree murder.  (Id. ¶¶ 17-18).  On June 19, 2007, Plaintiff filed a petition to the BCNR requesting, *inter alia*, that his other-than-honorable discharge be rescinded.  (Id. ¶ 23).  On January 7, 2008, Plaintiff received a final decision from the BCNR approving this requests.  (Id. ¶ 25).  However, the decision also retired him from the U.S. Marine Corps Reserve and did not address the promotion issue. (Id.)

On March 8, 2008, Plaintiff filed another petition with the BCNR requesting remedial promotion consideration to Master Gunnery Sergeant (E9) with a retroactive retirement date. (Id. ¶ 26).  On January 16, 2009, Plaintiff received notice that the BCNR denied his request for remedial promotion.  (Id. ¶ 29).  On December 9, 2009, Plaintiff sought reconsideration of the BCNR's final decision, which was denied.  (Id. ¶¶ 30-31).

3

### <u>RULE 12(b)(1) STANDARD OF REVIEW</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 302 (3d Cir. 2006) (quoting <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977)). A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. <u>Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)</u>. In reviewing a facial attack on subject matter jurisdiction, the court may only consider the plaintiff's allegations and documents referenced therein and attached thereto. <u>Id.</u> When considering a facial attack, a court must accept the allegations contained in the plaintiff's complaint as true. <u>Petruska</u>, 462 F.3d at 302 n.3. In considering a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Petruska</u>, 462 F.3d at 302 n.3 (citing <u>Mortensen</u>, 549 F.2d at 891). In its discretion, the court weighs the evidence such as affidavits, documents, and evidentiary hearings relating to jurisdiction. <u>United States ex rel. Atkinson v. Pa. Shipbuilding Co.</u>, 473 F.3d 506, 514 (3d Cir. 2007). Such inquiry is permissible because a federal court must assure itself that it has jurisdiction over the case, and it may even resolve factual disputes in doing so. <u>See Boyle v. The Governor's Veterans Outreach & Assistance Ctr.</u>, 925 F.2d 71, 74 (3d Cir. 1991) (citing <u>Mortensen</u>, 549 F.2d at 891). As the party asserting jurisdiction, Plaintiff bears the burden of proving that it exists. <u>Petruska</u>, 462 F.3d at 302 n.3 (citing <u>Mortensen</u>, 549 F.2d at 891). Because the Complaint,

4

on its face, reveals that the Court lacks the authority to grant the relief Plaintiff seeks, the Complaint is subject to dismissal for lack of subject matter jurisdiction.

## ARGUMENT

### A.     The Complaint Should Be Dismissed For Lack Of Jurisdiction

In this action, Plaintiff asks the Court to interfere with military promotion matters that, by law, are left to the discretion of the military.  Specifically, Plaintiff seeks an order retroactively promoting him to Master Gunnery Sergeant (E9) with a FY 2004 date of rank, adjusting his retirement date, and expunging a promotion restriction imposed as a result of his administrative separation. (Compl. ¶ 36).  However, it is well-established that courts lack jurisdiction over claims seeking a promotion.  Indeed, courts do not interject themselves into the military promotion process, because doing so would be an "impermissible interference with [military] matters."  Adkins v. United States, 68 F.3d 1317, 1322-24 (Fed. Cir. 1995); Dysart v. United States, 369 F.3d 1303, 1315 (Fed. Cir. 2004) ("[T]he subject of military promotions is beyond the competence of courts to review.");  Skinner v. United States, 594 F.2d 824, 830 (Ct. Cl. 1979) ("The courts cannot [select officers for military promotion].");  Sanders v. United States, 594 F.2d 804, 813 (Ct. Cl. 1979) ("[S]trong policies compel the court to allow the widest possible latitude to the armed services in their administration of personnel matters.");  see generally Orloff v. Willoughby, 345 U.S. 83, 94 (1953) ("[W]e have found no case where this Court has assumed to revise duty orders as to one lawfully in the service").

In Martinez v. United States, 77 Fed. Cl. 318, 320-21 (2007), aff'd, 260 Fed. App'x 298 (Fed. Cir. 2008), a case instructive on this issue, the plaintiff, who had been separated

5

120

from service with the United States Army, filed suit in the United States Court of Federal

Claims alleging that her separation was "without cause, justification or in accordance with

the Army's own regulations governing involuntary separation." 77 Fed. Cl. at 321. Among

the relief Plaintiff sought was a promotion "to the next highest rank" for purposes of back

pay and retirement benefits. Id. The court initially observed that "'[a] claim of error in a

promotion decision presents a nonjusticiable controversy because there are no statutory or

regulatory standards against which a court can review such a decision.'" Id. at 323 (citing

Fluellen v. United States, 225 F.3d 1298, 1304 (Fed.Cir. 2000)). Notwithstanding this

observation, the court, *sua sponte*, addressed the issue of jurisdiction over the plaintiff's

promotion claim. It recognized that even though it had authority to grant equitable relief

"'incident of and collateral to' a claim for monetary damages," the plaintiff's request for a

promotion was independent of her other claims. Id. at 325. Therefore, it concluded that it

lacked jurisdiction to adjudicate the promotion claim. Id. In this regard, the court added that

even if it had jurisdiction over the claim, it would decline to exercise its authority "because

administration of military promotions are 'left to the discretion of the military.'" Id. (quoting

Fluellen, 225 F.3d at 1304).

In this case, as in Martinez, Plaintiff's claim for a promotion in the United States

Marine Corps Reserves invites the Court to impermissibly interfere with military matters.

