# ADMINISTRATIVE RECORD
## Volume IV
## (pp. 153-184)

5730
OLAC-5P
26 Jan 10

The Honorable Mike Doyle
Member, United States House
   of Representatives
11 Duff Road
Pittsburgh, PA 15235

Attention:  Alan Smith

Dear Congressman Doyle:

   Thank you for your letter of January 13, 2010, concerning
Master Sergeant James S. Frazier, U.S. Marine Corps Reserve,
Retired, and his promotion status.

   The matters addressed in your correspondence are under
the cognizance of the Board for Correction of Naval Records.
Therefore, in order to provide you with more detailed informa-
tion concerning Master Sergeant Frazier's case, your
correspondence has been forwarded to the Chairman, Board for
Correction of Naval Records, Department of the Navy, Washington,
DC 20370-5100, for further reply to you.  If you have any
further questions regarding this action, you may contact that
agency at (703) 614-1316.

   It was a pleasure to be of assistance to you, and I hope
this information is helpful.

                         Very respectfully,



                         J. M. PHILLIPS
                         Lead Congressional Liaison
                         Office of Legislative Affairs
                         Correspondence

153

```
                                           5730
                                           OLAC-5P
                                           26 Jan 10
```

From:   Commandant of the Marine Corps
To:     Chairman, Board for Correction of Naval Records,
        Department of the Navy, Washington, DC  20370-5100

Subj:   CONGRESSIONAL CORRESPONDENCE CONCERNING MASTER SERGEANT
        JAMES S. FRAZIER, ███████████ USMCR, RETIRED

Encl:   (1) Congressman Mike Doyle's ltr of 13 Jan 10, w/encls
        (2) Copy of OLAC reply to Congressman Doyle

1.  Enclosures (1) and (2) are forwarded for consideration and
further reply as a matter within your cognizance.


                         J. M. PHILLIPS
                         By direction

154

bjg

## REFERENDUM

D-recon

```
Frazier, James S.
*13153—09*
```

Subject's Name:

Frazier        James        S.
Last           First        MI    Suffix

☒   REQUEST FOR RECONSIDERATION dtd 9 Dec 09 w/encls

☐   Approved: _____  _____

☒   Disapproved:  Brian Grays        24 Dec 09

_____        24 Dec 09
Signature                       Date

☐   ADMINISTRATIVE RE-OPEN

☐   Approved: _____  _____
Signature                       Date

COMMENTS: Nothing new or material _____

_____

_____

_____

_____

NOTE:  Please deliver to          NEW Docket No.
OIS Section with "closed"
BCNR file

(OIS/11 1Jul86)



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 13153-09/
2503-08
24 December 2009

MSGT JAMES S FRAZIER USMCR RET

Dear Master Sergeant Frazier:

This is in reference to your letter dated 9 December 2009 with enclosures, in which you ask the Board to reconsider its decision to deny your request for retroactive promotion to master gunnery sergeant, pay grade E-9, from the Fiscal Year 2004 Reserve Master Gunnery Sergeant Selection Board.

As was pointed out to you in our letter of 16 January 2009, when a request for corrective action is denied by the Board, sitting in executive session, new and material evidence or other matter not previously considered must be submitted in order to have the Board reconsider its decision. After a careful review of your letter and enclosures, I am unable to find any new and material evidence or other matter not previously considered by the Board. Accordingly, I regret to inform you that further review of your case is not warranted.

Sincerely,

W. DEAN PFEIFFER
Executive Director

156



# CORRECTED VERSION

MSGT. JAMES S. FRAZIER USMCR (RET)



JSF
Docket 2503-08
09 December 2009

Department of the Navy
Board for the Correction of Naval Records (BCNR)
2 Navy Annex
Washington, DC. 20370-5100

Ref: (1) Marine Corps Enlisted Promotion Manual MCO
         P1400.32D
     (2) BCNR Docket No 05674-07

Encl:(1) Copy of Letter of J.A. McLaughlin date May 04 2005
     (2) Copy of MCTFS Diary Entry on 08 April 2005
     (3) Copy of Commanding General, Marine Corps
         Mobilization Command (MOBCOM) Letter 1900 Cmd
         Dated 2 Sept 05

To Whom It May Concern:

In accordance with BCNR policy, I request reconsideration
of the decision in the above captioned case.  This request
is based on the following:

The BCNR decision in my case is arbitrary and capricious.

The submission of new and material evidence not previously
considered by the BCNR.

The BCNR decision in this case is contrary to the Marine
Corps Enlisted Promotion Manual (MARCORPROMAN) MCO P1400.32

1

157

In their decision, The BCNR found that;

The evidence submitted was insufficient to establish the existence of probable material error or injustice.

The BCNR substantially concurred with the comments contained in the Advisory Opinion. However, the BCNR did concede that I was not considered by the FY2004 Reserve SNCO Selection Board (IRR) as claimed in the Advisory Opinion.