Adkins, 68 F.3d at 1323 ("This court has consistently recognized that ... the merits of a

decision committed wholly to the discretion of the military are not subject to judicial

review."); Skinner, 594 F.2d at 830 ("[Plaintiff's] prayer that the Court of Federal Claims

direct the Secretary to promote him to the rank of colonel plainly was a request for

6

impermissible 'interfere[nce] with legitimate Army matters,'") (citing <u>Orloff</u>, 345 U.S. at

94)).  Therefore, because the Court cannot issue an order promoting Plaintiff to Master

Gunnery Sergeant (E9), the Complaint should be dismissed, with prejudice, for lack of

jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss

Plaintiff's Complaint for lack of jurisdiction, with prejudice.

Respectfully Submitted,

ROBERT S. CESSAR
Acting United States Attorney

<u>/s/ Jennifer R. Andrade</u>
JENNIFER R. ANDRADE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7354

Of Counsel:
LCDR Steven M. Myers, JAGC, USN
Office of the Judge Advocate General
General Litigation Division (Code 14)
1322 Patterson Avenue, SE, STE 3000
Washington Navy Yard, DC 20374

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing *Defendants'*

*Brief in Support of Motion to Dismiss* was served via electronic filing and/or first-class mail

upon the following:

James S. Frazier, Jr.

█████████████████

/s/ Jennifer R. Andrade
JENNIFER R. ANDRADE
Assistant U. S. Attorney

Dated: July 26, 2010

123

**REFERENDUM**

bjg

precon

Frazier, James S.

*02165 – 10*

Subject's Name:

| Frazier | James | S | |
|---|---|---|---|
| Last | First | MI | Suffix |

MAR 4 2010 ☒   REQUEST FOR RECONSIDERATION

☐ Approved: _____

☒ Disapproved: _Brian George_   _4 Mar 10_

MAR 8 - 2010

_Jmmr_   _4 mmr0_
Signature     Date

☐ ADMINISTRATIVE RE-OPEN

☐ Approved: _____
Signature            Date

COMMENTS: _Nothing new or material. T received remedial con by the FY-04 Reserve Master Gunnery Sergeant Selection Board, but was not selected. His alleged "promotion board restriction" did not keep him from being considered._

NOTE:  Please deliver to
OIS Section with "closed"
BCNR file

_Frazier's Cong'l Ltr. already mailed out. Thanks_

NEW Docket No.

(OIS/11 1Jul86)



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 2165-10/
                 2503-08
March 4, 2010

THE HONORABLE MIKE DOYLE
MEMBER UNITED STATES
HOUSE OF REPRESENTATIVES
11 DUFF RD
PENN HILLS PA 15235

Attn:  Mr. Alan Smith

Dear Congressman Doyle:

This is in reference to your letter dated January 13, 2010,
with enclosures, on behalf of your constituent, Master Sergeant
James S. Frazier, United States Marine Corps Reserve (Retired).
Lewis, a former member of the naval service.  He is requesting
reconsideration of his request for remedial promotion
consideration for master gunnery sergeant, pay grade E-9.

As was pointed out to Master Sergeant Frazier in our letters of
16 January and 24 December 2009, when a request for corrective
action is denied by the Board, sitting in executive session,
new and material evidence or other matter not previously
considered must be submitted in order to have the Board
reconsider its decision.  After a careful review of your letter
and enclosures, I am unable to find any new and material
evidence or other matter not previously considered by the
Board.  I particularly note that he received remedial promotion
consideration for the Fiscal Year 2004 Reserve Master Gunnery
Selection Board, however, he was not selected.  This counters
his argument that his alleged "promotion board restriction"
kept him from even being considered.

125

In view of the above, I regret to inform you that further
review of his case is not warranted.  Your interest in naval
affairs is appreciated.

                              Sincerely,


                              W. DEAN PFEIFFER
                              Executive Director


Enclosure


                              2

Frazier, J
#2503-08

# CONGRESSIONAL TASKER
## ATTACHED        145

**ASSIGNED TO:** _____ $P R F$ _____

## PROVIDE RESPONSE TO ADMIN
## NLT 10 DAYS UPON RECEIPT

**EXAMINER:**_____

**DATE ASSIGNED:** _____ REC'D FEB 2 5 2010 _____

## CONGRESSIONAL TASKER
## ATTACHED

c/o 01/16/09

127



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 2165-10/
2503-08
March 4, 2010

THE HONORABLE MIKE DOYLE
MEMBER UNITED STATES
HOUSE OF REPRESENTATIVES
11 DUFF RD
PENN HILLS PA 15235

Attn:  Mr. Alan Smith

Dear Congressman Doyle:

This is in reference to your letter dated January 13, 2010,
with enclosures, on behalf of your constituent, Master Sergeant
James S. Frazier, United States Marine Corps Reserve (Retired).
Lewis, a former member of the naval service.  He is requesting
reconsideration of his request for remedial promotion
consideration for master gunnery sergeant, pay grade E-9.

As was pointed out to Master Sergeant Frazier in our letters of
16 January and 24 December 2009, when a request for corrective
action is denied by the Board, sitting in executive session,
new and material evidence or other matter not previously
considered must be submitted in order to have the Board
reconsider its decision.  After a careful review of your letter
and enclosures, I am unable to find any new and material
evidence or other matter not previously considered by the
Board.  I particularly note that he received remedial promotion
consideration for the Fiscal Year 2004 Reserve Master Gunnery
Selection Board, however, he was not selected.  This counters
his argument that his alleged "promotion board restriction"
kept him from even being considered.

In view of the above, I regret to inform you that further review of his case is not warranted.  Your interest in naval affairs is appreciated.