The BCNR found the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion.  The BCNR came to this conclusion although the Marine Corps did not reach that same conclusion in the Advisory Opinion and the BCNR offered no other basis for their conclusion of that fact in their decision

In contrary to the BCNR decision, I offer the following as conclusive support of my assertion that the BCNR's above conclusion that"the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion "is contrary and not in compliance with Marine Corps Promotion Policy as outlined in reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

Submitted as enclosure (1) of this correspondence, is a copy of a letter from Major J.A. McLaughlin, Head of Enlistment Promotion Section. This letter clearly corroborates I was to be considered by the Enlisted Remedial Board on **11 May 2005**.

Submitted as enclosure (2) of this correspondence, is a copy of my Command's MCTFS diary entry which clearly shows a promotion restriction entry due to a pending administrative separation was entered on me on **8 April 2005.** This MCTFS entry was made approximately 32 days **before** the convening of the Enlisted Remedial Board on **11 May 2005** and as required by Marine Corps policy, was adhered to by the Promotion Board.

To substantiate and prove this promotion restriction due to administrative separation entry in the MCTFS diary did in

2

158

fact prohibit my promotion to Master Gunnery Sergeant (E9),
I submit the following excerpts from reference (1) the
Marine Corps Enlisted Promotion Manual, Marine Corps Order
P1400. 32D.

**1100.  CHAPTER 1.**

41. **Withhold Promotion Authority. When a commander no
longer has the authority to promote a Marine as a result of
the Marine being placed in a promotion restriction or
withhold status.**

**1203. PROMOTION POLICIES**

1. General. **This Manual is the authority for all enlisted
promotions in the Marine Corps. Promotions effected not in
accordance with this Manual or by implementing directives
not referenced in this Manual will be considered erroneous
and immediately revoked. There are no waivers to this
policy.** All Marine Corps agencies and commands must
coordinate with the CMC (MMPR) to ensure any meritorious or
incentive programs are properly addressed in this Manual.

26. **Marines who are confined by civil and/or foreign
authorities,** on appellate leave, or in an unauthorized
absence and/or deserter status, or who enter such status
while the selection board is in session, **are not eligible
for promotion consideration. If the Marine is subsequently
exonerated of any wrongdoing, appropriate remedial
consideration may be granted.**

**1204. PROMOTION RESTRICTIONS**

4. **Marines will not be promoted while in any of the
following categories:**

t. **Marines who are confined by civil and/or foreign
authorities,** on appellate leave, or in an unauthorized
absence and/or deserter status **will not be promoted. If a
Marine who is under consideration by a SNCO selection board
enters into one of the above categories while the board is
in session, the individual will be administratively deleted
from the list of eligibles. If the Marine is subsequently
exonerated of any wrong doing, appropriate remedial
consideration may be granted.**

3

159

**Note:** At the time of the promotion restriction due to administrative separation entry and the remedial promotion board, I was confined by civil authorities which prohibited my promotion in accordance with the above excerpt from reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual. However, I was found **not guilty and exonerated** of the criminal offense that the promotion restriction pending administrative separation was based on and **released from civil confinement.**

u. **Marines pending administrative separation for misconduct**, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. **are not eligible for selection consideration or promotion. The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.**

**Note:** I am submitting as enclosure (3) of this correspondence, a letter from the Commanding General, Marine Corps Mobilization Command that will demonstrate that the promotion restriction due to administrative separation entry on me was in **violation** of the above excerpt from reference (1), the Marine Corps Enlisted Promotion Manual. The Final Endorsement from the Commander, MOBCOM is written on top of this letter and clearly shows **the administrative separation package was not signed by the Commander for forwarding to the General Court-Martial Convening Authority for final disposition until 22 Jul 05.** The loss of promotion eligibility should have begun on that date, however, the promotion restriction due to administrative separation was entered on me on 08 April 2005.  This illegal entry prohibited my consideration for promotion by the remedial promotion board that convened on 11 May 2005.  Additionally. Paragraph 1. of enclosure (3) also shows the reason for the promotion restriction pending administrative separation was **misconduct** which also prohibited selection consideration by the remedial board convening 11 May 2005 in accordance with the above excerpt from reference (1), the Marine Corps Enlisted Promotion Manual.

4

160

z. **While pending adjudication of charges by a civil court, either foreign or domestic.**

**Note:**  The promotion restriction due to administrative separation entry alerted the convening remedial promotion board I was pending adjudication of charges by a civil court. Thereby, prohibiting my selection consideration in accordance with the above excerpt from reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

bb. **While awaiting administrative reduction or separation** (excluding nonculpable physical disability).

**Note:**  As demonstrated by enclosures (2) and (3) of this correspondence, the promotion restriction pending administrative separation alerted the remedial board that I was awaiting administrative separation thereby prohibiting my selection consideration in accordance with the above excerpt from reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

cc. **When not recommended for reenlistment RE-4/4B**

**Note:**  Paragraph 1 of enclosure (3) also shows at the time of the promotion restriction entry, I was **not recommended for reenlistment with an RE-4.** This also prohibited my selection consideration by the remedial promotion board which convened on 11 May 2005 in accordance with the above excerpt from reference (1), the Marine Corps Enlisted Promotion Manual.