Sincerely,

W. DEAN PFEIFFER
Executive Director

Enclosure

2



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3000 MARINE CORPS PENTAGON
WASHINGTON, DC 20350-3000

IN REPLY REFER TO:
5730
OLAC-5P
26 Jan 10

From:   Commandant of the Marine Corps
To:     Chairman, Board for Correction of Naval Records,
        Department of the Navy, Washington, DC  20370-5100

Subj:   CONGRESSIONAL CORRESPONDENCE CONCERNING MASTER SERGEANT
        JAMES S. FRAZIER, ███████████ USMCR, RETIRED

Encl:   (1) Congressman Mike Doyle's ltr of 13 Jan 10, w/encls
        (2) Copy of OLAC reply to Congressman Doyle

1.  Enclosures (1) and (2) are forwarded for consideration and
further reply as a matter within your cognizance.

                                J. M. PHILLIPS
                                By direction

REC'D FEB 2 5 2010

130



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3000 MARINE CORPS PENTAGON
WASHINGTON, DC 20350-3000

IN REPLY REFER TO:
5730
OLAC-5P
26 Jan 10

The Honorable Mike Doyle
Member, United States House
  of Representatives
11 Duff Road
Pittsburgh, PA 15235

Attention:  Alan Smith

Dear Congressman Doyle:

    Thank you for your letter of January 13, 2010, concerning
Master Sergeant James S. Frazier, U.S. Marine Corps Reserve,
Retired, and his promotion status.

    The matters addressed in your correspondence are under
the cognizance of the Board for Correction of Naval Records.
Therefore, in order to provide you with more detailed informa-
tion concerning Master Sergeant Frazier's case, your
correspondence has been forwarded to the Chairman, Board for
Correction of Naval Records, Department of the Navy, Washington,
DC 20370-5100, for further reply to you.  If you have any
further questions regarding this action, you may contact that
agency at (703) 614-1316.

    It was a pleasure to be of assistance to you, and I hope
this information is helpful.

                    Very respectfully,

                    J. M. PHILLIPS
                    Lead Congressional Liaison
                    Office of Legislative Affairs
                    Correspondence

131

01/13/10  16:05 FAX 2416820          CONG MIKE DOYLE PH                        ☑001

# Congressman Mike Doyle

### 14th District, Pennsylvania
### 11 Duff Road
### Pittsburgh, PA 15235
### (412) 241-6055
### Fax (412) 241.6820

*145*

# FAX

**TO:** _USMC Congressional Office_

**DATE:** _1/13/2010_

**PAGES with Cover** _2_

**FROM:**

_____ **Congressman Mike Doyle**

_____ **John Jones**

__✓__ **Alan Smith**

_____ _Re: James Frazier_

**MESSAGE:**

_Thanks._

_Alan_

_PRF_
_2503-08_

JAN 1 3 2010

132

01/13/10  16:06 FAX 2416820          CONG MIKE DOYLE PH                        ☑ 002

COMMITTEE ON
ENERGY AND COMMERCE
SUBCOMMITTEES:
ENERGY AND AIR QUALITY
TELECOMMUNICATIONS AND THE
INTERNET
OVERSIGHT AND INVESTIGATIONS

CO-CHAIR:
COALITION FOR AUTISM
RESEARCH AND EDUCATION

CONGRESSIONAL CAUCUS ON ROBOTICS



**Congress of the United States**
**House of Representatives**

MIKE DOYLE
14TH DISTRICT, PENNSYLVANIA

January 13, 2010

WASHINGTON OFFICE:
401 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225–2135

DISTRICT OFFICES:
225 ROSS STREET
5TH FLOOR
PITTSBURGH, PA 15219
(412) 261–5091

11 DUFF ROAD
PENN HILLS, PA 15235
(412) 241–6055

627 LYSLE BOULEVARD
MCKEESPORT, PA 15132
(412) 664–4049

Marine Corps House Liaison Office
U.S. House of Representatives
B-324 Rayburn HOB
Washington, D.C. 20515

Dear Sir Or Madam:

I am writing to on behalf of my constituent, James Frazier, who contacted my office for
assistance.  He was denied promotion consideration by The Board for Correction of Naval
Records in July 2008.  In response to his request for reconsideration, the Board sent him a letter
dated December 24, 2009 in which they responded that no new and material evidence was
provided for the Board to reconsider their previous decision.

I am attaching more detailed documentation of his issue along with a current privacy release
from my office.  Mr. Frazier feels there is a primary issue of his case that is seemingly not
addressed in the Board's original decision and their most recent letter which he provided valid
documentation to support his position.  The original board decision on July 25, 2008, mentions
that they found a promotion board restriction did not affect his remedial consideration for
promotion.  Mr. Frazier contends that it did affect his consideration as Marine Corp promotion
manual, MCO P1400.32D would not allow him to be considered if any promotion board
restriction existed.  He also provided information that confirms he had a promotion board
restriction one month prior to that board.

I would appreciate it if you would review his documentation and take appropriate action to
forward this information to the Board for additional consideration of their previous decisions and
allow him to have remedial consideration for promotion.

Please call Alan Smith in my Penn Hills office at (412) 241-6055 if you have any questions or
concerns.  Thank you for your attention to this matter and I look forward to receiving a response
from your office.