5. A page 11 counseling entry is required for those Marines assigned to a period of promotion restriction per paragraph 1204.4 above. The entry will include the specific promotion restriction that applies and the period of time

**1205 MARCORPROMMAN, VOL 2, ENLPROM**

the restriction remains in effect. If a waiver is authorized, a subsequent page 11 counseling entry will be entered documenting the waiver and the name and rank of the official authorizing the waiver

5

161

### 3100. GENERAL

2. Records that provide a substantially accurate, complete and fair portrayal of the Marine's career are especially important when the Marine is being considered for selection to the next higher grade. With this in mind, the Marine must bear the individual responsibility for ensuring the accuracy of his or her Official Military Personnel File (OMPF) and the data contained in the MCTFS regarding service history. The Marine must actively pursue, and bring to the attention of the command, any discrepancies noted for corrective action prior to the convening of a regularly scheduled selection board before which the Marine is eligible for consideration. **The command bears the responsibility for assisting the Marine in obtaining, reviewing and correcting discrepancies in the Marine's OMPF and/or the data contained in the MCTFS.**

### 3107 COMMAND SCREENING OF SELECTED MARINES' RECORDS.

Commanders will be guided by paragraph 1200.4 of this Manual in their review of the records of Marines selected for promotion.

2. Commanders are solely responsible for ensuring that all significant adverse information which may have been omitted from a Marine's record or was not previously available for consideration by a SNCO selection board is reported to the CMC (MMPR-2) while the board is in session or any time prior to a Marine's seniority number being reached. If a Marine subsequently falls into a promotion restriction status, notify the CMC (MMPR-2) per the instructions contained in paragraph 5200 of this Manual.

### 3602. ELIGIBILITY

5. The examples listed below reflect the types of cases **most commonly approved** by the CMC (MMPR-2) for consideration by the ERSB. They are not all-inclusive, and not all such cases will be forwarded to the ERSB

c. **The Marine is denied promotion opportunity as a result of action required by paragraph 1204 and is subsequently acquitted or absolved of all responsibility.**

6

162

**Note:**  I was found **not guilty and exonerated** of the criminal offense that the promotion restriction pending administrative separation was based on and **released from civil confinement.**  The promotion restriction due to administrative separation due to misconduct was entered under paragraph 1204 of reference (1) of this correspondence, the Marine Corps Enlisted Promotion Manual.

Based on all of the above and the fact the BCNR has already conceded in their decision in this case that I was never considered for promotion by the FY2004 Reserve SNCO Selection Board (IRR), and, that in accordance with Marine Corps Promotion Policy, I was prohibited from receiving consideration by the remedial promotion board of 11 May 2005, I request remedial promotion to Master Gunnery Sergeant (E9). This case is intimately connected to my previous case, docket 05674-07, reference (2) of this correspondence.

I am entitled to remedial promotion consideration as outlined in the Marine Corps Promotion Manual. Relevant excerpts provided above in this correspondence.

Respectfully, I am

JAMES S FRAZIER, JR.
MASTER SERGEANT USMCR (RET)

7

163



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
140073
MMPR-2
MAY 0 4 2005

Master Sergeant James S. Frazier

Dear Master Sergeant Frazier:

This is in response to your letter dated 18 March 2005 addressed
to Congressman William Jefferson. In your letter you assert
that due to an erroneous pay entry base date (PEBD), you were
not considered for promotion to master gunnery sergeant on the
FY 2004 Reserve Staff Noncommissioned Officer Selection Board.

A review of the selection board records indicates that, when the
FY 2004 Reserve Staff Noncommissioned Officer (SNCO) Selection
Board convened on 12 January 2004, you were not eligible for
consideration based on your Date of Rank (DOR) and Pay Entry
Base Date (PEBD) resident in the Marine Corps Total Force System
(MCTFS) at that time. On 29 June 2004, you requested remedial
consideration for the FY 2004 Reserve SNCO Selection Board.
Your request was based on the fact that you believed that you
were erroneously not considered by the board due to changes in
the allocations. However, on 8 September 2004, we disapproved
your request because your DOR and PEBD, as reflected in MCTFS,
still did not make you eligible for consideration by that board.

This office received your current request for remedial
consideration for the FY 2004 Reserve SNCO Selection Board on 15
March 2005. Based on the fact that your PEBD has been
corrected, you will receive remedial consideration for promotion
to master gunnery sergeant for the FY 2004 Reserve Staff
Noncommissioned Officer Selection Board. This Enlisted Remedial
Selection Board will be held on 11 May 2005. Once the board
report is signed, you will be notified via naval message of a
selection or via letter of a non-selection, whichever is
applicable to your situation.