Sincerely,

Mike Doyle
Mike Doyle
Member of Congress

MD:as

WEB SITE:
http://www.house.gov/doyle

PRINTED ON RECYCLED PAPER

E-MAIL:
rep.doyle@mail.house.gov

01/13/10   16:06 FAX 2416820          CONG MIKE DOYLE PH                          ☑003

401 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-2135

DISTRICT OFFICES:
225 ROSS STREET
5TH FLOOR
PITTSBURGH, PA 15219
(412) 261-5091

11 DUFF ROAD
PENN HILLS, PA 15235
(412) 241-6055

627 LYSLE BOULEVARD
MCKEESPORT, PA 15132
(412) 664-4049

# Congress of the United States
## House of Representatives

MIKE DOYLE
14TH DISTRICT, PENNSYLVANIA

COMMITTEE ON
ENERGY AND COMMERCE

SUBCOMMITTEES:
ENERGY AND AIR QUALITY

TELECOMMUNICATIONS AND THE
INTERNET

OVERSIGHT AND INVESTIGATIONS

COMMITTEE ON VETERANS' AFFAIRS

SUBCOMMITTEE:
HEALTH

COMMITTEE ON STANDARDS OF
OFFICIAL CONDUCT

CO-CHAIR:
COALITION FOR AUTISM
RESEARCH AND EDUCATION

CASEWORKER: (For Office Use) _SMITH_

NAME: _JAMES S. FRAZIER_

ADDRESS: ▓▓▓▓▓▓▓▓▓▓

CITY: ▓▓▓▓▓▓  STATE: _PA_  ZIP: ▓▓▓▓

PHONE (Home ▓▓▓▓  (Work): _____  FAX: _____

SOCIAL SECURITY NUMBER: ▓▓▓▓▓▓▓▓

DATE OF BIRTH: ▓▓▓▓▓▓

IDENTIFYING OR CLAIM NUMBERS: _____

Please describe your problem and how my office can help you:

_Please assist me with my issue with_
_the Board for Correction of Naval records_
_issue and reconsideration for promotion_
_in the USMCR_

Please attach copies of any letters, documents, etc. that are pertinent to your problem.

TO WHOM IT MAY CONCERN:

Pursuant to the provisions of 5, U.S.C. 552a (Privacy Act of 1974) PL 93-579, I hereby authorize the release of
information from, or copies of, my medical or any other records or files pertaining to me, to Congressman Mike Doyle.

SIGNATURE: _James S. Frazier_          DATE: _1 | 13 | 2010_

134



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 13153-09/
            2503-08
24 December 2009

MSGT JAMES S FRAZIER USMCR RET

Dear Master Sergeant Frazier:

This is in reference to your letter dated 9 December 2009 with enclosures, in which you ask the Board to reconsider its decision to deny your request for retroactive promotion to master gunnery sergeant, pay grade E-9, from the Fiscal Year 2004 Reserve Master Gunnery Sergeant Selection Board.

As was pointed out to you in our letter of 16 January 2009, when a request for corrective action is denied by the Board, sitting in executive session, new and material evidence or other matter not previously considered must be submitted in order to have the Board reconsider its decision.  After a careful review of your letter and enclosures, I am unable to find any new and material evidence or other matter not previously considered by the Board.  Accordingly, I regret to inform you that further review of your case is not warranted.

Sincerely,

W. DEAN PFEIFFER
Executive Director

135

01/13/10  16:06 FAX 2416820            CONG MIKE DOYLE PH                    ☒005



DEPARTMENT OF THE NAVY
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
140073
MMPR-2
MAY 0 4 2005

Master Sergeant James S. Frazier

Dear Master Sergeant Frazier:

This is in response to your letter dated 18 March 2005 addressed
to Congressman William Jefferson. In your letter you assert
that due to an erroneous pay entry base date (PEBD), you were
not considered for promotion to master gunnery sergeant on the
FY 2004 Reserve Staff Noncommissioned Officer Selection Board.

A review of the selection board records indicates that, when the
FY 2004 Reserve Staff Noncommissioned Officer (SNCO) Selection
Board convened on 12 January 2004, you were not eligible for
consideration based on your Date of Rank (DOR) and Pay Entry
Base Date (PEBD) resident in the Marine Corps Total Force System
(MCTFS) at that time. On 29 June 2004, you requested remedial
consideration for the FY 2004 Reserve SNCO Selection Board.
Your request was based on the fact that you believed that you
were erroneously not considered by the board due to changes in
the allocations. However, on 8 September 2004, we disapproved
your request because your DOR and PEBD, as reflected in MCTFS,
still did not make you eligible for consideration by that board.

This office received your current request for remedial
consideration for the FY 2004 Reserve SNCO Selection Board on 15
March 2005. Based on the fact that your PEBD has been
corrected, you will receive remedial consideration for promotion
to master gunnery sergeant for the FY 2004 Reserve Staff
Noncommissioned Officer Selection Board. This remedial
selection board will be held on May 2005. Once the board
report is signed, you will be notified via naval message of a
selection or via letter of a non-selection, whichever is
applicable to your situation.

J. A. MCLAUGHLIN
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

136

01/13/10  16:07 FAX 2416820          CONG MIKE DOYLE PH                    ☑006

08/05/2005 FRI 13:25  FAX                                                 ☑004/004

```
  TDRPKY07-1                  (MCTFS) DIARY RETRIEVAL SYSTEM              08/05/2005
  GR1M18  SSN                          INIT: FJS    ENTER NEXT CYC:       10:58:45
  ---------------------------------------------------------------------------------
  CYC TTC   DIARY/PAYROLL        EFF        ACT       MEC      CODES        ERROR
  NR        NUMBER   DATE        DATE       DATE      NR    CP/COR/TYP    POS F/E
  ---------------------------------------------------------------------------------
  104 0251  00101 20050614       20050614  20050614  NONE     1
            RUC/DSSN: 54847   DPI: 09
            ENGLISH: 20050614 DRAW CASE AW TERM 200903
            ENCODED: AW200903
            HIST:  PER CMC RAP
  130 0053  00714 20050722       20050408  20050408  NONE     1
            RUC/DSSN: 88803   DPI: 00
            ENGLISH: 20050408 PROM RESTR ADMIN SEP PEND 12 MOS
            ENCODED:
            HIST: NONE
  *** COMPLETED *** (PF13 - RESTART CYCLE, ENTER - RETURN TO MENU) *** PAGE - 03
```