J. A. MCLAUGHLIN
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

ENCL: (1)

164

08/05/2005 FRI 13:25 FAX                                                    @004/004

```
TDRPKY07-1            (MCTFS) DIARY RETRIEVAL SYSTEM              08/05/2005
GR1M18  ████████████         INIT: FJS    ENTER NEXT CYC:        10:58:45
-----------------------------------------------------------------------------
CYC TTC   DIARY/PAYROLL       EFF       ACT       MEC     CODES      ERROR
NR        NUMBER   DATE       DATE      DATE      NR      CP/COR/TYP POS F/E
-----------------------------------------------------------------------------
104 0251  00101 20050614    20050614  20050614  NONE     1
     RUC/DSSN: 54847   DPI: 09
     ENGLISH: 20050614 DRAW CASE AW TERM 200903
     ENCODED: AW200903
     HIST:  PER CMC RAP
130 0053  00714 20050722    20050408  20050408  NONE     1
     RUC/DSSN: 88803   DPI: 00
     ENGLISH: 20050408 PROM RESTR ADMIN SEP PEND 12 MOS
     ENCODED:
     HIST: NONE
*** COMPLETED *** (PF13 - RESTART CYCLE, ENTER - RETURN TO MENU) *** PAGE - 03
```

ENCL: (2)

165



**UNITED STATES MARINE CORPS**
MARINE CORPS MOBILIZATION COMMAND
15303 ANDREWS ROAD
KANSAS CITY, MISSOURI 64147-1207

IN REPLY REFER TO:
1900
Cmd
2 sept 05

FINAL ENDORSEMENT on Cmdr, MOBCOM ltr 1900/ADJ/LEG of 22 Jul 05

From: Commanding General, Marine Corps Mobilization Command
To:   Commandant of the Marine Corps (MMSB-20), Headquarters, U. S. Marine
      Corps, Quantico, VA  22134-5002

Subj: RECOMMENDATION FOR ADMINISTRATIVE DISCHARGE OF MASTER SERGEANT
      JAMES S. FRAZIER ███████████████ USMCR

Ref:  (a) MCO 1900.16 (MARCORSEPMAN)

1.  The recommendation that the respondent be administratively discharged
from the United States Marine Corps Reserve is approved.  By copy of this
letter, the Respondent's Administrative Branch is directed to take those
administrative steps necessary to effect subject Marine's separation within
20 days from the date of receipt of this letter under the following criteria:

   a.  Characterization of Service:   Other Than Honorable

   b.  Authority for Discharge:       MARCORSEPMAN, par. 6210.6

   c.  Separation Code:               (HKQ1) - Misconduct

   d.  Reenlistment Code:             RE-4

   e.  Suspension:                    NONE

2.  The administrative section will forward the closed-out service record
book of subject Marine to the Commandant of the Marine Corps (MMSB-20) and,
by separate correspondence, inform MOBCOM (ADJ), of the date of separation.

D. L. MOORE, BGen, USMCR

ENCL: (3)

MSGT. JAMES S. FRAZIER USMCR (RET)

███████████████████████████

JSF
Docket 2503-08
08 December 2009

Department of the Navy
Board for the Correction of Naval Records (BCNR)
2 Navy Annex
Washington, DC. 20370-5100

Encl:(1)Copy of Letter of J.A. McLaughlin date May 04 2005
Encl:(2)Copy of MCTFS Diary Entry on 08 April 2005

To Whom It May Concern:

In accordance with BCNR policy, I request reconsideration
of the decision in the above captioned case.  This request
is based on the following:

The BCNR decision in my case is arbitrary and capricious.

The submission of new and material evidence not previously
considered by the BCNR.

The BCNR decision in this case is contrary to the Marine
Corps Enlisted Promotion Manual (MARCORPROMAN) MCO P1400.32

In their decision, The Board found that;

The evidence submitted was insufficient to establish the
existence of probable material error or injustice.

The Board substantially concurred with the comments
contained in the Advisory Opinion.  However, the Board did
concede that I was not considered by the FY2004 Reserve
SNCO Selection Board (IRR) as claimed in the advisory
opinion.

1

The Board found the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion.  The Board came to this conclusion although the Marine Corps did not reach that same conclusion in the advisory opinion and the Board offered no other basis for their conclusion of that fact in their decision

In contrary to the BCNR decision, I offer the following as conclusive support of my assertion that the Board's above conclusion that"the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion "is <u>contrary and not in compliance</u> with Marine Corps Promotion Policy as outlined in the Marine Corps Enlisted Promotion Manual.

Submitted as enclosure (1) of this correspondence, is a copy of a letter from Major J.A. McLaughlin, Head of Enlistment Promotion Section. This letter clearly corroborates I was to be considered by the Enlisted Remedial Board on **11 May 2005**.

Submitted as enclosure (2) of this correspondence, is a copy of my Command's MCTFS diary entry which clearly shows a promotion restriction entry due to a pending administrative separation was entered on me on **8 April 2005.**  This MCTFS entry was made approximately 32 days **before** the convening of the Enlisted Remedial Board on **11 May 2005** and as required by Marine Corps policy, was adhered to by the Promotion Board.

To substantiate and prove this promotion restriction due to administrative entry in the MCTFS diary did in fact prohibit my promotion to Master Gunnery Sergeant (E9), I submit the following excerpts from the Marine Corps Enlisted Promotion Manual, Marine Corps Order P1400. 32D.

<u>1100.  CHAPTER 1.</u>

41. <u>Withhold Promotion Authority. When a commander no longer has the authority to promote a Marine as a result of the Marine being placed in a promotion restriction or withhold status.</u>

2

168

**1203. PROMOTION POLICIES**

1. General. **This Manual is the authority for all enlisted promotions in the Marine Corps. Promotions effected not in accordance with this Manual or by implementing directives not referenced in this Manual will be considered erroneous and immediately revoked. There are no waivers to this policy.** All Marine Corps agencies and commands must coordinate with the CMC (MMPR) to ensure any meritorious or incentive programs are properly addressed in this Manual.