137

01/13/10  16:07 FAX 2416820          CONG MIKE DOYLE PH                    ☑007



## UNITED STATES MARINE CORPS
MARINE CORPS MOBILIZATION COMMAND
15303 ANDREWS ROAD
KANSAS CITY, MISSOURI 64147-1207

IN REPLY REFER TO:
1900
Cmd
2 Sept 05

FINAL ENDORSEMENT on Cmdr, MOBCOM ltr 1900/ADJ/LEG of 22 Jul 05

From:  Commanding General, Marine Corps Mobilization Command
To:    Commandant of the Marine Corps (MMSB-20), Headquarters, U. S. Marine
       Corps, Quantico, VA  22134-5002

Subj:  RECOMMENDATION FOR ADMINISTRATIVE DISCHARGE OF MASTER SERGEANT
       JAMES S. FRAZIER ███████████████ USMCR

Ref:   (a) MCO 1900.16 (MARCORSEPMAN)

1.  The recommendation that the respondent be administratively discharged
from the United States Marine Corps Reserve is approved.  By copy of this
letter, the Respondent's Administrative Branch is directed to take those
administrative steps necessary to effect subject Marine's separation within
20 days from the date of receipt of this letter under the following criteria:

    a.  Characterization of Service:    Other Than Honorable

    b.  Authority for Discharge:       MARCORSEPMAN, par. 6210.6

    c.  Separation Code:               (HKQ1) - Misconduct

    d.  Reenlistment Code:             RE-4

    e.  Suspension:                    NONE

2.  The administrative section will forward the closed-out service record
book of subject Marine to the Commandant of the Marine Corps (MMSB-20) and,
by separate correspondence, inform MOBCOM (ADJ), of the date of separation.

D. L. MOORE, BGen, USMCR

138

01/13/10  16:07 FAX 2416820          CONG MIKE DOYLE PH                      ☒008



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:

1400/3
MMPR-2
JUN 25 2008

MEMORANDUM FOR THE EXECUTIVE DIRECTOR, BOARD FOR CORRECTION OF NAVAL RECORDS

Subj:  ADVISORY OPINION IN THE CASE OF MASTER SERGEANT JAMES S. FRAZIER ▨▨▨▨▨ 537 USMCR

Ref:   (a) BCNR Docket Number 2503-08 of 12 Jun 08
       (b) MCO P1400.32C, ENLPROMMAN
       (c) CMC ltr 1400/3 MMPR-2 of 4 May 05
       (d) CMC ltr 1420/4 MMPR-2 of 18 May 05

1.  Per reference (a), Master Sergeant Frazier requests remedial promotion consideration to the rank of master gunnery sergeant by the FY 2004 Reserve Staff Noncommissioned Officer (SNCO) Selection Board (IRR).

2.  In accordance with the provisions outlined in reference (b), Master Sergeant Frazier was approved for remedial promotion consideration as stated in reference (c).  Reference (d) states he was not selected for promotion by the FY 2004 Reserve SNCO Selection Board (IRR).

3.  In reference (a), Master Sergeant Frazier asserts he would have been considered the best and fully qualified for promotion in occupational field (OccFld) 3500 simply because he was the only Marine being considered.  This is not the case.  Each selection board has the discretion to determine if promoting to allocation is in the best interest of the Marine Corps.  If a board determines the eligible Marine(s) are not the best and fully qualified, that MOS will simply have a shortfall.

4.  Based on the foregoing, it is the recommendation of this office that Master Sergeant Frazier's record remain unchanged.

*L. A. Ecker*

L. A. ECKER
Assistant Head,
Enlisted Promotion Section

139

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice.  In this connection, the Board substantially concurred with the comments contained in the advisory opinion, except to note you were not considered by the FY 2004 Reserve Master Gunnery Sergeant Selection Board, but were considered and not selected when afforded remedial consideration for that promotion board.  The Board found the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion.  The Board found that enclosure (1) to your application, reflecting that on 11 February 2005 you were approved for a reenlistment of 24 months, did not support changing the retirement date of 1 September 2005 established pursuant to this Board's corrective action, docket number 5674-07.  In view of the above, your application has been denied.  The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken.  You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board.  In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records.  Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

W. DEAN PFEIFFER
Executive Director

Enclosure

140

01/13/10  16:08 FAX 2416820 ⎯⎯⎯ CONG MIKE DOYLE PH 〖010



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No:  2503-08
16 January 2009

MGST JAMES C FRAZIER USMCR RET

Dear Master Sergeant Frazier:

This is in reference to your application for correction of your
naval record pursuant to the provisions of title 10 of the
United States Code, section 1552.

You requested, in effect, retroactive promotion to master
gunnery sergeant from the Fiscal Year (FY) 2004 Reserve Master
Gunnery Sergeant Selection Board.  You also requested that your
retirement date of 1 September 2005 be changed.

A three-member panel of the Board for Correction of Naval
Records, sitting in executive session, considered your
application on 8 January 2009.  Your allegations of error and
injustice were reviewed in accordance with administrative
regulations and procedures applicable to the proceedings of this
Board.  Documentary material considered by the Board consisted
of your application, together with all material submitted in
support thereof, your naval record and applicable statutes,
regulations and policies.  In addition, the Board considered the
advisory opinion from Headquarters Marine Corps, dated
25 June 2008, a copy of which is attached.  The Board also
considered your rebuttal letter dated 18 July 2008 with
enclosures and the letter dated 2 December 2008 on your behalf
from Lieutenant Colonel A---, United States Marine Corps Reserve
(Retired).