26. **Marines who are confined by civil and/or foreign authorities, on appellate leave, or in an unauthorized absence and/or deserter status, or who enter such status while the selection board is in session, are not eligible for promotion consideration. If the Marine is subsequently exonerated of any wrongdoing, appropriate remedial consideration may be granted.**

**1204. PROMOTION RESTRICTIONS**

4. **Marines will not be promoted while in any of the following categories:**

t. **Marines who are confined by civil and/or foreign authorities**, on appellate leave, or in an unauthorized absence and/or deserter status will not be promoted. If a Marine who is under consideration by a SNCO selection board enters into one of the above categories while the board is in session, the individual will be administratively deleted from the list of eligibles. **If the Marine is subsequently exonerated of any wrong doing, appropriate remedial consideration may be granted.**

u. **Marines pending administrative separation for misconduct**, unsatisfactory participation in the reserve component, homosexual conduct, unsatisfactory performance, alcohol rehabilitation failure, domestic violence, child abuse, weight control failure, etc. are not eligible for selection consideration or promotion. The loss of promotion eligibility begins the date the administrative separation package is signed by the commander for forwarding to the General Court-Martial Convening Authority for final disposition.

3

z. **While pending adjudication of charges by a civil court, either foreign or domestic.**

bb. **While awaiting administrative reduction or separation** (excluding nonculpable physical disability).

cc. **When not recommended for reenlistment RE-4/4B**

5. A page 11 counseling entry is required for those Marines assigned to a period of promotion restriction per paragraph 1204.4 above. The entry will include the specific promotion restriction that applies and the period of time

### 1205 MARCORPROMMAN, VOL 2, ENLPROM

the restriction remains in effect. If a waiver is authorized, a subsequent page 11 counseling entry will be entered documenting the waiver and the name and rank of the official authorizing the waiver

### 3100. GENERAL

2. Records that provide a substantially accurate, complete and fair portrayal of the Marine's career are especially important when the Marine is being considered for selection to the next higher grade. With this in mind, the Marine must bear the individual responsibility for ensuring the accuracy of his or her Official Military Personnel File (OMPF) and the data contained in the MCTFS regarding service history. The Marine must actively pursue, and bring to the attention of the command, any discrepancies noted for corrective action prior to the convening of a regularly scheduled selection board before which the Marine is eligible for consideration. **The command bears the responsibility for assisting the Marine in obtaining, reviewing and correcting discrepancies in the Marine's OMPF and/or the data contained in the MCTFS.**

### 3107 COMMAND SCREENING OF SELECTED MARINES' RECORDS.

Commanders will be guided by paragraph 1200.4 of this Manual in their review of the records of Marines selected for promotion.

4

170

2. Commanders are solely responsible for ensuring that all significant adverse information which may have been omitted from a Marine's record or was not previously available for consideration by a SNCO selection board is reported to the CMC (MMPR-2) while the board is in session or any time prior to a Marine's seniority number being reached. **If a Marine subsequently falls into a promotion restriction status, notify the CMC (MMPR-2) per the instructions contained in paragraph 5200 of this Manual.**

Based on the fact the BCNR has already conceded in their decision in this case, that I was never considered for promotion by the FY2004 Reserve SNCO Selection Board (IRR), and, that in accordance with Marine Corps Promotion Policy, I was prohibited from receiving consideration by the remedial promotion board of 11 May 2005, I request remedial promotion to Master Gunnery Sergeant (E9). This case is intimately connected to my previous case, docket 05674-07.

Since I was found not guilty and exonerated of the criminal offense that the promotion restriction pending administrative separation was based on, released from civil confinement, I am entitled to remedial promotion consideration as outlined in the Marine Corps Promotion Manual. Relevant excerpts provided above.


Respectfully, I am

JAMES S FRAZIER, JR.
MASTER SERGEANT USMCR (RET)


5

171



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:
140073
MMPR-2
MAY 0 4 2005

Master Sergeant James S. Frazier

Dear Master Sergeant Frazier:

This is in response to your letter dated 18 March 2005 addressed to Congressman William Jefferson. In your letter you assert that due to an erroneous pay entry base date (PEBD), you were not considered for promotion to master gunnery sergeant on the FY 2004 Reserve Staff Noncommissioned Officer Selection Board.

A review of the selection board records indicates that, when the FY 2004 Reserve Staff Noncommissioned Officer (SNCO) Selection Board convened on 12 January 2004, you were not eligible for consideration based on your Date of Rank (DOR) and Pay Entry Base Date (PEBD) resident in the Marine Corps Total Force System (MCTFS) at that time. On 29 June 2004, you requested remedial consideration for the FY 2004 Reserve SNCO Selection Board. Your request was based on the fact that you believed that you were erroneously not considered by the board due to changes in the allocations. However, on 8 September 2004, we disapproved your request because your DOR and PEBD, as reflected in MCTFS, still did not make you eligible for consideration by that board.