141

# CORRECTED VERSION

MSGT. JAMES S. FRAZIER USMCR (RET)



JSF
Docket 2503-08
09 December 2009

Department of the Navy
Board for the Correction of Naval Records (BCNR)
2 Navy Annex
Washington, DC. 20370-5100

Ref: (1) Marine Corps Enlisted Promotion Manual MCO
         P1400.32D
     (2) BCNR Docket No 05674-07

Encl:(1) Copy of Letter of J.A. McLaughlin date May 04 2005
     (2) Copy of MCTFS Diary Entry on 08 April 2005
     (3) Copy of Commanding General, Marine Corps
         Mobilization Command (MOBCOM) Letter 1900 Cmd
         Dated 2 Sept 05

To Whom It May Concern:

In accordance with BCNR policy, I request reconsideration
of the decision in the above captioned case.  This request
is based on the following:

The BCNR decision in my case is arbitrary and capricious.

The submission of new and material evidence not previously
considered by the BCNR.

The BCNR decision in this case is contrary to the Marine
Corps Enlisted Promotion Manual (MARCORPROMAN) MCO P1400.32

1

142

In their decision, The BCNR found that;

The evidence submitted was insufficient to establish the existence of probable material error or injustice.

The BCNR substantially concurred with the comments contained in the Advisory Opinion. However, the BCNR did concede that I was not considered by the FY2004 Reserve SNCO Selection Board (IRR) as claimed in the Advisory Opinion.

The BCNR found the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion.  The BCNR came to this conclusion although the Marine Corps did not reach that same conclusion in the Advisory Opinion and the BCNR offered no other basis for their conclusion of that fact in their decision

In contrary to the BCNR decision, I offer the following as conclusive support of my assertion that the BCNR's above conclusion that"the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion "is contrary and not in compliance with Marine Corps Promotion Policy as outlined in reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

Submitted as enclosure (1) of this correspondence, is a copy of a letter from Major J.A. McLaughlin, Head of Enlistment Promotion Section. This letter clearly corroborates I was to be considered by the Enlisted Remedial Board on **11 May 2005**.

Submitted as enclosure (2) of this correspondence, is a copy of my Command's MCTFS diary entry which clearly shows a promotion restriction entry due to a pending administrative separation was entered on me on **8 April 2005**. This MCTFS entry was made approximately 32 days **before** the convening of the Enlisted Remedial Board on **11 May 2005** and as required by Marine Corps policy, was adhered to by the Promotion Board.

To substantiate and prove this promotion restriction due to administrative separation entry in the MCTFS diary did in

2

143

fact prohibit my promotion to Master Gunnery Sergeant (E9),
I submit the following excerpts from reference (1) the
Marine Corps Enlisted Promotion Manual, Marine Corps Order
P1400. 32D.

## 1100.  CHAPTER 1.

41. **Withhold Promotion Authority. When a commander no
longer has the authority to promote a Marine as a result of
the Marine being placed in a promotion restriction or
withhold status.**

### 1203. PROMOTION POLICIES

1. General. **This Manual is the authority for all enlisted
promotions in the Marine Corps. Promotions effected not in
accordance with this Manual or by implementing directives
not referenced in this Manual will be considered erroneous
and immediately revoked. There are no waivers to this
policy.** All Marine Corps agencies and commands must
coordinate with the CMC (MMPR) to ensure any meritorious or
incentive programs are properly addressed in this Manual.

26. **Marines who are confined by civil and/or foreign
authorities,** on appellate leave, or in an unauthorized
absence and/or deserter status, or who enter such status
while the selection board is in session, **are not eligible
for promotion consideration. If the Marine is subsequently
exonerated of any wrongdoing, appropriate remedial
consideration may be granted.**

### 1204. PROMOTION RESTRICTIONS

4. **Marines will not be promoted while in any of the
following categories:**

t. **Marines who are confined by civil and/or foreign
authorities**, on appellate leave, or in an unauthorized
absence and/or deserter status **will not be promoted. If a
Marine who is under consideration by a SNCO selection board
enters into one of the above categories while the board is
in session, the individual will be administratively deleted
from the list of eligibles. If the Marine is subsequently
exonerated of any wrong doing, appropriate remedial
consideration may be granted.**

3

**Note:**  At the time of the promotion restriction due to administrative separation entry and the remedial promotion board, I was confined by civil authorities which prohibited my promotion in accordance with the above excerpt from reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.  However, I was found **not guilty and exonerated** of the criminal offense that the promotion restriction pending administrative separation was based on and **released from civil confinement.**

u. **Marines pending administrative separation for misconduct**, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. **are not eligible for selection consideration or promotion. The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.**

**Note:**  I am submitting as enclosure (3) of this correspondence, a letter from the Commanding General, Marine Corps Mobilization Command that will demonstrate that the promotion restriction due to administrative separation entry on me was in **violation** of the above excerpt from reference (1), the Marine Corps Enlisted Promotion Manual.  The Final Endorsement from the Commander, MOBCOM is written on top of this letter and clearly shows **the administrative separation package was not signed by the Commander for forwarding to the General Court-Martial Convening Authority for final disposition until 22 Jul 05.** The loss of promotion eligibility should have begun on that date, however, the promotion restriction due to administrative separation was entered on me on 08 April 2005.  This illegal entry prohibited my consideration for promotion by the remedial promotion board that convened on 11 May 2005.  Additionally. Paragraph 1. of enclosure (3) also shows the reason for the promotion restriction pending administrative separation was **misconduct** which also prohibited selection consideration by the remedial board convening 11 May 2005 in accordance with the above excerpt from reference (1), the Marine Corps Enlisted Promotion Manual.