This office received your current request for remedial consideration for the FY 2004 Reserve SNCO Selection Board on 15 March 2005. Based on the fact that your PEBD has been corrected, you will receive remedial consideration for promotion to master gunnery sergeant for the FY 2004 Reserve Staff Noncommissioned Officer Selection Board. This Enlisted Remedial Selection Board will be held on 11 May 2005. Once the board report is signed, you will be notified via naval message of a selection or via letter of a non-selection, whichever is applicable to your situation.

J. A. MCLAUGHLIN
Major, U.S. Marine Corps
Head, Enlisted Promotion Section

ENCL: (1)

172

```
08/05/2005 FRI 13:25  FAX                                        ⓧ004/004

TDRPKY07-1                (MCTFS) DIARY RETRIEVAL SYSTEM         08/05/2005
GR1M18  SSN:                      INIT: FJS    ENTER NEXT CYC:   10:58:45
-----------------------------------------------------------------------------
CYC TTC   DIARY/PAYROLL      EFF       ACT      MEC      CODES       ERROR
NR        NUMBER   DATE      DATE      DATE     NR    CP/COR/TYP    POS F/E
-----------------------------------------------------------------------------
104 0251  00101 20050614    20050614  20050614 NONE    1
     RUC/DSSN: 54847    DPI: 09
     ENGLISH: 20050614 DRAW CASE AW TERM 200903
     ENCODED: AW200903
     HIST:  PER CMC RAP
130 0053  00714 20050722    20050408  20050408 NONE    1
     RUC/DSSN: 88803    DPI: 00
     ENGLISH: 20050408 PROM RESTR ADMIN SEP PEND 12 MOS
     ENCODED:
     HIST: NONE
*** COMPLETED *** (PF13 - RESTART CYCLE, ENTER - RETURN TO MENU) *** PAGE - 03
```

✗ Note as shown above, My Promotion Restriction was put into Effect on 8 April 2005 for a Period of 12 Months.

This Promotion Restriction for a Pending Administrative Separation was based on Misconduct for a Criminal Charge I was subsequently found NOT Guilty and Exonorated of on 26 March 2007.

Since I was placed on a Promotion Restriction Pending an Administrative Separation due to Misconduct on 8 April 2005, I was Prohibited from being Promoted by the Remedial Board Convening on 11 May 2005 per the Marine Corps Promotion Manual (Enlisted P1400.32D),

Encl: (2)

173



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG
Docket No: 2503-08
16 January 2009

MSGT JAMES S FRAZIER USMCR RET

Dear Master Sergeant Frazier:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

You requested, in effect, retroactive promotion to master gunnery sergeant from the Fiscal Year (FY) 2004 Reserve Master Gunnery Sergeant Selection Board. You also requested that your retirement date of 1 September 2005 be changed.

A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 8 January 2009. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record and applicable statutes, regulations and policies. In addition, the Board considered the advisory opinion from Headquarters Marine Corps, dated 25 June 2008, a copy of which is attached. The Board also considered your rebuttal letter dated 18 July 2008 with enclosures and the letter dated 2 December 2008 on your behalf from Lieutenant Colonel A---, United States Marine Corps Reserve (Retired).

174

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice.  In this connection, the Board substantially concurred with the comments contained in the advisory opinion, except to note you were not considered by the FY 2004 Reserve Master Gunnery Sergeant Selection Board, but were considered and not selected when afforded remedial consideration for that promotion board.  The Board found the promotion restriction by reason of your administrative separation proceedings did not affect your remedial consideration for promotion.  The Board found that enclosure (1) to your application, reflecting that on 11 February 2005 you were approved for a reenlistment of 24 months, did not support changing the retirement date of 1 September 2005 established pursuant to this Board's corrective action, docket number 5674-07.  In view of the above, your application has been denied.  The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken.  You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board.  In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records.  Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

W. DEAN PFEIFFER
Executive Director

Enclosure

175

****** FOR OFFICIAL USE ONLY - PRIVACY ACT PROTECTED ******

MEMORANDUM TO FILE

Docket No. 02503-08

```
*02503-08*
*02503-08*
```

Examiner: BJG   Branch/Status 7 -USMCR (Ret)

Subj: (Ex) MSgt   Frazier, James S., ████████

Personal appearance requested: YES   Reconsideration (NO)

Action Requested: (48) Retroactive
50 Prom to maysgt (paygrade E-9) from PY09 Res MGySgt SelBd
(39) Change retirement grade (currently 1 Sep 05)
Implies show retired as MGySgt

In addition to Petitioner's application (DD-149) with any attachments and any related correspondence,
the Board considered the following records:

☒ Enlisted/~~Officer~~ Service Record

☐ Examiner's Case Summary

☐ NDRB File          ☐ Record of Court-Martial

☐ Medical Record     ☐ VA Records     ☐ PEB Record

☒ Advisory Opinion HQMC MMPR-2 memo dtd 25 Jun 08

☒ Other: II ltrs dtd 18 Jul 08 w/encls + Lt Col A---, USMCR (Ret)
ltr dtd 1 Dec 08

Messrs. BOYD, IVINS + ROTHLEIN

~~No.~~ _____

voted on 8 JAN 09   to:

☐ Grant personal appearance

EXECUTIVE SESSION

☐ Grant relief

☐ Partial relief

☒ Deny JAN 0 8 2009

☐ Minority Vote: Mr/Ms_____ voted To _____

Comments: _____
_____
_____

☐ That Petitioner's naval record be corrected to show that on 2005/09/02 /or_____.