4

z. **While pending adjudication of charges by a civil court, either foreign or domestic.**

**Note:**  The promotion restriction due to administrative separation entry alerted the convening remedial promotion board I was pending adjudication of charges by a civil court. Thereby, prohibiting my selection consideration in accordance with the above excerpt from reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

bb. **While awaiting administrative reduction or separation** (excluding nonculpable physical disability).

**Note:**  As demonstrated by enclosures (2) and (3) of this correspondence, the promotion restriction pending administrative separation alerted the remedial board that I was awaiting administrative separation thereby prohibiting my selection consideration in accordance with the above excerpt from reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

cc. **When not recommended for reenlistment RE-4/4B**

**Note:**  Paragraph 1 of enclosure (3) also shows at the time of the promotion restriction entry, I was **not recommended for reenlistment with an RE-4.** This also prohibited my selection consideration by the remedial promotion board which convened on 11 May 2005 in accordance with the above excerpt from reference (1), the Marine Corps Enlisted Promotion Manual.

5. A page 11 counseling entry is required for those Marines assigned to a period of promotion restriction per paragraph 1204.4 above. The entry will include the specific promotion restriction that applies and the period of time

**1205 MARCORPROMMAN, VOL 2, ENLPROM**

the restriction remains in effect. If a waiver is authorized, a subsequent page 11 counseling entry will be entered documenting the waiver and the name and rank of the official authorizing the waiver

5

146

### 3100. GENERAL

2. Records that provide a substantially accurate, complete and fair portrayal of the Marine's career are especially important when the Marine is being considered for selection to the next higher grade. With this in mind, the Marine must bear the individual responsibility for ensuring the accuracy of his or her Official Military Personnel File (OMPF) and the data contained in the MCTFS regarding service history. The Marine must actively pursue, and bring to the attention of the command, any discrepancies noted for corrective action prior to the convening of a regularly scheduled selection board before which the Marine is eligible for consideration. **The command bears the responsibility for assisting the Marine in obtaining, reviewing and correcting discrepancies in the Marine's OMPF and/or the data contained in the MCTFS.**

### 3107 COMMAND SCREENING OF SELECTED MARINES' RECORDS.

Commanders will be guided by paragraph 1200.4 of this Manual in their review of the records of Marines selected for promotion.

2. Commanders are solely responsible for ensuring that all significant adverse information which may have been omitted from a Marine's record or was not previously available for consideration by a SNCO selection board is reported to the CMC (MMPR-2) while the board is in session or any time prior to a Marine's seniority number being reached. If a Marine subsequently falls into a promotion restriction status, notify the CMC (MMPR-2) per the instructions contained in paragraph 5200 of this Manual.

### 3602. ELIGIBILITY

5. The examples listed below reflect the types of cases **most commonly approved** by the CMC (MMPR-2) for consideration by the ERSB. They are not all-inclusive, and not all such cases will be forwarded to the ERSB

c. **The Marine is denied promotion opportunity as a result of action required by paragraph 1204 and is subsequently acquitted or absolved of all responsibility.**

6

147

**Note:** I was found **not guilty and exonerated** of the criminal offense that the promotion restriction pending administrative separation was based on and **released from civil confinement.** The promotion restriction due to administrative separation due to misconduct was entered under paragraph 1204 of reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

Based on all of the above and the fact the BCNR has already conceded in their decision in this case that I was never considered for promotion by the FY2004 Reserve SNCO Selection Board (IRR), and, that in accordance with Marine Corps Promotion Policy, I was prohibited from receiving consideration by the remedial promotion board of 11 May 2005, I request remedial promotion to Master Gunnery Sergeant (E9). This case is intimately connected to my previous case, docket 05674-07, reference (2) of this correspondence.

I am entitled to remedial promotion consideration as outlined in the Marine Corps Promotion Manual. Relevant excerpts provided above in this correspondence.


Respectfully, I am


JAMES S FRAZIER, JR.
MASTER SERGEANT USMCR (RET)


7

148

MARINE CORPS PROMOTION MANUAL (MARCORPROMMAN) MCO P1400.32D

Chapter 1,

Para 1100

41. Withhold Promotion Authority. When a commander no longer has the authority to promote a Marine as a result of the Marine being placed in a promotion restriction or withhold status.

Para 1203. PROMOTION POLICIES

1. General. This Manual is the authority for all enlisted promotions in the Marine Corps. Promotions effected not in accordance with this Manual or by implementing directives not referenced in this Manual will be considered erroneous and immediately revoked. There are no waivers to this policy. All Marine Corps agencies and commands must coordinate with the CMC (MMPR) to ensure any meritorious or incentive programs are properly addressed in this Manual

26. Marines who are confined by civil and/or foreign authorities, on appellate leave, or in an unauthorized absence and/or deserter status, or who enter such status while the selection board is in session, are not eligible for promotion consideration. If the Marine is subsequently exonerated of any wrongdoing, appropriate remedial consideration may be granted.

Para 1204

4. Marines will not be promoted while in any of the following categories:

t. Marines who are confined by civil and/or foreign authorities, on appellate leave, or in an unauthorized absence and/or deserter status will not be promoted. If a Marine who is under consideration by a SNCO selection board enters into one of the above categories while the board is in session, the individual will be administratively deleted from the list of eligibles. If the Marine is subsequently exonerated of any wrong doing, appropriate remedial consideration may be granted.

u. Marines pending administrative separation for misconduct, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. are not eligible for selection consideration or promotion. The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.

z. While pending adjudication of charges by a civil court, either foreign or domestic.