Petitioner was issued a honorable/general discharge by reason of misconduct/or _____.
vice the discharge actually issued on that date.

176

July 18, 2008

From:  Master Sergeant James S. Frazier

████████████████████

To;      Department of the Navy
          Board for the Correction of Naval Records
          2 Navy Annex, Room 2432
          Washington, DC 20370-5100

Subj:   RESPONSE TO ADVISORY OPINION IN THE CASE OF MASTER
          SERGEANT JAMES S. FRAZIER ████████████ USMCR BCNR
          DOCKET # 2503-08 OF 12 JUN 08

Encl:   (1) CMC ltr 1400/3 MMPR-2 of 4 May 05
          (2) Copy of the Command (MCTFS) Unit Diary Entry

1.  In the advisory opinion, the US Marine Corps did not dispute any of the facts as
outlined in paragraphs (1) through (10) of my Application for Corrections of Military
Records (DD149) of 12 Jun 08.  Instead, the only information they put forth was to quote
the generic broad policy of a selection board.  What is blatantly absent is any mention of
specific information as to why I would not meet the Selection Board's requirement of
best and fully qualified.  My record of service with the US Marine Corps for many years
have always been no less than excellent to outstanding.  This was noted by the BCNR in
the final decision of my previous case docket # 5674-07. A review of my Official
Military Personnel File (OMPF). will verify the same.  Enclosure (3) of my DD149 will
demonstrate I exceeded the Marine Corps Military Occupational Specialty (MOS) and
Professional Military Education (PME) requirements.    Surely, if there were anything in
my record to preclude my promotion it would have been included in the advisory
opinion.

2.  Paragraph 2 of the advisory opinion misleads the BCNR by erroneously stating the FY
2004 Reserve SNCO Selection Board did not select me.  As I stated in my DD149, that
Board due to an erroneous Pay Entry Base Date (PEBD) never considered me for
promotion.  This is corroborated by enclosure (1) of this correspondence and enclosure
(5) of my DD149.

3.  Additionally, paragraph 2 of the advisory opinion eludes to the fact that enclosure (1)
of this correspondence approved me for remedial promotion consideration However, it
fails to mention that on the very same day that that CMC letter was written, May 4,2005,
the US Marine Corps entered a promotion restriction on me in the (MCTFS) Unit Diary
System, thereby, prohibiting my promotion by the very same Board. I have enclosed a
copy of this entry as enclosure (2) of this correspondence and enclosure (6) of my
DD149. **That entry was based solely on a criminal charge in which I was
subsequently found not guilty of by reason self-defense**.  I have enclosed a certificate

from the court verifying the disposition of that charge as enclosure (4) of my DD149. Moreover, that (MCTFS) entry was the sole reason for my non-selection by the remedial board which convened on 11 May 05, seven (7) days after the promotion restriction was entered.  That generated the non-selection CMC ltr 18 May 05 put forth as reference (d) of the advisory opinion.

4. This case is intertwined with my previous BCNR case Docket # 5674-07.

5. It is hoped and prayed for that in the interest of justice, the BCNR follows the evidence in this case and concludes I have proved the merits of my case and grants my petition.

*JAMES S. FRAZIER*
*USMCR*

178

08/05/2005 FRI 13:25 FAX                                    ☒004/004

```
TDRPKY07-1              (MCTFS) DIARY RETRIEVAL SYSTEM           08/05/2005
GR1M18  SSN: ███████             INIT: FJS    ENTER NEXT CYC:    10:58:45
-----------------------------------------------------------------------------
CYC TTC   DIARY/PAYROLL      EFF        ACT       MEC        CODES      ERROR
NR        NUMBER   DATE      DATE       DATE      NR       CP/COR/TYP  POS F/E
-----------------------------------------------------------------------------
104 0251  00101 20050614     20050614  20050614  NONE       1
          RUC/DSSN: 54847   DPI: 09
          ENGLISH: 20050614 DRAW CASE AW TERM 200903
          ENCODED:  AW200903
          HIST:  PER CMC RAP
130 0053  00714 20050722     20050408  20050408  NONE       1
          RUC/DSSN: 88803   DPI: 00
          ENGLISH: 20050408 PROM RESTR ADMIN SEP PEND 12 MOS
          ENCODED:
          HIST: NONE
*** COMPLETED *** (PF13 - RESTART CYCLE, ENTER - RETURN TO MENU) *** PAGE - 03
```

ENCL: (2)



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

BJG:kes
Docket No. 02503-08
10 July 2008

MSGT JAMES S FRAZIER USMCR



Dear Master Sergeant Frazier:

This is in reference to your application for correction of your naval record.

Your case has been assigned to the Board's Performance Section. All correspondence pertaining to your case should be sent to the attention of this section.

The Board has received an advisory opinion, a copy of which is enclosed. The views set forth in this opinion are those of the office that submitted it, and are not binding on the Board or its reviewing authority. If you wish to respond to the advisory opinion or submit documentary material in support of your application, it is requested that you do so within 30 days of the date of this letter. Your response should be sent to the Board and not to the official who furnished the advisory opinion.