1

bb. While awaiting administrative reduction or separation (excluding nonculpable physical disability).

cc. When not recommended for reenlistment. (Reenlistment Code (RE) RE-4/4B)

5. A page 11 counseling entry is required for those Marines assigned to a period of promotion restriction per paragraph 1204.4 above. The entry will include the specific promotion restriction that applies and the period of time the restriction remains in effect. If a waiver is authorized, a subsequent page 11 counseling entry will be entered documenting the waiver and the name and rank of the official authorizing the waiver.

**Chapter 3,**

Para 3100. GENERAL

1. The CMC will convene selection boards each calendar year to examine the qualifications of Marines in the grades of Sgt, SSgt, GySgt, MSgt and 1stSgt for the purpose of recommending those "best and fully qualified" for promotion to the next higher grade. The eligible Marine's entire military career is viewed and a determination of the "best and fully qualified" is based on the "whole Marine" concept. In the course of their evaluations, selection boards consider demonstrated performance/achievement, leadership, professional and technical knowledge, experience (type and level), growth potential, motivation, military proficiency, physical fitness, personal appearance, conduct, moral character, and maturity.

2. Records that provide a substantially accurate, complete and fair portrayal of the Marine's career are especially important when the Marine is being considered for selection to the next higher grade. With this in mind, the Marine must bear the individual responsibility for ensuring the accuracy of his or her Official Military Personnel File (OMPF) and the data contained in the MCTFS regarding service history. The Marine must actively pursue, and bring to the attention of the command, any discrepancies noted for corrective action prior to the convening of a regularly scheduled selection board before which the Marine is eligible for consideration. The command bears the responsibility for assisting the Marine in obtaining, reviewing and correcting discrepancies in the Marine's OMPF and/or the data contained in the MCTFS.

Para 3102

1. Personal Responsibilities

a. Accuracy of Official Military Personnel File (OMPF) and Master Brief Sheet (MBS). A Marine is personally responsible for ensuring the accuracy and completeness of his or her OMPF and MBS within 12 months from the date the selection board convenes. A Marine should also review the Marine Corps Total Force System (MCTFS) to ensure that all data contained therein is accurate and complete prior to the convening date of the board.

2

c. Commanders of eligible Marines who have an erroneous component, date of rank (DOR), armed forces active duty base date (AFADBD), or pay entry base date (PEBD) in the MCTFS will immediately notify the CMC (MMPR-2) via message or naval correspondence to preclude causing the Marine to appear ineligible or to be considered in the wrong zone resulting in erroneous consideration or non-consideration

3107. COMMAND SCREENING OF SELECTED MARINES' RECORDS. Commanders will be guided by paragraph 1200.4 of this Manual in their review of the records of Marines selected for promotion.

1. Commanders are solely responsible for ensuring that all significant adverse information which may have been omitted from a Marine's record or was not previously available for consideration by a SNCO selection board is reported to the CMC (MMPR-2) while the board is in session or any time prior to a Marine's seniority number being reached. If a Marine subsequently falls into a promotion restriction status, notify the CMC (MMPR-2) per the instructions contained in paragraph 5200 of this Manual.

Para 3200

c. Commanders of Marines serving in any of the above billets or categories will ensure the appropriate component codes are entered in the MCTFS. The component code should represent duty type (i.e., C4, B4) and the Reserve component code should represent the Marine's component (IRR, SMCR).

Para 3201

2. MGySgts and MSgts are the technical experts in their fields. The primary prerequisite is outstanding proficiency in the assigned MOS/OccFld, combined with an exceptionally high degree of leadership and supervisory ability and the ability to act independently as enlisted assistants to the commander in all administrative, technical, and tactical requirements of their occupational specialty

Para 3601. ENLISTED REMEDIAL SELECTION BOARD

1. The Enlisted Remedial Selection Board (ERSB) is charged with the review of all Marine enlisted records referred to it for the purpose of making recommendations concerning remedial promotion to SNCO grades (USMC and USMCR). 2. The CMC stipulates that the same criteria and selection procedures that regularly scheduled selection boards are instructed to follow are followed by the ERSB in their deliberations. However, where regularly scheduled selection boards are tasked with selecting the "best and fully qualified" Marines; remedial boards are tasked with selecting "fully qualified" Marines, as allocation restrictions are not applicable. The ERSB will utilize a sampling of records of Marines in each competitive category who were recommended for promotion, and records of Marines in each competitive category who were not recommended for promotion. The sampling of records provides a relative base from which the ERSB can determine which Marines eligible for remedial consideration are fully qualified for promotion by comparing their records to both those selected by the regularly scheduled selection board and those not selected by the regularly

3

151

scheduled selection board. The ERSB is guided by the ERSB precept and the precepts used during the regularly convened selection board for which remedial consideration has been granted. Additionally, the ERSB is prohibited from considering material (i.e., fitness reports, commendatory/adverse material) regarding events occurring after the regularly convened selection board for which remedial promotion consideration has been granted

Para 3602

5. The examples listed below reflect the types of cases most commonly approved by the CMC (MMPR-2) for consideration by the ERSB. They are not all-inclusive, and not all such cases will be forwarded to the ERSB.

a. The eligible Marine's record is not considered by a regularly scheduled SNCO selection board (paragraph 3104.3).

b. The Marine should have been eligible for consideration but was erroneously omitted/deleted from list of eligible Marines.

c. The Marine is denied promotion opportunity as a result of action required by paragraph 1204 and is subsequently acquitted or absolved of all responsibility

4