If you are unable to respond within the 30-day period, you may request an extension of time. In your request, please indicate when the Board may expect to receive your response. If no response or request for an extension of time is received within the 30-day period, your case will be classified as being ready for review by the Board, and will be decided on the evidence of record as soon as the Board's crowded docket of cases permits.

As a general rule, the Board will not decide a case prior to the expiration of the 30-day period unless it has received the applicant's response to the advisory opinion. However, an exception may be made if a case warrants expeditious action.

The most common example is when an applicant who is seeking removal of a fitness report is also scheduled to be considered for promotion within the 30-day period.  Under these circumstances, the Board may, in its discretion, decide the case before the 30-day period expires and without waiting for the applicant's response to the advisory opinion.  Should the case be denied, the Board will treat the applicant's response as a request for reconsideration.

Sincerely,

JONATHAN S. RUSKIN
Head, Performance Section

Enclosure
MMPR-2 memo dtd 25 Jun 08

181



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
MANPOWER AND RESERVE AFFAIRS DEPARTMENT
HARRY LEE HALL, 17 LEJEUNE ROAD
QUANTICO, VIRGINIA 22134-5104

IN REPLY REFER TO:

1400/3
MMPR-2
JUN 2 5 2008

MEMORANDUM FOR THE EXECUTIVE DIRECTOR, BOARD FOR CORRECTION OF
                NAVAL RECORDS

Subj:   ADVISORY OPINION IN THE CASE OF MASTER SERGEANT JAMES S.
        FRAZIER ███████████████ USMCR

Ref:    (a) BCNR Docket Number 2503-08 of 12 Jun 08
        (b) MCO P1400.32C, ENLPROMMAN
        (c) CMC ltr 1400/3 MMPR-2 of 4 May 05
        (d) CMC ltr 1420/4 MMPR-2 of 18 May 05

1.  Per reference (a), Master Sergeant Frazier requests remedial
promotion consideration to the rank of master gunnery sergeant
by the FY 2004 Reserve Staff Noncommissioned Officer (SNCO)
Selection Board (IRR).

2.  In accordance with the provisions outlined in reference (b),
Master Sergeant Frazier was approved for remedial promotion
consideration as stated in reference (c).  Reference (d) states
he was not selected for promotion by the FY 2004 Reserve SNCO
Selection Board (IRR).

3.  In reference (a), Master Sergeant Frazier asserts he would
have been considered the best and fully qualified for promotion
in occupational field (OccFld) 3500 simply because he was the
only Marine being considered.  This is not the case.  Each
selection board has the discretion to determine if promoting to
allocation is in the best interest of the Marine Corps.  If a
board determines the eligible Marine(s) are not the best and
fully qualified, that MOS will simply have a shortfall.

4.  Based on the foregoing, it is the recommendation of this
office that Master Sergeant Frazier's record remain unchanged.

*L. A. Ecker*

L. A. ECKER
Assistant Head,
Enlisted Promotion Section

182



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

12 June 2008

MEMO FOR COMMANDANT OF THE MARINE CORPS (CODE MMER)

Subj:   REQUEST FOR ADVISORY OPINION(S)

1.   Please provide advisory opinion(s) from the indicated offices for the following named petitioner(s).

2.   It is further requested that the enclosures be returned with your reply.  In the event the requested action can be granted administratively, please take action and notify the Board accordingly.

3.   If you are unable to furnish a reply within 30 days, please notify this office, 703-614-2293/DSN 224-2293.

| NAME | SSN/EXAMINER/DOCKET NO. | CODE | COMMENTS |
|------|------------------------|------|----------|
| EVANS, JOHN L. | | MIO | |
| FRAZIER, JAMES S. | | MMPR-2 | |
| AHERN, MICHAEL J. | | MMOA-4 | |
| STEVENSON, KEITH A. | | MMPR-1 AND JAD | 2 CODES pls |

RECEIVED
mmpr
JUN 1 6 2008
BY

-X--------------------
RECEIVED BY MMER
(Name and date received)

----------------
PERFORMANCE SECTION
BCNR

183

MARCH 13, 2008

JAMES S. FRAZIER

BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON, DC. 20370-5100

RE: BCNR DOCKET # 2503-08 /UAS

TO WHOM IT MAY CONCERN,
        THIS IS TO INFORM THE BCNR THAT
THE ABOVE CAPTIONED CASE IS CONNECTED
TO MY PREVIOUS BCNR PETITION DOCKET #
5674-07 WHICH WAS CLOSED FAVORABLY.
IN JANUARY 2008. I REFERENCED THIS CASE
IN MY CAPTIONED PETITION # 2503-08, HOWEVER
DID NOT KNOW THE PREVIOUS DOCKET NUMBER
THE TIME OF FILING. THEREFORE PLEASE ANNOTI
DOCKET # 5674-07 IN THE BLANK ON THE fi
PAGE OF MY CURRENT CAPTIONED PETITION AN
THE REMARKS PORTION OF MY DD 149 DOCUM
OF MY CAPTIONED PETITION # 2503-08.
                                    James S. Fr